Case 1:00-cv-00169   Document 1   Filed in TXSD on 10/24/2000   Page 1 of 69

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States District Court
Southern District of Texas
FILED

OCT 2 4 2000

Michael N. Milby
Clerk of Court

B-00-169

## I (a) PLAINTIFFS

Carlos Rubinstein

## DEFENDANTS

City of Brownsville, Texas;
Commissioners Hernandez, Richards, &
McNair, individually and officially

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Mr. Ed McAninch
Law Offices of Edwin L. McAninch, P.C.
507 Fall River Rd.
Houston, TX 77024
(713) 461-8619

ATTORNEYS (IF KNOWN)

Mr. Ricardo J. Navarro/Mr. Mauro F. Ruiz
Bank of America Bldg.
222 E. Van Buren + 405
Harlingen, TX 78551
(956) 421-4904

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff alleges he was separated from his job as Brownsville city Manager based on his religious beliefs in violation of Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e-5

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW(405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 10/23/2000

SIGNATURE OF ATTORNEY OF RECORD   Ricardo J. Navarro

UNITED STATES DISTRICT COURT

CA2PDF • www.faxio.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
RECEIVED

OCT 2 4 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | § | |
|       Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | Cause No.: **B-00-169** |
| CITY OF BROWNSVILLE, TEXAS | § | |
| & CITY COMMISSIONERS | § | |
| ERNIE HERNANDEZ, CARLTON "BUD" | § | |
| RICHARDS, & HARRY MCNAIR, | § | |
| Individually & Officially | § | |
|       Defendants | § | |

**CITY DEFENDANTS NOTICE OF REMOVAL**

May It Please the Court:

NOW COMES the CITY OF BROWNSVILLE, TEXAS, and COMMISSIONERS HERNANDEZ, RICHARDS, & MCNAIR, individually and officially (hereafter "CITY DEFENDANTS") in the above-styled and numbered cause, and file this Notice of Removal to the U.S. District Court for the Southern District of Texas, Brownsville Division, from a lawsuit filed in the 357th Judicial District Court for the State of Texas, in Cameron County, Texas styled and numbered as indicated in the pleadings attached as exhibits to this notice.

1.   Plaintiff's lawsuit complains about the decision of the CITY DEFENDANTS' to separate Plaintiff from his position as City Manger for the CITY OF BROWNSVILLE on or about January 6, 2000, and the series of events leading up to his involuntary dismissal in late 1999 and early 2000.

City Defendants' Notice of Removal                                          Page 1

2.    Plaintiff filed his Original Petition on September 6, 2000, in the 357th Judicial District Court, sitting in Cameron County, Texas, identified as Cause No. 2000-09-3658-E.

2.    Plaintiff's Original Petition names the CITY OF BROWNSVILLE, TEXAS, and CITY COMMISSIONERS HERNANDEZ, RICHARDS, & MCNAIR, individually and officially, as defendants.  Plaintiff's Original Petition appears to take pains to avoid pleading a federal claim.

3.    Nevertheless, on or about October 19, 2000, the CITY of BROWNSVILLE, received a copy of an EEOC's Notice of Charge of Discrimination & Charge of Discrimination (hereafter "EEOC Charge"), whereby Plaintiff complains of discriminatory employment practices in violation of Title VII of the Civil Rights Act of 1964.  See Exhibit C.  The factual basis of the EEOC Charge arises, as in the State Court lawsuit, out of the CITY DEFENDANT'S involuntary separation of Plaintiff from his position as City Manager for the CITY OF BROWNSVILLE.  See Exhibit  C.

4.    The EEOC Charge is the first paper of any kind filed by Plaintiff reflecting an intention to pursue a federally based claim, here, a claim under Title VII of the Civil Rights Act of 1964 for religious discrimination and retaliation.

5.    More specifically, the factual allegations in the EEOC Charge complain that Plaintiff was subjected to anti-Semitic comments, harassment, and retaliation for complaining of these action and

that this conduct was in violation of Plaintiff's federal rights under Title VII.

6.   It is, therefore, apparent on the face of the EEOC Charge that the this document constitutes an "other paper" placing CITY DEFENDANTS on notice of an intention to pursue a federally based claim.   Consequently, because Plaintiff is asserting a federally based claim over which this Court may exercise subject matter jurisdiction, CITY DEFENDANTS have a limited time period (30 days) within which to exercise their privilege of having this matter adjudicated in a federal forum.

7.   Consequently, this removal action is brought under 28 U.S.C. §1446(b), allowing defendants to remove a case from state district within thirty days from the service of an "other paper" from which it may be first ascertained that the case is one which is or has become removable.   28 U.S.C §1446(b).

8.   This removal action is also brought under 28 U.S.C. §1331, involving a civil action brought in state court in which a United States District Court has original jurisdiction to consider a claim or right arising under the United States Constitution.

9.   Further, this Court has jurisdiction over any state-law based claims pursuant to its supplemental jurisdiction under 28 U.S.C. §1367.   Therefore, this suit is hereby removed to the Brownsville Division of the United States District Court-Southern District of Texas.

City Defendants' Notice of Removal                                                    Page 3

10.   Copies of all pleadings and process filed in the state court proceeding are attached hereto and incorporated by reference, including a copy of the state court's docket sheet pertaining to this case.  See Exhibit B.

11.   Notice of this removal action has been given to Plaintiff and to the 357th Judicial District Court contemporaneously with the filing of this Notice.  See Exhibit A.

12.   For judicial economy, the entire case, including any issues raised under the Court's supplemental jurisdiction should be tried in U.S. District Court.

13.   This removal action is timely filed within thirty days of CITY DEFENDANTS' receipt of an "other paper" from which it was first determined that the case was or had become removable.   CITY DEFENDANTS have done nothing, nor do they intend to do anything to divest this Court of removal jurisdiction over this lawsuit.

14.   CITY DEFENDANTS have complied with the removal requirement of Local Rule 81, including payment of the appropriate fees.  See Exh. D.

## CONCLUSION & PRAYER

THEREFORE, CITY DEFENDANTS hereby remove this action pursuant to federal law and prays that the Court sustain this removal from the 357th Judicial District Court in Cameron County, Texas, to the United States District Court, Southern District of Texas, Brownsville Division, to determine all issues of fact and law.

CITY DEFENDANTS further requests that the Court grant any and all other relief to which it may show itself justly entitled.

SIGNED on this 24th day of October 2000.

Respectfully submitted,

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953

By: _____
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

CitiPDF - www.texis.com

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 24th day of October, 2000.

Mr. Ed McAninch        **By CMRRR NO. 7000 1670 0000 0475 3017**
LAW OFFICES OF EDWIN L. MCANINCH, P.C.
507 Fall River Road
Houston, Texas 77024
COUNSEL FOR PLAINTIFF


RICARDO J. NAVARRO
MAURO F. RUIZ


r:\rubenstein\removal.fed


City Defendants' Notice of Removal        Page 6

## NO. 2000-09-3658-E

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
OCT 23 2000
DISTRICT CLERK CAMERON COUNTY, TEXAS
JANIE WOLFE
_____ DEPUTY

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF BROWNSVILLE, TEXAS | § | 357th JUDICIAL DISTRICT |
| & CITY COMMISSIONERS | § | |
| ERNIE HERNANDEZ, CARLTON "BUD" | § | |
| RICHARDS, & HARRY MCNAIR, | § | |
| Individually & Officially | § | CAMERON COUNTY, TEXAS |
|     Defendants | § | |

### NOTICE OF REMOVAL TO FEDERAL COURT

May it Please the Court:

In accordance with 28 U.S.C. §1446(b), the CITY OF BROWNSVILLE, TEXAS, and COMMISSIONERS HERNANDEZ, RICHARDS, & MCNAIR, individually and officially, hereafter "CITY DEFENDANTS" give Notice of Removal of the above styled and numbered cause from the 357th Judicial District Court of Cameron County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division on this 23rd day of October 2000.

SIGNED on this 23rd day of October 2000.

Respectfully submitted,

Rubinstein: City Defendants' Notice of Removal/State Court      Page 1

EXHIBIT " A "

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _____
RICARDO J. NAVARRO
State Bar No. 14829100
MAURO F. RUIZ
State Bar. No. 24007960

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 23rd day of October, 2000.

Mr. Ed McAninch          **By CMRRR NO. 7000 1670 0000 0475 3017**
LAW OFFICES OF EDWIN L. MCANINCH, P.C.
507 Fall River Road
Houston, Texas 77024
COUNSEL FOR PLAINTIFF

_____
RICARDO J. NAVARRO
MAURO F. RUIZ

r:\rubenstein\removnot.ste

Rubinstein: City Defendants' Notice of Removal/State Court          Page 2

CERTIFIED COPY

PAGE: 01

2000-09-003658-E

| * | * | * | C L E R K ' S   E N T R I E S | * | * | * | * |

INSTEIN

09      06      00

(10)

00549101
EDWIN L. MCANINCH
507 FALL RIVER ROAD
HOUSTON, TEXAS      77024  0000

DAMAGES      30.00

LE TEXAS., ET AL.

00487901
HON. RICARDO J. NAVARRO
222 EAST VAN BUREN, SUITE 405
HARLINGEN, TEXAS      78550  0000

EDWIN L.
MCANINCH, P.C.

09/06/00  ORIGINAL PETITION FILED
09/06/00  CITATION: THE CITY OF BROWNSVILLE,
          TEXAS
09/06/00      SERVED: 09/07/00      FILED: 09/08/00
09/06/00  CITATION: ERNIE HERNANDEZ, JR.
09/06/00      SERVED: 08/07/00      FILED: 09/08/00
09/06/00  CITATION: CARLTON J. "BUD" RICHARDS
09/06/00      SERVED: 09/08/00      FILED: 09/12/00
09/06/00  CITATION: HARRY E. MCNAIR, JR.
09/06/00      SERVED: 09/07/00      FILED: 09/08/00
09/25/00  JURY FEE: Pd. by EDWIN L. MCANINCH
09/25/00  ORIGINAL ANSWER: THE CITY OF
          BROWNSVILLE, TEXAS
09/25/00  REQUEST FOR JURY TRIAL (IGARCIA)
10/16/00  PLTF'S CERT. OF WRITTEN
          DISCOVERY(IGARCIA)
10/16/00  MOTION FOR TRIAL SETTING



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
BY                              DEPUTY

EXHIBIT "B"

**LAW OFFICES OF**
**EDWIN L. MCANINCH, P.C.**
507 Fall River Road
Houston, Texas   77024
Telephone No. (713) 461-8619
Facsimile No. (713) 827-8920

CERTIFIED COPY

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK

OCT 16 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

October 16, 2000

Aurora De La Garza
District Clerk
974 E. Harrison Street
Brownsville, Texas   78520

**VIA HAND-DELIVERY**

Re:  Cause No. 2000-09-3658-E; Carlos Rubinstein vs. The City of
     Brownsville, Texas, et. al.

Dear Mrs. De La Garza:

Enclosed herewith is **Plaintiff's Certificate of Written Discovery**
for filing with the Court in the above-styled and numbered cause.

By copy of this letter, the same has been forwarded to Defendants'
counsel of record as noted below.

Thank you for your professional courtesy and attention in this
matter.

Respectfully,

**LAW OFFICES OF**
**EDWIN L. MCANINCH, P.C.**

*Ed McAninch*

ED MCANINCH

EM/er

Enclosure

xc:  Hon. Ricardo J. Navarro          **VIA FIRST CLASS MAIL**
     DENTON, MCKAMIE & NAVARRO, P.C.
     Bank of America Building, Suite 405
     222 E. Van Buren
     Harlingen, Texas   78550

CAUSE NO. 2000-03-3300-E

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | & | IN THE DISTRICT COURT OF |
| | & | |
| VS. | & | |
| | & | |
| THE CITY OF BROWNSVILLE, TEXAS, | & | |
| ERNIE HERNANDEZ, JR., CARLTON J. | & | |
| "BUD" RICHARDS, HARRY E. MCNAIR, | & | CAMERON COUNTY, TEXAS |
| JR., IN THEIR INDIVIDUAL | & | |
| CAPACITIES AND OFFICIAL | & | |
| CAPACITIES AS CITY | & | |
| COMMISSIONERS FOR THE CITY OF | & | |
| BROWNSVILLE | & | 357TH JUDICIAL DISTRICT |

## PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **CARLOS RUBINSTEIN**, Plaintiff in the above-styled and numbered cause and files this his **Certificate of Written Discovery** and respectfully shows the Court the following:

**I.**

On the 16th day of October, 2000, Plaintiff **CARLOS RUBINSTEIN** served upon Defendants' attorneys of record, Hon. Ricardo J. Navarro, **DENTON, MCKAMIE & NAVARRO, P.C.**, Bank of America Building, Suite 405, 222 E. Van Buren, Harlingen, Texas, 78550, Via Certified Mail Return Receipt Requested #7099 3220 0006 2777 5868 the following **Requests for Disclosure:**

1. **Plaintiff's Request for Disclosure to Defendant The City of Brownsville, Texas;**

2. **Plaintiff's Request for Disclosure to Defendant Ernie Hernandez, Jr.;**

3. **Plaintiff's Request for Disclosures to Defendant Carlton J. "Bud" Richards; and**

4. **Plaintiff's Request for Disclosure to Defendant Harry E. McNair, Jr..**

Respectfully submitted,

**LAW OFFICES OF**
**EDWIN L. MCANINCH, P.C.**
507 Fall River Road
Houston, Texas  77024
Telephone No. (713) 461-8619
Facsimile No. (713) 827-8920

BY:  *Ed McAninch*

ED MCANINCH
State Bar No. 13325050

**ATTORNEYS   FOR   PLAINTIFF**
.CARLOS RUBINSTEIN

## CERTIFICATE OF SERVICE

I, **ED MCANINCH**, hereby certify that on this the __16th__ day of
October, 2000, a true and correct copy of **Plaintiff's Certificate
of Written Discovery** was served __Via First Class Mail__ in accordance
with the Texas Rules of Civil Procedure to Hon. Ricardo J. Navarro,
**DENTON, McKAMIE & NAVARRO, P.C.**, Bank of America Building, Suite
405, 222 E. Van Buren, Harlingen, Texas, 78550.

*Ed McAninch*

ED MCANINCH

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____, DEPUTY

2

# CERTIFIED COPY

## DENTON, MCKAMIE & NAVARRO
### A Professional Corporation
### ATTORNEYS AND COUNSELORS

Lowell F. Denton*
William M. McKamie*
Ricardo J. Navarro
Susan C. Rocha

Charles H. Sierra
Patrick C. Bernal
Regina B. Criswell
Deborah L. Leach
Mauro F. Ruiz
OF COUNSEL
Olivero E. Canales

Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
(956) 421-4904
Fax (956) 421-3621
dmnrgv@aol.com

LAREDO OFFICE
1102 Scott, Suite 4-B
Laredo, Texas 78040
(956) 726-6018
Fax (956) 723-1327

SAN ANTONIO OFFICE
310 So. St. Mary's Street
Suite 1700
San Antonio, Texas 78205
(210) 227-3243
Fax (210) 225-4481

\* Board Certified Civil Trial Law
- Texas Board of Legal Specialization

September 21, 2000

Ms. Aurora De La Garza
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, TEXAS 78520

Re: *Carlos Rubinstein vs . City of Brownsville*, et al
Cause No. 2000-09-3658-E
(357th Judicial District Court, Cameron County, Texas)

Dear Ms. De La Garza:

I am enclosing the following document for filing.

1. City Defendants' Original Answer.

Please file stamp the additional copy included with this letter and send it back to this office in the enclosed envelope.

Thank you for your kind courtesies and assistance.

Very truly yours,

*Norma G. Delgado*

Norma G. Delgado
Legal Assistant to Ric J. Navarro

Encl.
r:\rubinstein\distclerk.001
Cy: Mr.Ed McAninch

Case 1:00-cv-00169   Document 1   Filed in TXSD on 10/24/2000   Page 15 of 69

CERTIFIED COPY

AT ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

SEP 2 5 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

NO. 2000-09-3658-E

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | § | IN THE DISTRICT COURT |
|      Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF BROWNSVILLE, TEXAS | § | 357th JUDICIAL DISTRICT |
| & CITY COMMISSIONERS | § | |
| ERNIE HERNANDEZ, CARLTON "BUD" | § | |
| RICHARDS, & HARRY MCNAIR, | § | |
| Individually & Officially | § | CAMERON COUNTY, TEXAS |
|     Defendants | § | |

## CITY DEFENDANTS' ORIGINAL ANSWER

May It Please The Court:

COME NOW the CITY OF BROWNSVILLE, TEXAS, and COMMISSIONERS ERNIE HERNANDEZ, CARLTON J. "BUD" RICHARDS, and HARRY E. McNAIR, Individually and Officially as duly elected members of the CITY OF BROWNSVILLE CITY COMMISSION (hereafter "CITY DEFENDANTS"), and hereby file this Original Answer to Plaintiff's live pleadings in this cause, currently Plaintiff's Original Petition (hereafter "Plaintiff's Petition").

### GENERAL DENIAL

1.   CITY DEFENDANTS hereby generally deny all material allegations contained in Plaintiff's Petition and call upon Plaintiff to prove his allegations by a preponderance of the evidence, as required by the laws of the State of Texas and the Rules of this Court.

City Defendants' Original Answer                                    Page 1

CERTIFIED COPY

## AFFIRMATIVE DEFENSES

### No Subject Matter Jurisdiction

2.   With regard to those alleged causes of action over which CITY DEFENDANTS have an immunity from suit (as well as from liability), the Court is without subject matter jurisdiction. It is Plaintiff's burden to plead a case that properly invokes the Court's subject matter jurisdiction.

### Governmental Immunity

3.   CITY DEFENDANTS hereby assert the affirmative defense of governmental immunity from damages with regard to Plaintiff's statutory or common law causes of action, including any claims for punitive or exemplary damages, except as recognized at law and proven by competent material facts. This affirmative defense of government immunity encompasses the CITY DEFENDANTS immunity from suit, as well as immunity from liability.

### Official Immunity

4.   CITY DEFENDANTS hereby assert the right of the individually named defendants to official immunity from suit and from liability for any and all good faith discretionary actions taken within the course and scope of their elected office as City Commissioners.

### Legislative Immunity

5.   CITY DEFENDANTS also hereby assert their entitlement to any and all legislative immunity, whether absolute or qualified, with respect to any and all actions taken by the individually named

City Defendants' Original Answer                    Page 2

connection with their official actions. This legislative immunity is based on the Separation of Powers provisions contained in the Texas Constitution and recognized by Texas Courts. *Clear Lake City Water Authority vs. Salazar*, 781 S.W.2d 347, 349-50 (Tex.App. – Houston [14th Dist.] 1989, no writ). It encompasses the right of the Commissioners, individually and officially, to be free from judicial process in regard to their individual legislative activities. *Id.*

**Statutory Caps**

6.  CITY DEFENDANTS also assert as a defense the statutory caps on damages to the fullest extent applicable under Texas law.

**First Amendment Right**

7.  CITY DEFENDANTS also hereby assert their First Amendment Right under the U.S. Constitution, as well as the Texas Constitution, to speak freely on matters of public concern and hereby invoke the protections and limitation from any and all judicial processes designed or intended to level a claim for damages against the CITY DEFENDANTS.

**Notice Requirements**

8.  CITY DEFENDANTS also hereby plead as a defense Plaintiff's failure to timely satisfy any and all applicable notice or other filing requirements imposed by law, including the City Charter, as

City Defendants' Original Answer                                    Page 3

CERTIFIED COPY

a condition precedent to the Court's exercise of subject jurisdiction over this matter and the imposition of any liability.

## Statutory & Administrative Limitations

9.   CITY DEFENDANTS also hereby asserts the affirmative defense of any and all limitations periods applicable to any and all statutory causes of action asserted by Plaintiff, including any administrative limitations periods applicable to Plaintiff's claims imposed by law.

## Failure to Exhaust Remedies

10.   In connection with Plaintiff's failure to meet the applicable administrative limitations period, CITY DEFENDANTS further hereby contend that Plaintiff has failed to exhaust his administrative remedies.  Plaintiff is therefore barred from bringing, and the Court is without subject matter jurisdiction over, Plaintiff's claims and causes of action that have as a condition precedent the timely exhaustion of all administrative remedies.

## Affirmative Whistle-blower Defense

11.   CITY DEFENDANTS hereby invoke the affirmative defense contemplated pursuant to §554.004(b) of the Tex. Gov't Code.

## No Contract of Employment

12.   CITY DEFENDANTS also hereby specifically deny that Plaintiff had any contract of employment or was otherwise entitled to a specific expectation of future employment under law.

City Defendants' Original Answer                                Page 4

CERTIFIED COPY

## CONCLUSION & PRAYER

THEREFORE, based on the foregoing General Denial and the Affirmative Defenses pleaded, CITY DEFENDANTS hereby request and pray that upon final hearing on this cause, any and all relief sought by Plaintiff be denied and that Plaintiff take nothing by this suit.

CITY DEFENDANTS further request and pray for any and all such other and further relief, at law or in equity, to which they may show themselves justly entitled, including costs of court and attorney's fees.

SIGNED on the 21st day of September 2000.

Respectfully submitted,

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _Ricardo J. Navarro_
RICARDO J. NAVARRO
State Bar No. 14829100

By: _Mauro F. Ruiz_
MAURO F. RUIZ
State Bar. No. 24007960

ID# 489901

City Defendants' Original Answer                    Page 5

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 21st day of September, 2000.

Mr. Ed McAninch          **By CMRRR: #7000 0520 0023 5705 0309**
LAW OFFICES OF EDWIN L. MCANINCH, P.C.
507 Fall River Road
Houston, Texas 77024
COUNSEL FOR PLAINTIFF

RICARDO J. NAVARRO
MAURO F. RUIZ

r:\rubinstein\original answer

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY TE...
BY _____, DEP...

City Defendants' Original Answer                                    Page 6

CERTIFIED COPY

DATE: 9-26-00

MEMORANDUM TO COURT CLERK/DEPUTY: _____Irene_____   RE: NO. 2000-09-3608

_____ Docket_____and present_____to Judge.

_____ Title Order_

_____ Issue Process___Make D.E.___Make notation on Order of process issued.

_____ Give to___Sheriff___Attorney___Other_____

_____ Send copies to attorneys or parties entitled to copy.

_____ After issuing service, return to Main Office for Fee,D&F&DE

✓ Transfer to Jury Docket:

Jury Fee Paid by Edwin Lee McAninch   On   9/26/00

_____ Other_____

_____ JF UX $30.00 Ck 0520

mc

JURY

## CAUSE NO. 2000-09-3658-E

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | & | IN THE DISTRICT COURT OF |
| | & | |
| | & | |
| VS. | & | |
| | & | CAMERON COUNTY, TEXAS |
| THE CITY OF BROWNSVILLE, TEXAS | & | |
| ERNIE HERNANDEZ, JR., CARLTON, | & | |
| J. "BUD" RICHARDS, HARRY E. | & | |
| MCNAIR, JR., IN THEIR INDIVIDUAL | & | |
| CAPACITIES AND OFFICIAL | & | |
| CAPACITIES AS CITY COMMISSIONERS | & | |
| FOR THE CITY OF BROWNSVILLE | & | 357TH JUDICIAL DISTRICT |

### REQUEST FOR JURY TRIAL

COMES NOW, CARLOS RUBINSTEIN, Plaintiff in the above styled and numbered cause

of action and request that a jury trial be held on said cause. A jury fee in the sum of $30.00 has been

paid to the District Clerk's Office.

Respectfully submitted,

EDWIN L. MCANINCH, P.C.

BY _Ed McAninch_

ED MCANINCH
State Bar No. 13325050
507 Fall River Road
Houston, Texas   77024
(713) 461-8619
(713) 827-8920 [Fax]

ATTORNEY FOR PLAINTIFF
CARLOS RUBINSTEIN

FILED 5:00 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

SEP 2 5 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

A TRUE C___
AURORA DE LA ___
DISTRICT COURT, C___
BY _Janie ___

No. 2000-09-003658-E

ORIGINAL

THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: CARLTON J. "BUD" RICHARDS
MAY BE SERVED WITH PROCESS AT
17 CASA LINDA
BROWNSVILLE, TEXAS 78521

the        DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on _____.  A copy of same accompanies this citation.

The file number of said suit being No. 2000-09-003658-E.

The style of the case is:

CARLOS RUBINSTEIN
VS.
THE CITY OF BROWNSVILLE TEXAS., ET AL.

Said petition was filed in said court by _____ EDWIN L. MCANINCH _____ (Attorney for _____ PLAINTIFF _____ ), whose address is 507 FALL RIVER ROAD HOUSTON, TEXAS  77024 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the  6th day of SEPTEMBER, A.D. 2000.

# R E T U R N   O F   O F F I C E R

Came to hand the 6th day of Sept., 2000, at 3:30 o'clock P.M. and

executed (not executed) on the 8th day of Sept, 2000 by delivering to

Carlton J. Bud Richards in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the Citition .

Cause of failure to execute this citation is: _____

_____ .

FEES serving 1 copy

Total....... $_____      Sheriff/constable Cameron County, TEXAS

Fees paid by:_____      By _____ Deputy

CERTIFIED COPY

FILED
AURORA DE LA C...
SEP 12 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE
BY _____ DEPUTY

## NOTARY ACKNOWLEDGMENT

**STATE OF TEXAS**

**COUNTY OF** Cameron

    Before me, the undersigned, a Notary Public in and for said county and state, on this day personally appears.

Eduardo Gamez the person who deposes and says that

He served the above named person a true copy of

Citation time and place therein described.

    Given under my hand and seal of office this ____11____

day of September A.D. 2000 .

Tanya Perez

NOTARY PUBLIC IN AND FOR Cameron
County, Texas
My Commission EXPIRES: 05/12/02

TANYA PEREZ
Notary Public, State of Texas
My Commission Expires May 12, 2002



FILED 11:55 O'CLOCK
AURORA DE LA GARZA DIST. CLERK

SEP 12 2000

DISTRICT COURT OF CAMERON CO., TEXAS
DEPUTY

# CERTIFIED COPY

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

SEP 06 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

NO. 2000-09-3658-E

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| THE CITY OF BROWNSVILLE, TEXAS, | § | |
| ERNIE HERNANDEZ, JR., CARLTON J. | § | CAMERON COUNTY, TEXAS |
| "BUD" RICHARDS, HARRY E. MCNAIR, | § | |
| JR., IN THEIR INDIVIDUAL | § | |
| CAPACITIES AND OFFICIAL | § | |
| CAPACITIES AS CITY COMMISSIONERS | § | 357th JUDICIAL DISTRICT |
| FOR THE CITY OF BROWNSVILLE | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CARLOS RUBINSTEIN (hereafter referred to as **"Plaintiff"** or **"MR. RUBINSTEIN"**) and complains of **THE CITY OF BROWNSVILLE, TEXAS** (hereafter referred to as **"Defendant CITY OF BROWNSVILLE"**, Ernie Hernandez, Jr. (hereafter referred to as **"Defendant HERNANDEZ"**), Carlton J. "Bud" Richards (hereafter referred to as **"Defendant RICHARDS"**), Harry E. McNair, Jr. (hereafter referred to as **"Defendant MCNAIR"**) individually and in their official capacities as Members of the City Commission of Brownsville, Texas, and for cause of action would respectfully show the Court and Jury the following:

### I.

### DISCOVERY CONTROL PLAN

1.01 Plaintiff hereby advises the Court that he selects and intends to conduct discovery in this cause of action under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure. An appropriate Motion requesting a Level 3 Discovery Control Plan will be filed by Plaintiff at a later date.

Page 1 of 23

CER~~.......~~ ~~.....~~ COPY

## II.

## CAUSES OF ACTION AND/OR CLAIMS MADE BY PLAINTIFF

2.01 This is a suit for damages against Defendants for unlawfully and wrongfully terminating Plaintiff **CARLOS RUBINSTEIN** as City Manager for the City of Brownsville, Cameron County, Texas, arising out of the following conduct of the Defendants:

(1)     Retaliating against Plaintiff, a public employee, for addressing the Ryder/MLS issue with Defendant **HERNANDEZ (in violation of the Texas Government Code Ann., Section 554.002 (Vernon 1998))**;

(2)     Dictating to Plaintiff to discipline and/or retaliate against City of Brownsville employees **(in violation of the Texas Constitution, Article 1, Section 8)**;

(3)     Dictating to Plaintiff to discipline and/or retaliate against City of Brownsville employees **(in violation of Section 20 of the Brownsville City Charter)**;

(4)     Dictating to Plaintiff to discipline and/or retaliate against City of Brownsville employees **(in violation of the Texas Local Government Code Ann., Section 143.086 (Vernon 1998))**;

(5)     Harassing Plaintiff insofar as his religious faith and/or beliefs are concerned **(in violation of Section 101, sub-section I, Chapter I of the City of Brownsville Personnel Policies Manual and the Texas Constitution, Article 1, Section 6)**;

(6)     Denying Plaintiff the right to file a grievance against City Commissioners Ernie Hernandez, Jr. and Carlton J. "Bud" Richards **(in violation of Section 705 of the City of Brownsville Personnel Policies Manual)**;

(7)     Retaliating against Plaintiff, a public employee for addressing or bringing forth City Commissioner Ernie Hernandez, Jr.'s benefit from his vote on the Contract for Municipal and Transit Fleet Management and Maintenance Services between City of Brownsville and Ryder/MLS **(in violation of the Texas Penal Code, Chapter 39, §39.02)**;

(8)     Mistreating Plaintiff or intentionally denying or impeding Plaintiff's freedom of speech and/or freedom to worship **(in violation of the Texas Penal Code, Chapter 39,§39.03, the Texas Constitution)**;

(9)     Wrongfully terminating Plaintiff from his position as City Manager of the City of Brownsville for refusing to perform an "illegal act" by circumventing a majority City Commissioner vote on a contract or, at minimum, when the "laws of this state which carry criminal penalties" are implicated;

(10)    Wrongfully terminating Plaintiff, a public employee, who in good faith reported a violation of law of other public employees, i.e. Defendants **HERNANDEZ AND RICHARDS**, as

members of the City of Brownsville City Commission, to an appropriate law enforcement authority, i.e. the City of Brownsville Police Department. Further, Plaintiff in good faith believed the law enforcement authority, i.e. the City of Brownsville Police Department was authorized to regulate under or enforce the law alleged to be violated in the report or investigate or prosecute a violation of criminal law (**in violation of the Texas Whistleblowers Act, Chapter 554 of the Texas Government Code);**

(11) Wrongfully terminating Plaintiff from his position as City Manager of the City of Brownsville (**in violation of the Freedom of Religion clause of the Texas Constitution (Tex. Const. Art. 1 section 6) and in violation of the Texas Constitution's Freedom of Association Clause); and**

(12) Wrongfully terminating Plaintiff from his position as City Manager of the City of Brownsville (**in violation of Chapter 551 of the Texas Government Code - Texas Open Meetings Act).**

## III.

## <u>PARTIES TO THIS LAWSUIT</u>

3.01  Plaintiff **CARLOS RUBINSTEIN** is a natural person residing in Brownsville, Cameron County, Texas.

3.02  Defendant **CITY OF BROWNSVILLE** is a municipal corporation within the State of Texas and may be served with process herein by serving its City Secretary, **MS. MELISSA DENNANY-MORALES**, at Market Square located at City Hall, East 12th Street and Market Square in Brownsville, Texas, pursuant to Rule 106(a)(1) of the Texas Rules of Civil Procedure by delivering to **MS. DENNANY-MORALES**, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the herein Original Petition attached thereto.

3.03  Defendant **ERNIE HERNANDEZ, JR.** is one of the Commissioners of the **CITY OF BROWNSVILLE** and may be served with process at Ernie's Fiesta Graphics, 205 Paredes Line Road, Brownsville, Texas, 78521, pursuant to Rule 106(a)(1) of the Texas Rules of Civil Procedure by delivering to **Defendant HERNANDEZ**, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the herein Original Petition attached thereto.

CSSPDF - www.fasoo.com

CERTIFIED COPY

3.04  Defendant **CARLTON J. "BUD" RICHARDS** is one of the Commissioners of the **CITY OF BROWNSVILLE** and may be served with process at 17 Casa Linda, Brownsville, Texas, 78521, pursuant to Rule 106(a)(1) of the Texas Rules of Civil Procedure by delivering to **Defendant RICHARDS**, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the herein Original Petition attached thereto.

3.05  Defendant **HARRY E. MCNAIR, JR.** is one of the Commissioners of the **CITY OF BROWNSVILLE**, and may be served with process at McNair & Company, Inc., 730 East Fronton, Brownsville, Cameron County, Texas, 78520, pursuant to Rule 106(a)(1) of the Texas Rules of Civil Procedure by delivering to Defendant **MCNAIR**, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the herein Original Petition attached thereto.

### IV.

### VENUE ALLEGATIONS

4.01  Plaintiff would show the Court that venue of this proceeding is proper in Cameron County, Texas pursuant to the **Texas Civil Practice and Remedies Code Ann. §§15.002 (a)(1) and (2) (Vernon 1998)** because Cameron County is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.  Furthermore, Cameron County was the county of Defendants **HERNANDEZ, RICHARDS'**, and **MCNAIR's** residence at the time Plaintiff's cause of action accrued. Lastly, Defendant **CITY OF BROWNSVILLE** is a city incorporated entirely within Cameron County, Texas.

### V.

### CAUSES OF ACTION

A.  **FIRST CAUSE OF ACTION:  DEFENDANTS' VIOLATION OF THE TEXAS GOVERNMENT CODE ANN., SECTION 554.002 (VERNON 1998)**

5.01  Plaintiff would show the Court and Jury that prior to August 4, 1998, the Brownsville Police

CERTIFIED COPY

Officers' Association (hereinafter referred to as **"BPOA"**) placed an ad in a local radio station. This ad, in part, included accusations against Defendants **HERNANDEZ** and **MCNAIR** of having secret financial dealings with the City of Brownsville which violated State Law and City Charter Provisions. On August 4, 1998, **MR. RUBINSTEIN**, then City Manager of the City of Brownsville, held a press conference to address the said ad. **MR. RUBINSTEIN** held the press conference after receiving intense and severe threats of termination of his employment by Defendants **HERNANDEZ** and **MCNAIR**. Defendant **HERNANDEZ** implied that he had the votes to terminate **MR. RUBINSTEIN's** employment when he said, **"If you do not defend me in the press conference, you will have to deal with me"**. Defendant **MCNAIR** also threatened **MR. RUBINSTEIN** that if he (i.e. **MR. RUBINSTEIN**) did not defend Defendants **HERNANDEZ** and **MCNAIR** by holding the press conference, that Defendant **MCNAIR** would place an item on the City Commission Agenda, calling for a vote of **"no confidence"** against **MR. RUBINSTEIN**.

5.02 In the press conference, **MR. RUBINSTEIN** explained to the public that the City of Brownsville and the Brownsville Police Department were not responsible for the radio ad. **MR. RUBINSTEIN** made several statements. One such statement was that to the best of his knowledge and belief neither the City of Brownsville nor Defendants **HERNANDEZ** or **MCNAIR** had been involved in secret financial dealings. **MR. RUBINSTEIN** further explained that the City Attorney had reviewed Defendant **HERNANDEZ'** wrecker services and had opined that nothing improper had occurred or taken place. **MR. RUBINSTEIN** also explained that the City Attorney also reviewed the facts surrounding the placement of vending machines which are owned by Toms Foods, a McNair Company, on city of Brownsville property, and had opined that no violations of law had taken place. The City Attorney said his opinion was based on a review of State Law and City Charter Codes. **MR. RUBINSTEIN** also stated that both he and Police Chief Ben Reyna had reviewed the City Attorney's legal opinions. As such, **MR. RUBINSTEIN**, based on the City Attorney's opinion, concluded that Defendants **HERNANDEZ** and

MCNAIR had not acted in an improper manner and no conflict of interest or violation of State Law or City Charter Provision was identified. In part, **MR. RUBINSTEIN** explained the allegations raised by the **BPOA** against Defendants **HERNANDEZ** and **MCNAIR** were without legal substance.

5.03 Thereafter, on August 5, 1998, the Chief of Police, Ben Reyna contacted **MR. RUBINSTEIN** to advise him that one of the Defendant **HERNANDEZ'** wrecker businesses had towed a vehicle belonging to the Brownsville Police Department on that day and had been towing vehicles in the past for Ryder/MLS. This action on the part of Ernie's Wrecker Services suggested or gave the appearance of impropriety and directly contradicted the comments made by **MR. RUBINSTEIN** in the aforementioned press conference. Chief Reyna reminded **MR. RUBINSTEIN** that he (**i.e. MR. RUBINSTEIN**) had told the public that Defendant **HERNANDEZ** had no secret dealings with the City of Brownsville. It was during this telephone conversation that **MR. RUBINSTEIN** became aware of the agreement between Defendant **HERNANDEZ'** businesses, Ernie's Wrecker Services and/or Express Towing, and Ryder/MLS. Ernie's Wrecker Services was placed on Ryder's **"preferred services"** list. This information was of immense concern to **MR. RUBINSTEIN** because Ryder/MLS provided vehicle maintenance services to the City of Brownsville's fleet under contract voted on and approved by the City Commissioners, including Defendant **HERNANDEZ**.

5.04 On August 7, 1998, Defendant **HERNANDEZ** contacted **MR. RUBINSTEIN** and ordered a meeting for the following day, Saturday, August 8, 1998. The purpose of this meeting, as per Defendant **HERNANDEZ**, was to discuss **"city business"**.

5.05 On August 8, 1998 at approximately 12:30 p.m., **MR. RUBINSTEIN** met with Defendant **HERNANDEZ** at Defendant **HERNANDEZ'** office. Shortly, thereafter, Defendant **MCNAIR** arrived at Defendant **HERNANDEZ'** office unknown to **MR. RUBINSTEIN** that he (i.e. Defendant **MCNAIR**) was also invited to attend said meeting. In the meeting, **MR. RUBINSTEIN** was severely criticized by Defendants **HERNANDEZ** and **MCNAIR** for not being assertive enough. Defendants **HERNANDEZ** and

CERTIFIED COPY

MCNAIR continuously expressed their dissatisfaction with **MR. RUBINSTEIN's** press conference. They wanted more punitive measures to be taken against **BPOA** and wanted strong **political** support from **MR. RUBINSTEIN**, as City Manager. At this meeting, **MR. RUBINSTEIN** reminded Defendant **HERNANDEZ** about Ernie's Wrecker Services being on Ryder's **"preferred services"** list. **MR. RUBINSTEIN** pointed out to Defendant **HERNANDEZ** that Ernie's Wrecker Services on Ryder's **"preferred services"** list could be challenged as a conflict of interest. This may be viewed as a form of impropriety and/or **public official misconduct**. Since that conversation, Defendant **HERNANDEZ'** conduct was scornful toward **MR. RUBINSTEIN**.

5.06 Thereafter on September 11, 1998, **MR. RUBINSTEIN** received a letter dated September 9, 1998 via facsimile from Defendant **HERNANDEZ** in regard to an unrelated matter. A true and correct copy is attached hereto as **Exhibit "A"** and incorporated herein by reference the same as if fully copied and set forth at length.

5.07 **MR. RUBINSTEIN** contends that Defendant **HERNANDEZ'** September 9, 1998 letter serves as retaliation on the part of Defendant **HERNANDEZ'** against him, a public employee, for addressing the Ryder issue on August 8, 1998. As such, **MR. RUBINSTEIN** contends that this retaliation is violative of **Texas Government Code, Chapter 554, Section 554.002** which provides as follows:

> **"... A state agency or local government may not suspend or terminate the employment of or discriminate against a public employee who in good faith reports a violation of law to an appropriate law enforcement authority..." (Emphasis added).**

**B.    SECOND CAUSE OF ACTION:  DEFENDANTS' VIOLATION OF THE TEXAS CONSTITUTION, ARTICLE 1, SECTION 8**

5.08 As mentioned beforehand, prior to August 4, 1998, **BPOA** placed an ad in a local radio station which, in part, accused Defendants **HERNANDEZ** and **MCNAIR** of having secret financial dealings with the City of Brownsville. As a result of **BPOA** placing the ad on the radio, **MR. RUBINSTEIN** was asked

by Defendant **HERNANDEZ** to retaliate against and/or discipline the **BPOA** members, who are employees of the City of Brownsville.  Defendant **RICHARDS** had previously instructed **MR. RUBINSTEIN** to treat members of the Brownsville Police Department "like Hitler would".  **MR. RUBINSTEIN**, who is Jewish, refused to do so.

5.09  **MR.  RUBINSTEIN**  contends  that  the  requests  of  Defendants  **RICHARDS**  and **HERNANDEZ** are violative of the oath he took as City Manager on March 4, 1997.  On March 4, 1997, **MR. RUBINSTEIN** solemnly affirmed that he would faithfully execute the duties of the City Manager of the City of Brownsville, and would to the best of his ability preserve, protect, and defend the Constitution and laws of the United States and of the State of Texas.

5.10  **MR.  RUBINSTEIN**  further  contends  that  the  requests  of  Defendants  **RICHARDS**  and **HERNANDEZ** are violative of BPOA's freedom of speech rights protected under the Texas Constitution, Article 1, Section 8.

5.11 Texas Constitution Art. 1, Section 8 reads, in part as follows:

"... **Sec. 8.  Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press...**" (Emphasis added).

**C.**     **THIRD CAUSE OF ACTION:  DEFENDANTS' VIOLATION OF SECTION 20 OF THE BROWNSVILLE CITY CHARTER**

5.12    **MR. RUBINSTEIN** would also show this Court and Jury that the requests of Defendants **HERNANDEZ** and **RICHARDS** as outlined in paragraph 5.08 above are also violative of a sub-paragraph of **Section 20 of the Brownsville City Charter**.

5.13     **Section 20 of the Brownsville City Charter** states, in part, as follows:
"... **Neither the City Commission nor any of its members shall in any manner dictate the appointment or removal of any city administrative officers or employees whom the city manager or any of his subordinates are empowered to appoint ...**" (Emphasis added)

**D.**     **FOURTH CAUSE OF ACTION:  DEFENDANTS' VIOLATION OF THE TEXAS**

CMPDF - www.fenrir.com

CERTIFIED COPY

## LOCAL GOVERNMENT CODE ANN., SECTION 143.086 (VERNON 1998)

5.14 Additionally, by requesting **MR. RUBINSTEIN** to discipline and/or retaliate against members of the **BPOA**, Defendants **RICHARDS** and **HERNANDEZ** were, in essence, asking **MR. RUBINSTEIN** to violate **Texas Local Government Code, Section 143.086**.

**Section 143.086 (e)** provides as follows:

"...(e) **Except as expressly provided by this section, the commission or the municipality's governing body may not restrict a fire fighter's or police officer's right to engage in a political activity...**" (Emphasis added).

E.   **FIFTH CAUSE OF ACTION:** DEFENDANTS' VIOLATION OF SECTION 101, SUB-SECTION I, CHAPTER 1 OF THE CITY OF BROWNSVILLE PERSONNEL POLICIES MANUAL AND THE TEXAS CONSTITUTION, ARTICLE 1, SECTION 6

5.15 On March 30, 1998, during a telephone conversation, Defendant **RICHARDS** made a statement to **MR. RUBINSTEIN** which was offensive to **MR. RUBINSTEIN**. Defendants **RICHARDS** and **MR. RUBINSTEIN** were discussing various city issues, including a recent action taken by some Brownsville Police Officers. Defendant **RICHARDS** referred to the Brownsville Police Officers' action as **"Gestapo"** like, and suggested that **MR. RUBINSTEIN** treat the Brownsville Police Officers "like Hitler would", or words to that effect. **MR. RUBINSTEIN**, who is Jewish, immediately advised Defendant **RICHARDS** about how he (i.e. **MR. RUBINSTEIN**) felt about the comments made by Defendant **RICHARDS**. **MR. RUBINSTEIN** advised Defendant **RICHARDS** that he did not appreciate the comments and would never be a part of any city action likened to Hitler.

5.16 **MR. RUBINSTEIN** summarized the telephone conversation between him and Defendant **RICHARDS** in a letter dated March 30, 1998 to Former Mayor Henry Gonzalez. **MR. RUBINSTEIN** stated in this letter that he could not compromise what he believed in and would not under any circumstances. He reiterated that he would not be a party to any actions suggested by Defendant

Page 9 of 23

CutePDF - www.fenito.com

CERTIFIED COPY.

RICHARDS.

5.17 Thereafter, on September 11, 1998, Defendant **HERNANDEZ** sent a letter to **MR. RUBINSTEIN** via facsimile. (Please refer to the attached **Exhibit "A"**). This letter is dated September 9, 1998 and states therein it has been held for two (2) days to allow **MR. RUBINSTEIN** to respond to some comments made by Former Mayor Gonzalez in an executive session on September 8, 1998. Former Mayor Gonzalez' comment was not made directly to **MR. RUBINSTEIN** as was the March 30, 1998 comment made by Defendant **RICHARDS**. **MR. RUBINSTEIN** contends that the comment was also not made with malice or malcontent.

5.18 In the September 9, 1998 letter, Defendant **HERNANDEZ** severely attacked and criticized **MR. RUBINSTEIN** for not responding to the Former Mayor's comments and grossly questioned **MR. RUBINSTEIN's** religious beliefs. Defendant **HERNANDEZ** states in his letter that "... **You have allowed yourself to be compromised in what you believe in and created doubt as to your sincerity and sensibility to your religious beliefs...**". Defendant **HERNANDEZ** continues to criticize and threaten **MR. RUBINSTEIN** by stating "... **I seriously believe your credibility in the community will be seriously compromised if this issue becomes public...**" Defendant **HERNANDEZ** further accuses **MR. RUBINSTEIN** of applying a double standard in his religious beliefs.

5.19 Defendant **HERNANDEZ'** accusations of **MR. RUBINSTEIN** applying a double standard in his religious beliefs were echoed by Defendant **RICHARDS** in a memorandum to Defendant **HERNANDEZ** dated September 9, 1998. A true and correct copy of said memorandum dated September 9, 1998 is attached hereto as **Exhibit "B"** and incorporated herein by reference the same as if fully copied and set forth at length.

5.20 In his Memorandum dated September 9, 1998, Defendant **RICHARDS** states "... **It appears that there are two standards being applied by Mr. Rubinstein, one, which excludes the Mayor's comments, and one where mine became public by the Mayor and held to high criticism...**" (Please

CifsPDF - www.fenise.com

CERTIFIED COPY

refer to the attached **Exhibit "B")**. **(Emphasis added)**.

5.21 **MR. RUBINSTEIN** contends that the comments made by Defendants **RICHARDS** and **HERNANDEZ** amount to religious harassment insofar as **MR. RUBINSTEIN's** religious faith and/or beliefs are concerned. This type of harassment and/or religious harassment is in direct contravention of **Section 101, sub-section I of the Personnel Policies Manual of the City of Brownsville** and **Article 1, Section 6 of the Texas Constitution**.

5.22 **Section 101, sub-section I of Chapter I of the Personnel Policies Manual** reads, in part, as follows:

> **"Harassment, retaliation, coercion, interference, or intimidation of any employee due to that employee's race, religion, color, national origin, sex, age, disability, or veteran status is strictly forbidden"**. **(Emphasis added)**

5.23 It is quite clear that Defendants **RICHARDS** and **HERNANDEZ'** comments are a form of harassment that is **strictly forbidden** by the aforementioned section. The September 9, 1998 letter and memorandum **(Exhibits "A" and "B")** question the genuiness and sincerity of **MR. RUBINSTEIN's** religious faith and beliefs. This is a matter about which Defendants **RICHARDS** and **HERNANDEZ**, as **MR. RUBINSTEIN's** employers or supervisors, should not be concerned.

5.24 **MR. RUBINSTEIN** further contends that the comments made by Defendants **RICHARDS** and **HERNANDEZ** violate his freedom to worship as guaranteed by the **Texas Constitution, Article 1, Section 6**, which provides, in part, as follows:

> **"Sec. 6. All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences. No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent. No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion..."** **(Emphasis added)**.

CERTIFIED COPY

**F.**     **SIXTH CAUSE OF ACTION:  DEFENDANTS' VIOLATION OF SECTION 705 OF THE CITY OF BROWNSVILLE PERSONNEL POLICIES MANUAL**

5.25     **MR. RUBINSTEIN** would show the Court and Jury that on or about September 17, 1998, he made a grievance claim against Defendants **HERNANDEZ AND RICHARDS**.  This said grievance claim was made by **MR. RUBINSTEIN** pursuant to **Section 705 of the Personnel Policies Manual of the City of Brownsville** and stemmed from the situations and/or complaints addressed in the foregoing paragraphs 5.01 through 5.24.

5.26     **Section 705 of the Personnel Policies Manual** reads, in part, as follows:
"... A grievance is a complaint about the terms of an **employee's employment or about the conditions under which he or she does the job**.  Examples include complaints about the employee's physical environment, **the employee's treatment by their supervisor** or co-workers, and alleged unlawful conduct or discrimination..." (Emphasis added).

5.27     **MR. RUBINSTEIN** would also show the Court and Jury that the Personnel Policies Manual of the City of Brownsville clearly identifies the City Manager as an **"employee"**.  **Section 102** of the manual reads, in part, as follows:

"... **All employees of the City of Brownsville** are either "exempt" or "non-exempt".

**"Exempt" employees** are those who are not subject to the overtime provisions of the Fair Labor Standards Act.  **Examples of exempt employees are the City Manager**..." (Emphasis added).

5.28     Furthermore, **MR. RUBINSTEIN** is an **"employee"** and the City of Brownsville is an **"employer"** as those terms are defined under the Texas Labor Code, Chapter 21, Section 21.002 (7), (8), and (12), respectively.  In said sections, an **"employee"** means an individual employed by an employer.  An "employer" is defined as including a municipality.

5.29     **MR. RUBINSTEIN** would further show this Court and Jury that on or about September 24, 1998, Defendant **CITY OF BROWNSVILLE,** by and through its City Attorney, J.G. Warburton, concluded that the grievance procedure outlined in Section 705 of the Personnel Policies Manual did not apply to the relationship between the City Manager and the City Commission.  Accordingly, Defendant **CITY OF BROWNSVILLE** denied **MR. RUBINSTEIN's** right to file a grievance against Defendants

ClickPDF - www.fastpo.com

HERNANDEZ and RICHARDS and thus, violated **Section 705 of the City of Brownsville Personnel Policies Manual**.

      G.     <u>SEVENTH CAUSE OF ACTION</u>: DEFENDANTS' VIOLATION OF CHAPTER 39, §39.02 OF THE TEXAS PENAL CODE

5.30 **MR. RUBINSTEIN** would show this Court and Jury that on or about August 5, 1998 he became aware of an agreement between Defendant **HERNANDEZ'** businesses, **Ernie's Wrecker Services** and/or **Express Towing** and Ryder/MLS by which said businesses were placed on Ryder/MLS' **"preferred services"** list. This information was of immense concern to **MR. RUBINSTEIN** because Ryder/MLS provided vehicle maintenance services to the City of Brownsville's fleet under contract vehicle maintenance services to the City of Brownsville's fleet under contract voted on and approved by the City Commissioners, including Defendant **HERNANDEZ**.

5.31 Thereafter, at the August 8, 1998 meeting at Defendant **HERNANDEZ'** office, **MR. RUBINSTEIN** pointed out to Defendant **HERNANDEZ** that Ernie's Wrecker Services being on Ryder's **"preferred services"** list could be challenged as a conflict of interest. **MR. RUBINSTEIN** further pointed out to Defendant **HERNANDEZ** that such fact may be viewed as a form of impropriety and/or public official misconduct.

5.32 Once again, **MR. RUBINSTEIN** would show this Court and Jury that he received the letter dated September 9, 1998 **(Exhibit "A")** from Defendant **HERNANDEZ** in which Defendant **HERNANDEZ'**, a public servant, grossly questioned **MR. RUBINSTEIN's** religious beliefs and faith. **MR. RUBINSTEIN** contends that such action on the part of Defendant **HERNANDEZ** amounts to retaliation against him (i.e. **MR. RUBINSTEIN**) for addressing or bringing forth Defendant **HERNANDEZ'** benefit from his vote on the Contract for Municipal and Transit Fleet Management and Maintenance Services between the City of Brownsville and Ryder/MLS. **MR. RUBINSTEIN** further contends that such action and/or retaliation on the part of Defendant **HERNANDEZ** is violative of Chapter

CVAPDF - www.fastio.com

# CERTIFIED COPY

39, §39.02 of the Texas Penal Code.

5.33    Chapter 39, §39.02 of the Texas Penal Code reads, in part, as follows:

"... §39.02.  ABUSE OF OFFICIAL CAPACITY"

(a)    A public servant commits an offense if, with **intent to obtain a benefit or with intent to harm or defraud another, he intentional or knowingly:**

(1)    **violates a law relating to the public servant's office or employment; ..."** (Emphasis added).

H.    · **EIGHTH CAUSE OF ACTION:  DEFENDANTS' VIOLATION OF CHAPTER 39, §39.03 OF THE TEXAS PENAL CODE**    .

5.34    **MR. RUBINSTEIN** again points to the Court and Jury the letter dated September 9, 1998 **(Exhibit "A")** from Defendant **HERNANDEZ** in which Defendant **HERNANDEZ** grossly questioned **MR. RUBINSTEIN's** religious beliefs and faith.  **MR. RUBINSTEIN** also points to the Court and Jury the memorandum dated September 9, 1998 from Defendant **RICHARDS**, a public servant, to Defendant **HERNANDEZ (Exhibit "B")** in which he (i.e. Defendant **RICHARDS)**   echoed Defendant **HERNANDEZ** accusations of **MR. RUBINSTEIN** applying a double standard in his religious beliefs.

5.35    As mentioned beforehand in his memorandum dated September 9, 1998 **(EXHIBIT "B")**, Defendant **RICHARDS** states **"... it appears that there are two standards being applied by Mr. Rubinstein, one, which excludes the Mayor's comments, and one where mine became public by the Mayor and held to high criticism..."**  (Emphasis added).

5.36    **MR. RUBINSTEIN** contends that such action on the part of Defendants **HERNANDEZ** and **RICHARDS** amounts to mistreatment that they knew was unlawful and also such action on these Defendants' part amounts to intentionally denying or impeding his exercise or enjoyment of his right to and freedom to worship as he pleases knowing their conduct was unlawful.  **MR. RUBINSTEIN** further contends that such action on the part of Defendants **HERNANDEZ** and **RICHARDS**, public servants acting under the color of their respective City Commissioner offices, is violative of **Chapter 39, §39.03 of**

Page 14 of 23

CERTIFIED COPY

the Texas Penal Code.

5.37    Chapter 39, §39.03 of the Texas Penal Code reads, in part, as follows:

"...§39.03 OFFICIAL OPPRESSION

(a)    **A public servant acting under color of his office or employment commits an offense if he**:

(1)    **intentionally subjects another to mistreatment** or to arrest, detention, search, seizure, dispossession, assessment, or lien that he knows is unlawful;

(2)    **intentionally denies or impedes another in the exercise or enjoyment of any right, privilege**, power, or immunity, **knowing his conduct is unlawful;...**" (Emphasis added).

I.    **NINTH CAUSE OF ACTION:  WRONGFUL TERMINATION FOR REFUSAL TO PERFORM AN "ILLEGAL ACT"**

5.38    **MR. RUBINSTEIN** would show the Court and Jury that **on or about October 5, 1999,** the City of Brownsville City Commission considered and voted to award a contract for the purchase of twenty-seven (27) vehicles for various City departments.  This consideration and vote took place at a public meeting of the City Commission of the City of Brownsville.   Among the said twenty-seven (27) vehicles, a 4X4 SUV vehicle for the Emergency Medical Services (**EMS**) department was included.  This contract was awarded to Tipton Ford located in Brownsville, Cameron County, Texas.

5.39    Thereafter, on or about November 1-5, 1999, Defendants **HERNANDEZ, RICHARDS,** and **MCNAIR** travelled to New York City on behalf of the City of Brownsville City Commission in regard to City of Brownsville's business.  While in New York City, Defendants **HERNANDEZ, RICHARDS,** and **MCNAIR** discussed the purchase of the 4X4 SUV vehicle for the **EMS** department and the need to cancel this particular purchase.  **MR. RUBINSTEIN** contends that the discussion of City business by members of the City Commission in numbers greater than a quorum may be violative of the Texas Open Meetings Act.

5.40    Thereafter, **MR. RUBINSTEIN** is notified that Defendant **RICHARDS** wants to cancel, the 4X4 SUV vehicle for the **EMS** department and replace same with a fifteen (15) - passenger van.

Page 15 of 23

CERTIFIED COPY

Defendant **RICHARDS** represents to the Assistant City Manager that he (i.e. Defendant **RICHARDS**) has already spoken to Tipton Ford about this request and apparently Tipton Ford had no problem with the exchange. Defendant **RICHARDS** also represents to the Assistant City Manager that the majority of the City Commission desires the cancellation to take place.

5.41   **MR. RUBINSTEIN** then contacts the Purchasing Agent for the City of Brownsville to discuss the propriety of the situation. It was agreed that the only appropriate cause of action, short of City commission action in a public meeting, was not to cancel the contract for the purchase of the 4X4 SUV vehicle. **MR. RUBINSTEIN** contends that the purchase order issued by the City of Brownsville to Tipton Ford was a binding contract, and he did not have unilateral authority to cancel same.

5.42   Thereafter, a memorandum is sent to Defendant **RICHARDS** outlining the reason why his request cannot be satisfied by **MR. RUBINSTEIN**. Defendant **RICHARDS** is explained that while Tipton Ford might be willing to assist the City of Brownsville in canceling the order for the 4X4 SUV vehicle, the purchase of a large capacity van needed to be placed for re-binding. Defendant **RICHARDS** was also explained that there was no guarantee that Tipton Ford would be the lowest or successful bidder. Defendant **RICHARDS** was further explained that any substitutions at this point, without having advertised for bids for the fifteen (15) passenger vehicle would be construed as circumventing the City of Brownsville's bid procedure. It was further explained to Defendant **RICHARDS** that while Tipton Ford may be willing to swap the 4X4 SUV vehicle for a large capacity van, the fact remained that the City of Brownsville did not advertise for, nor solicited bids for two (2) large-capacity vans.

5.43   Thereafter, on or about November 17, 1999, **MR. RUBINSTEIN** is instructed to do what Defendant **RICHARDS** wants to do (i.e. cancel the 4X4 SUV vehicle contract and replace it with a fifteen (15) - passenger van). **MR. RUBINSTEIN** refuses to do as he is instructed and explains that such action is illegal because it will be an attempt to circumvent the purchasing laws of the State of Texas the City of Brownsville.

# CERTIFIED COPY

5.44     Thereafter, on or about November 18, 1999, the City Attorney, J.G. Warburton approached **MR. RUBINSTEIN** and told him that the Mayor has asked him to tell **MR. RUBINSTEIN** to cancel the contract for 4X4 SUV vehicle.  **MR. RUBINSTEIN** is further told that the City Commission wants the item to go away quietly.  **MR. RUBINSTEIN** reiterated to Mr. Warburton that he will only cancel the contract if the item is placed on the Agenda for cancellation and the City Commission authorizes **MR. RUBINSTEIN** to cancel the contract.

5.45 Later on November 18, 1999, Mr. Warburton approaches **MR. RUBINSTEIN** with a draft, a letter to Tipton Ford canceling the 4X4 SUV vehicle to be signed by **MR. RUBINSTEIN**.  **MR. RUBINSTEIN** is told that the letter is what "our bosses" want **MR. RUBINSTEIN** to use.  **MR. RUBINSTEIN** tells Mr. Warburton that he (i.e. **MR. RUBINSTEIN**) will sign the letter once the City Commission authorize the signature in an open session of a public meeting.  **MR. RUBINSTEIN** attempts to give the draft of the letter back to Mr. Warburton but Mr. Warburton tells **MR. RUBINSTEIN** to keep and consider the letter.

5.46     Thereafter, an item is placed on the Agenda of the City of Brownsville City Commission to discuss the duties of the City Manager.  The Public Meeting of the City Commission was to take place on Tuesday, November 23, 1999 at 3:45 p.m. and said item was to be discussed in Executive Session.  **MR. RUBINSTEIN** contends that the placing of said item on the agenda amounts to retaliation against him on the part of the Defendants for his refusal to cancel the contract for the 4X4 SUV vehicle.

5.47     **MR. RUBINSTEIN** would show this Court and Jury that throughout the duration of the 4X4 SUV vehicle contract cancellation issue, he has reported the information to Chief of Police Ben Reyna.  **MR. RUBINSTEIN** was keeping Chief Reyna informed of the events as same were happening.

5.48     During the November 23, 1999 Executive Session of the City Commission public meeting, Defendant **HERNANDEZ** tells **MR. RUBINSTEIN** that the City Commission does not want the 4X4 SUV vehicle and that he would expect more cooperation from **MR. RUBINSTEIN** on that issue.  Defendant

Page 17 of 23

CERTIFIED COPY

HERNANDEZ further tells MR. RUBINSTEIN that he (i.e. Defendant HERNANDEZ) does not want to explain "... to the world" in open session why he wants to cancel the contract.  MR. RUBINSTEIN tells Defendant HERNANDEZ that the cancellation must be in open session.

5.49    Thereafter, during the November 30, 1999 City Commission public meeting, the contract for the 4X4 SUV vehicle is cancelled on a 4-1 vote.   Immediately after the meeting, Defendant HERNANDEZ follows MR. RUBINSTEIN to his office and threatens MR. RUBINSTEIN to get even because of the way the 4X4 SUV vehicle item was handled and makes that a promise.

5.50    The following week on December 7, 1999, MR. RUBINSTEIN is placed on a thirty (3) day leave of absence during a City Commission public meeting.   Thereafter, MR. RUBINSTEIN was terminated from his position as City Manager on January 6, 2000.


J.      TENTH CAUSE OF ACTION:  DEFENDANTS' VIOLATION OF THE TEXAS
        WHISTLEBLOWERS ACT (CHAPTER 554 OF THE TEXAS GOVERNMENT
        CODE)


5.51    Based upon the aforementioned facts, Plaintiff was terminated from his position as City Manager of the City of Brownsville for  refusing to  perform an "illegal act" or at least when the "laws of this state and the United States which carry criminal penalties" are implicated.


5.52   Based upon the aforementioned facts the Defendants have violated Chapter 554 of the Texas Government Code (hereinafter referred to as the (Texas Whistleblowers Act) in that Plaintiff was terminated for in good faith, as a public employee, reporting a violation of law of another public employee, i.e. Defendants Hernandez and Richards, to an appropriate law enforcement authority, i.e. the City of Brownsville Police Department.  Further, Plaintiff in good faith believed the law enforcement authority, i.e.

Page 18 of 23

CERTIFIED COPY

the City of Brownsville Police Department was authorized to regulate under or enforce the law alleged to be violated int he report or investigate or prosecute a violation of criminal law.

5.53    Further, Plaintiff alleges in each of 20 or more calendar weeks in the calendar year in which this suit is filed the City of Brownsville, i.e. the local government entity, has employed more than 500 employees.

K.    **ELEVENTH CAUSE OF ACTION:   DEFENDANTS' VIOLATIONS OF THE TEXAS CONSTITUTION**

5.54    Based upon the aforementioned facts, Plaintiff contends that he was terminated in violation of the Freedom of Religion clause of the Texas Constitution ( Tex.  Const. Art. 1 section 6) which states;

> All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences. No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent. No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion, and no preference shall ever be given by law to any religious society or mode of worship. But it shall be the duty of the Legislature to pass such laws as may be necessary to protect equally every religious denomination in the peaceable enjoyment of its own mode of public worship.

5.55 Further, Plaintiff was terminated due to his relationship with the former Mayor for the City of Brownsville, Henry Gonzalez, in violation of the Texas Constitution's Freedom of Association Clause.

L.    **TWELFTH CAUSE OF ACTION: DEFENDANTS' VIOLATION OF THE TEXAS OPEN MEETINGS ACT**

5.56    Based upon the aforementioned facts Plaintiff was terminated as City Manager for the City of Brownsville in violation of **Chapter 551 of the Texas Government Code (hereinafter Texas Open Meetings Act)** in that Defendants held a meeting without giving written notice of the date, hour, place and subject of the meeting and that during said meeting public business or public policy over which the Defendants have supervision or control was discussed or considered or during which the Defendants in

CERTIFIED COPY

substantial effect took formal action and that such matters deliberated concerned issues within the jurisdiction of the governing body, i.e. the Defendants, or concerned any other public business.

5.57    In the alternative, the violations of the Texas Open Meetings Act committed by the Defendants were intentional in that the Defendants knowingly conspired to circumvent Chapter 551 of the Texas Government Code by meeting in numbers less than a quorum for the purpose of secret deliberations in violation of the Texas Government Code Chapter 551.

5.58    Further, in the alternative each Defendant violated §551.145 in that each Defendant participated in a closed meeting of the governmental body knowing that a certified agenda of the closed meeting was not being kept or a tape recording was made of meeting.

## VI.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

6.01    Based upon the aforementioned facts Plaintiff was terminated as City Manager for the City of Brownsville as the Defendants acted intentionally or recklessly, further the Defendants' conduct was extreme and outrageous and the Defendants' actions caused plaintiff emotional distress and lastly the distress was severe [Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993)--citing Restatement (Second) of Torts § 46 (1965)].

## VII.

### DAMAGES

7.01 Based upon the aforementioned facts Plaintiff was terminated as City Manager for the City of Brownsville Plaintiff has and/or will incur the following damages:

### A.    LOST WAGES AND BENEFITS

Since Plaintiff was terminated from his position as City Manager for the City of Brownsville, Plaintiff is entitled to any lost wages due and owing due to his wrongful termination. Further,

CERTIFIED COPY

Plaintiff will be owed any benefits (including but not limited to Pension Benefits, Retirement Plans, "Texas Municipal Retirement System" that would have accrued during the period of time for which he was wrongfully discharged.  Further, Plaintiff should be compensated for any out of pocket expenses incurred during the period of his wrongful termination that relate to payments that would have normally been made by his insurance coverage provided him by his employment.

**B.**     **PAST AND FUTURE MENTAL ANGUISH**

The actions of the Defendants have caused the Plaintiff to suffer severe mental anguish and emotional trauma and his therefore entitled to recover money damages for such mental anguish based upon the acts of the Defendants.

**C.**     **DAMAGE TO REPUTATION**

The actions of the Defendants have damaged  the Plaintiff's reputation in the community to and his therefore entitled to recover money damages for such damage to his reputation based upon the acts of the Defendants.

**D.**     **EXEMPLARY DAMAGES**

Plaintiff will further show the Court and Jury that all of the foregoing conduct of the Defendants constituted malice in that such conduct amounted to ill will, bad or evil motive, and/or gross negligence to the rights of Plaintiff as to amount a willful, wanton and malicious acts.  As such, Plaintiff seeks exemplary and/or punitive damages against the Defendants, jointly and severally, for such conduct in an amount to be determined by the trier of fact.

CERTIFIED COPY

## VIII.

### PUNITIVE DAMAGES UNDER THE TEXAS WHISTLEBLOWERS ACT

8.01 Punitive damages are available in a Whistleblower Act action. There is no requirement that the plaintiff prove malice or evil intent on the part of a "policy-making official" of the agency. The Whistleblower Act protects against pervasive retaliation by an entire institution as well as acts attributable to a single official. **City of San Antonio v. Heim, 932 S.W.2d 287, 293-294 (Tex. App.—Austin 1996, den.)**

## IX.

### ATTORNEY'S FEES

9.01    As a further result of Defendants' actions and practices, **MR. RUBINSTEIN** has been compelled to engage the services of the attorney whose name is subscribed to this pleading and has agreed to pay such attorneys for legal services rendered and to be rendered in the preparation and trial of this cause. As such, Plaintiff seeks to recover reasonable attorney's fees in relation to the work performed in this cause.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff **CARLOS RUBINSTEIN**, respectfully prays that Defendants be cited to appear and answer, that a trial by jury be had on the merits, and that, at the conclusion of said trial, he have the following:

1.    Judgment against Defendants, jointly and severally, for actual damages in a sum in excess of the minimum jurisdictional limits of this Court;

2.    Judgment against Defendants for pre and post judgment interest;

3.    Judgment against Defendants for costs of suit including reasonable attorney's fees;

4.    Judgment against Defendants for exemplary damages in a sum determined by the trier of fact;

5.    Such other and further relief to which Plaintiff may be justly entitled including but not    limited to damages within the jurisdictional limits of this court, together with    pre-judgment and post-judgment interest as allowed by law.

Page 22 of 23

Respectfully submitted,

**EDWIN L. MCANINCH, P.C.**


By:  *Ed McAninch*

**ED MCANINCH**
State Bar No. 13325050
507 Fall River Road
Houston, Texas  77024
(713) 461-8619
(713) 827-8920 [Fax]

**ATTORNEYS FOR PLAINTIFF**


## X.

## <u>NOTICE OF CLAIM WAS GIVEN TO THE DEFENDANTS</u>

10.01 **MR. RUBINSTEIN** would show this Court and Jury that he gave notice of his claims

to the Defendants on **June 22, 2000**.  This notice was issued to the Defendants pursuant to **Article**

**II, Section 8 of the Brownsville Code (City Charter) and/or Ordinance No. 93-1270**

**(Proposition #1)**.  A true and correct copy of said Notice of Claim is attached hereto as **Exhibit**

**"C"**, and incorporated by reference the same as if fully copied and set forth at length.



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY TEX.
BY _____ DEP.

Page 23 of 23

NO. 2000-09-003658-E

# CERTIFIED COPY

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| THE CITY OF BROWNSVILLE, TEXAS | § | |
| ERNIE HERNANDEZ, JR., CARLTON J. | § | CAMERON COUNTY, TEXAS |
| "BUD" RICHARDS, HARRY E. MCNAIR, | § | |
| JR., IN THEIR INDIVIDUAL | § | |
| CAPACITIES AND OFFICIAL | § | |
| CAPACITES AS CITY COMMISSIONERS | § | |
| FOR THE CITY OF BROWNSVILLE | § | 357 JUDICIAL DISTRICT |

# EXHIBIT "A"

Case 1:00-cv-00169 Document 1 Filed in TXSD on 10/24/2000 Page 50 of 69

CERTIFIED COPY

DATE: 9/9/98

Dear Mr. Rubinstein,

This letter has been held for two days to allow you to respond to the racist comment made by the Mayor Gonzalez during the Tuesday executive session. I was shocked by your lack of response to his anti-Semitic slur. Mayor Gonzalez's arrogant sarcastic tone to Commissioner McNair was totally uncalled for and completely out of line.

I direct you to your letter of March 30th, 1998 where you lashed out your frustration at a comment made by Commissioner Richards regarding an action he felt was offensive in nature. Your position clearly stated that "I can not compromise what I believe in." Your non action and lack of response to the Mayor causes me wonder why you apply a double standard.

Your letter stated "I will not be party to such actions" leaves me wondering if the anger and frustration you displayed was staged to discredit Commissioner Richards. When a derogatory comment has been made in my presence, referring to a Mexican in a belittling way or something negative about my nationality, I would not hesitate to be across the table in somebody's face. Yet, the Mayor made a comment about "trying to Jew someone down" and you did not even react. This a direct slap in the face to you, the Jewish community, and your religious beliefs and yet you did not defend yourself as you did in the past with Commissioner Richards. It was also extremely embarrassing that the comment was heard by all members of the Commission, the City Secretary, City Attorney and the Assistant City Manager.

After the episode with Commissioner Richards, it shocks the conscience that you would allow such a remark to be ignored. It leads me believe that your past outrage was staged and selective. Since Commissioner Wood did not come to your defense after the Mayor's demeaning comment during our executive session, there is no doubt in my mind that Commissioner Wood staged the BPOA attack of Commissioner Richards in a public meeting. My assumption is that Commissioner Wood was trying defend your honor and destroy Commissioner Richard's credibility. This attack all started with your

Case 1:00-cv-00169  Document 1  Filed in TXSD on 10/24/2000  Page 51 of 69

# CERTIFIED COPY

letter to the Mayor about a private conversation with Commissioner Richards. Yet, during Tuesdays executive session, this sarcastic and racist comment made by the Mayor was ignored by Commissioner Wood. Up to this point, he has acted like a honey spitting viper defending your honor and demeanor towards Commissioner Richards. This premeditated attack and human shielding has caused a tremendous breach among City Officials. We all sat in an executive session when Commissioner Richards apologized to you in front of all of us. He made it very clear that he was sorry, if his remarks were misinterpreted. I certainly do not want to hear how you confronted the Mayor and he apologized for his remarks. I am certain this would be a false statement. He owes the entire Commission an apology for his sarcasm and cynical racist behavior. In all my years in politics, I have never seen a bigger abuse of political maneuvering. It only goes to prove that Commissioner Wood and Mayor Gonzalez have a personal agenda against Commissioner Richards. It is most unfortunate that we have gotten to this point.

To summarize, I would like to know if you made the calls, wrote the e-mail and solicited all the opinions about the Mayor's anti-semitic comment made in front of eight people, as you did with Commissioner Richard's private phone conversation with you on March 30th 1998. Again, Mayor Gonzalez's sarcasm and insensitivity is an embarrassment to all of us that heard his racist comment. By allowing Mayor Gonzalez to make this comment, you have allowed yourself to be a party to such actions. You have allowed yourself to be compromised in what you believe in and created doubt as to your sincerity and sensibility to your religious beliefs. I seriously believe your credibility in the community will be seriously compromised if this issue becomes public. I would trust that this letter will remain private and confidential as did your March letter to Mayor Gonzalez regarding Commissioner Richards.

Enclosed are copies of your March letter and a letter from Commissioner Richard's expressing his concerns about Tuesdays executive session.

ERNIE HERNANDEZ
MAYOR PRO TEM

Case 1:00-cv-00169   Document 1   Filed in TXSD on 10/24/2000   Page 52 of 69

**CERTIFIED COPY**

**Date:** 9/9/98

**To:**    Commissioner Ernie Hernandez

**From:** Commissioner Bud Richards

---

Considering the negative publicity generated by Mayor Henry Gonzalez regarding a personal telephone call to City Manager Carlos Rubinstein by me where Mr. Rubinstein took extremely personal offense to what he termed racial, anti-Semitic and degrading comments, I must register my comments regarding the Mayor's comment of September 8, 1998.

At the meeting of September 8th at about 3:15 P.M. in the presence of the entire Commission, Assistant City Manager, City Secretary, City Attorney, and City Manager Carlos Rubinstein, the Mayor's comment to Commissioner McNair regarding a real estate purchase was disturbing to me.

Mayor Gonzalez stated "you usually Jew people down" to Mr. McNair while discussing the real estate price. This was an extreme shock to all present and struck all speechless especially Mr. Rubinstein as he uttered not a detectable sound.

You will recall in Mr. Rubinstein's March 30th letter he was quick to point out "I am Jewish, proud of the fact that I am and always will be." I have attached a copy of his letter which I direct your attention to the last paragraph regarding his expectations and his comment about "I cannot compromise."

It appears that there are two standards being applied by Mr. Rubinstein, one, which excludes the Mayor's comments, and one where mine became public by the Mayor and held to high criticism.

I personally was shocked, dismayed, embarrassed, perplexed, appalled, and distressed at the Mayor Gonzalez's insensitive comment and even more confounded by the lack of protest by Commissioner Wood who rushed to Mr. Rubinstein's defense in March, and most of all by Mr. Rubinstein's total silence.

This is for your information, but not to be considered confidential as the comment was heard by all in the room. I am directing this to you as Mayor Pro-tem as it involves the Mayor for any further action you may deem necessary.

Bud Richards  Sept 9, 1998

Case 1:00-cv-00169   Document 1   Filed in TXSD on 10/24/2000   Page 53 of 69

**CERTIFIED COPY**



*Carlos Rubinstein*
City Manager

March 20, 1998

Henry Gonzales, Mayor
City of Brownsville

Dear Mayor:

Please be aware that I am writing this letter to you in as much as you are the presiding officer of the City Commission and Mayor of Brownsville. Also be aware that I am at this time writing this letter while in extreme anger. I do not however wish this letter be made public, a matter I leave in your hands.

Earlier this morning during a telephone conversation with Commissioner Richards a statement was made to me that I found very offensive. Commissioner Richards and I were discussing various city issues, among them a recent action by certain police officers, which I also find very troubling. Commissioner Richards referred to this action by the officers as *"Gestapo"* like and if the police department was to continue to act this way then we should treat them like *Hitler* would, or words to that effect.

As you are aware, I am Jewish, proud of the fact that I am and always will be. This is as important to me as my wife and children. It is the core that makes me what I am. While I suspect you may think you know how I feel about the comments made to me, please note that you simply can't. I advised Commissioner Richards that I did not appreciate the comments and would *never* be a part of any city action likened to *Hitler*. Commissioner Richards did ask that I put the comment aside, something I find very hard to do.

As much as I love this community and the job I hold, I cannot compromise what I believe in. I will not under any circumstances. I hope that the actions of today are not representative of future expectations of how I should manage the City, for if this is the case, then I wish to advise you that I will not be a party to such actions.

Sincerely,

Carlos Rubinstein
City Manager

**City of Brownsville**
P.O. Box 911 / City Hall / Market Square / Brownsville, Texas 78520
(210) 548-6000
"EQUAL OPPORTUNITY EMPLOYER"

CERTIFIED COPY

NO. _____

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| THE CITY OF BROWNSVILLE, TEXAS | § | |
| ERNIE HERNANDEZ, JR., CARLTON J. | § | CAMERON COUNTY, TEXAS |
| "BUD" RICHARDS, HARRY E. MCNAIR, | § | |
| JR., IN THEIR INDIVIDUAL | § | |
| CAPACITIES AND OFFICIAL | § | |
| CAPACITES AS CITY COMMISSIONERS | § | |
| FOR THE CITY OF BROWNSVILLE | § | _____ JUDICIAL DISTRICT |

# EXHIBIT "B"

Case 1:00-cv-00169 Document 1 Filed in TXSD on 10/24/2000 Page 55 of 69

**CERTIFIED COPY**

**Date:** 9/9/98

**To:** Commissioner Ernie Hernandez

**From:** Commissioner Bud Richards

Considering the negative publicity generated by Mayor Henry Gonzalez regarding a personal telephone call to City Manager Carlos Rubinstein by me where Mr. Rubinstein took extremely personal offense to what he termed racial, anti-Semitic and degrading comments, I must register my comments regarding the Mayor's comment of September 8, 1998.

At the meeting of September 8th at about 3:15 P.M. in the presence of the entire Commission, Assistant City Manager, City Secretary, City Attorney, and City Manager Carlos Rubinstein, the Mayor's comment to Commissioner McNair regarding a real estate purchase was disturbing to me.

Mayor Gonzalez stated "you usually Jew people down" to Mr. McNair while discussing the real estate price. This was an extreme shock to all present and struck all speechless especially Mr. Rubinstein as he uttered not a detectable sound.

You will recall in Mr. Rubinstein's March 30th letter he was quick to point out "I am Jewish, proud of the fact that I am and always will be." I have attached a copy of his letter which I direct your attention to the last paragraph regarding his expectations and his comment about "I cannot compromise."

It appears that there are two standards being applied by Mr. Rubinstein, one, which excludes the Mayor's comments, and one where mine became public by the Mayor and held to high criticism.

I personally was shocked, dismayed, embarrassed, perplexed, appalled, and distressed at the Mayor Gonzalez's insensitive comment and even more confounded by the lack of protest by Commissioner Wood who rushed to Mr. Rubinstein's defense in March, and most of all by Mr. Rubinstein's total silence.

This is for your information, but not to be considered confidential as the comment was heard by all in the room. I am directing this to you as Mayor Pro-tem as it involves the Mayor for any further action you may deem necessary.

Bud Richards Sept 9. 1998

CERTIFIED COPY

NO. 2000 -09- 003658 - E

| | | |
|---|---|---|
| **CARLOS RUBINSTEIN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | |
| | § | |
| **THE CITY OF BROWNSVILLE, TEXAS** | § | |
| **ERNIE HERNANDEZ, JR., CARLTON J.** | § | **CAMERON COUNTY, TEXAS** |
| **"BUD" RICHARDS, HARRY E. MCNAIR,** | § | |
| **JR., IN THEIR INDIVIDUAL** | § | |
| **CAPACITIES AND OFFICIAL** | § | |
| **CAPACITES AS CITY COMMISSIONERS** | § | |
| **FOR THE CITY OF BROWNSVILLE** | § | 357th **JUDICIAL DISTRICT** |

# EXHIBIT "C"

CER~~TIFIED~~ COPY

**FILE COPY**

CARLOS RUBINSTEIN
1570 CAPISTRANO DRIVE
BROWNSVILLE, TEXAS  78526
Tel:  (956) 546-2066
Fax:  (956) 546-2066

June 23, 2000

Hon. Blanca S. Vela                              <u>VIA HAND-DELIVERY</u>
Hon. Carlton J. Richards                         <u>VIA HAND-DELIVERY</u>
Hon. Ernie Hernandez, Jr.                        <u>VIA HAND-DELIVERY</u>
Hon. Harry E. McNair, Jr.                        <u>VIA HAND-DELIVERY</u>
Hon. John Wood                                   <u>VIA HAND-DELIVERY</u>
City of Brownsville
City Hall
East 12th Street & Market Square
Brownsville, Texas  78520

Re:  **Notice of Claim**

Dear Mayor Vela and City Commissioners:

Enclosed herewith is my **Notice of Claim** pursuant to **Article II,
Section 8 of the Brownsville Code (City Charter) and/or ordinance
No. 93-1270 (Proposition #1)** of my claim for damages sustained by
me as a direct result of the actions or inactions of the City of
Brownsville and the City of Brownsville City Commission.

By copy of this letter, the same has been forwarded to Hon. Rick
Navarro, counsel for the City of Brownsville, as noted below.

Thank you for your attention in this matter.

Respectfully,

CARLOS RUBINSTEIN

CR/er

Enclosure

xc:  Hon. Ricardo J. Navarro                     <u>VIA HAND-DELIVERY</u>
     DENTON, McKAMIE & NAVARRO, P.C.
     Bank of America Building, Suite 405
     222 E. Van Buren
     Harlingen, Texas  78550

**DELIVERED TO:**   Hon. Carlton J. "Bud" Richards
City of Brownsville
ity Hall
East 12th Street & Market Square
Brownsville, Texas  78520

**CERTIFIED COPY**

**SUBJECT:**   Notice of Claim

**FILE NAME:**   Carlos Rubinstein

**RECEIVED BY:**   _Sbano_

**DATE:**   _6-23-2000_

---

**DELIVERED TO:**   Hon. Harry E. McNair, Jr.
City Commission, Place 3
City of Brownsville
City Hall
East 12th Street & Market Square
Brownsville, Texas  78520

**SUBJECT:**   Notice of Claim

**FILE NAME:**   Carlos Rubinstein

**RECEIVED BY:**   _Sbano_

**DATE:**   _6-23-0C_

---

**DELIVERED TO:**   Hon. John Wood
City Commission, Place 4
City of Brownsville
City Hall
East 12th Street & Market Square
Brownsville, Texas  78520

**SUBJECT:**   Notice of Claim

**FILE NAME:**   Carlos Rubinstein

**RECEIVED BY:**   _Sbano_

**DATE:**   _6-23-0C_

---

**DELIVERED TO:**   Hon. Ernie Hernandez, Jr.
City Commission, Place 2
City of Brownsville
City Hall
East 12th Street & Market Square
Brownsville, Texas  78520

**SUBJECT:**   Notice of Claim

**FILE NAME:**   Carlos Rubinstein

# CERTIFIED COPY

DELIVERED TO:      **Mayor Blanca S. Vela**
                                **City of Brownsville**
                                **City Hall**
                                **East 12th Street & Market Square**
                                **Brownsville, Texas  78520**

SUBJECT:        **Notice of Claim**

FILE NAME:      **Carlos Rubinstein**

RECEIVED BY:     _____

DATE:          6-23-00

CERTIFIED COPY

FILE COPY

## NOTICE OF CLAIM

STATE OF TEXAS              &
                           &
COUNTY OF CAMERON          &

BEFORE ME, the undersigned authority, personally appeared, CARLOS RUBINSTEIN, who, by me duly sworn, deposed as follows:

"My name is CARLOS RUBINSTEIN.  I am over 21 years of age.  I reside at 1570 Capistrano Drive, Brownsville, Cameron County, Texas, 78526.  My telephone number is (956) 546-2066.  I am the former City Manager of the City of Brownsville, Texas.  I am of sound mind and capable of making this affidavit.

This affidavit serves as notice to the City of Brownsville and the City of Brownsville City Commission pursuant to **Article II, Section 8 of the Brownsville Code (City Charter) and/or ordinance No. 93-1270 (Proposition #1)** of my claim for damages sustained by me as a direct result of the conduct, actions or inactions of the City of Brownsville and the City of Brownsville City Commission.

My claim against the City of Brownsville and certain members of the City of Brownsville City Commission arises out of the unlawful and wrongful termination of me as City Manager of the City of Brownsville by the City of Brownsville and certain members of the City of Brownsville City Commission as well as the following conduct:

(1)  Retaliating against me, a public employee, for addressing the Ryder/MLS issue with Commissioner ERNIE HERNANDEZ, JR. (in violation of the Texas Government Code Ann., Section 554.002 (Vernon 1998));

(2)  Dictating to me to discipline and/or retaliate against City of Brownsville employees (in violation of the Texas Constitution, Article 1, Section 8);

CERTIFIED COPY

(3) Dictating to me to discipline and/or retaliate against City of Brownsville employees (in violation of Section 20 of the Brownsville City Charter);

(4) Dictating to me to discipline and/or retaliate against City of Brownsville employees (in violation of the Texas Local Government Code Ann., Section 143.086 (Vernon 1998));

(5) Harassing me insofar as my religious faith and/or beliefs are concerned (in violation of Section 101, sub-section I, Chapter I of the City of Brownsville Personnel Policies Manual and the Texas Constitution, Article 1, Section 6);

(6) Denying me the right to file a grievance against City Commissioners ERNIE HERNANDEZ, JR. and CARLTON J. "BUD" RICHARDS (in violation of Section 705 of the City of Brownsville Personnel Policies Manual);

(7) Retaliating against me, a public employee for addressing or bringing forth City Commissioner ERNIE HERNANDEZ, JR.'s benefit from his vote on the Contract for Municipal and Transit Fleet Management and Maintenance Services between City of Brownsville and Ryder/MLS (in violation of the Texas Penal Code, Chapter 39, §39.02);

(8) Mistreating me or intentionally denying or impeding my freedom of speech and/or freedom to worship (in violation of the Texas Penal Code, Chapter 39, §39.03);

(9) Wrongfully terminating me, a public employee, who in good faith reported a violation of law of other public employees, i.e. City Commissioners ERNIE HERNANDEZ, JR. and CARLTON J. "BUD" RICHARDS, to an appropriate law enforcement authority, i.e. the City of Brownsville Police Department. Further, I, in good faith, believed the law enforcement authority, i.e. the City of Brownsville Police Department was authorized to regulate under or enforce the law alleged to be violated in the report or investigate or prosecute a violation of criminal law (in violation of the Texas Whistleblowers Act, Chapter 554 of the Texas Government Code);

(10) Wrongfully terminating me from my position as City Manager of the City of Brownsville for refusing to perform an "illegal act" by circumventing a majority City Commissioner vote on a contract or at least when the "laws of this state which carry criminal penalties" are implicated;

2

(11) Wrongfully terminating me from my position as City Manager of the City of Brownsville (in violation of the Freedom of Religion clause of the Texas Constitution (Tex. Const. Art. 1 section 6) and in violation of the Texas Constitution's Freedom of Association Clause); and

(12) Wrongfully terminating me from my position as City Manager of the City of Brownsville (in violation of Chapter 551 of the Texas Government Code – Texas Open Meetings Act).

The aforementioned conduct commenced and continued in Brownsville, Cameron County, Texas, which ultimately led to the unlawful and wrongful termination of me as City Manager of the City of Brownsville on January 6, 2000.

Based on the conduct, actions, and/or inactions of the City of Brownsville and certain members of the City of Brownsville City Commission, I seek to recover damages in the approximate amount of ONE MILLION AND FIVE HUNDRED THOUSAND AND NO/100THS DOLLARS ($1,500,000.00) as well as exemplary and/or punitive damages in an amount to be determined by the trier of fact, and reasonable attorney's fees. The damages that I seek to recover include, but are not limited to damages for past mental anguish, future mental anguish, past emotional distress, future emotional distress, lost wages and/or salary, lost benefits, and damages to my reputation in the community.

I reserve the right to amend or modify my plea for a specific amount of damages once discovery is completed and before the commencement of trial.

I also state that the following individuals have knowledge of matters or information relevant to the subject matter of this claim:

3

CERTIFIED COPY

Harry E. McNair, Jr.
37 Sunset Drive
Brownsville, Texas   78520

John Wood
1180 Toya Lane
Brownsville, Texas   78520

Carlton J. "Bud" Richards
17 Casa Linda
Brownsville, Texas   78521

Ernie Hernandez, Jr.
203 Shoreline Drive
Brownsville, Texas   78521

Sylvia Price
1545 Alta Mesa
Brownsville, Texas   78521

J.G. Warburton
c/o City of Brownsville
City Hall/Market Square
Brownsville, Texas   78520

Ivan Welker
c/o City of Brownsville
City Hall
East 12th Street & Market Square
Brownsville, Texas   78520

Blanca S. Vela
c/o City of Brownsville
City Hall
East 12th Street & Market Square
Brownsville, Texas   78520

Paul Calapa
c/o City of Brownsville
City Hall
East 12th Street & Market Square
Brownsville, Texas   78520

Pete Gonzalez
c/o City of Brownsville
City Hall
East 12th Street & Market Square
Brownsville, Texas   78520

4

CERTIFIED COPY

Ray Reinhart
c/o Tipton Ford
3840 North Expressway
Brownsville, Texas   78523

Jim Tipton
3840 North Expressway
Brownsville, Texas   78523

Ben Reyna (Chief of Police)
c/o Brownsville Police Department
600 E. Jackson Street
Brownsville, Texas   78520

Robert H. Lackner
2001 Palm Boulevard
Brownsville, Texas   78520

Henry Gonzalez
153 Paredes Line Road
Brownsville, Texas   78521

Rachel Figueroa
c/o City of Brownsville
City Hall
East 12th Street & Market Square
Brownsville, Texas   78520

Bill Young
c/o City of Brownsville
City Hall
East 12th Street & Market Square
Brownsville, Texas   78520

Efren Fernandez
c/o City of Brownsville
City Hall
East 12th Street & Market Square
Brownsville, Texas   78520

This list of witnesses or persons with knowledge of relevant facts is not intended to be all inclusive, and may be modified or supplemented once discovery is complete and before the commencement of trial.

5

**CERTIFIED COPY**

Further affiant sayeth not.

_____
CARLOS RUBINSTEIN

SUBSCRIBED AND SWORN TO BEFORE ME on the 22nd day of June,

2000, to certify which witness my hand and official seal.



ELIZABETH R. RIVERA
Notary Public, State of Texas
My Commission Expires
MARCH 1, 2003

_____
Notary Public, State of Texas

My Commission Expires on:

3 - 01 - 03
_____

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
DATE 10 23
BY _____
        DEPUTY

6

# CERTIFIED COPY

DATE: _____

```
FILED_____O'CLOCK_____
AURORA DE LA GARZA DIST   .^KK
        SEP 0 6 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
                    DEPUTY
```

RE:  Cause No. _____

_____

VS  _____

Enclosed for filing, please find the following:

_____ Plaintiff's Original Petition.
_____ Plaintiff's _____ Amended Original Petition.
_____ Defendant's Original Answer.
_____ Defendant's _____ Amended Original Answer.
_____ _____ Interrogatories to _____.
_____ Plaintiff's Answers to _____ Interrogatories.
_____ Our firm check in the amount of $_____ For court costs.
_____ Motion _____.
_____ Order _____.
_____ Judgment _____.
_____ Notice of Taking of Oral Deposition of _____.
_____ Notice of Taking of Deposition by Written Questions of
        _____.
_____ Jury Fee deposit of $30.00.
_____ Other: Request for Issuance of Order to Withhold Earnings.
        $25.00 Fee.

Please indicate below the indicated action:

_____ Prepare the Abstract of Judgment - $8.00 fee paid by ____.
_____ Prepare Writ of Execution - $8.00 fee paid by _____.
_____ Prepare Order of Sale - $8.00 fee paid by _____.
_____ File among the papers in the above styled and numbered
        cause.
_____ Prepare Citation and return for out-of-county service.
_____ Prepare Citation and have Defendant(s) served by
        Sheriff's office.
_____ Prepare citation and serve Defendant (s) by Certified
        Mail, Return Receipt Requested.

9/6/00
DPOK
$210.00 CK0530
mt

_____
Attorney's Signature

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT, CAMERON COUNTY
BY _____

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| Ricardo J Navarro<br>Denton, McKamie&Navarro<br>Attorneys And Counselors<br>222 East Van Buren, Ste. 405<br>Harlingen, TX 78550 | **PERSON FILING CHARGE**<br>Rubinstein, Carlos |

**THIS PERSON** (check one)

[X] CLAIMS TO BE AGGRIEVED

[ ] IS FILING ON BEHALF OF ANOTHER

**DATE OF ALLEGED VIOLATION**

| *Earliest* | *Most Recent* |
|---|---|
| 12/07/1999 | 12/07/1999 |

**PLACE OF ALLEGED VIOLATION**
Brownsville, TX

**CHARGE NUMBER**
360A02016

## NOTICE OF CHARGE OF DISCRIMINATION
*(See EEOC "Rules and Regulations" before completing this Form)*

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

[ ] **THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

[ ] **THE AMERICANS WITH DISABILITIES ACT**

[ ] **THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d))** investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1. [ ] No action is required on your part at this time.

2. [X] Please submit by 11/16/00 a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.

3. [ ] Please respond fully by _____ to the attached request for information which pertains to the allegations contained in this charge. Such information will be made a part of the file and will be considered by the Commission during the course of its investigation of the charge.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

San Antonio District Office
5410 Fredericksburg Road
Suite 200
San Antonio Texas  78229

Guillermo Zamora, Enf. Supv.
*(Commission Representative)*

(210) 281-7603
*(Telephone Number)*

[X] Enclosure: Copy of Charge

**BASIS OF DISCRIMINATION**

[ ] RACE  [ ] COLOR  [ ] SEX  [X] RELIGION  [ ] NAT. ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

**CIRCUMSTANCES OF ALLEGED VIOLATION**

See enclosed Form 5, Charge of Discrimination.

RECEIVED
OCT 19 2000

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 10/16/00 | Pedro Esquivel<br>Director  EXHIBIT C | |

EEOC FORM 131 (Rev. 06/92)

**RESPONDENT'S COPY**

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA  ☒ EEOC | 360A02016 |

Texas Commission on Human Rights _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mr. Carlos Rubinstein | (956) 546-8066 |

| STREET ADDRESS        CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 1570 Capistrano Drive, Brownsville, TX 78526 | 01/13/1959 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Brownsville City Of | Cat A (15-100) | (956) 548-8000 |

| STREET ADDRESS         CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| P O Box 911, Brownsville, TX 78520 | 061 |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| | |

| STREET ADDRESS        CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN  ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify)* | EARLIEST  12/07/1999   LATEST  12/07/1999  ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

On March 1, 1997, I was appointed as City Manager. Toward the end of the initial interview I was asked to disclose my religious affiliation and beliefs.

During my tenure as City Manager I was subjected to offensive, insensitive and anti-Semitic comments, harassment and retaliation for complaining these actions.

On December 7, 1999, I was placed on 30 days paid leave by the City Commission. I was terminated on January 6, 2000.

I believe I have been discriminated against because of my religious beliefs, Jewish, and in retaliation for complaining of a protective activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED
OCT 19 2000

| ☐ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| Date  9/29/00     Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |

EEOC FORM 5 (Rev. 06/99)

**FILE COPY**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CARLOS RUBINSTEIN                §
    Plaintiff              §
           §
vs.                              §
           §   Cause No.: **B‑00‑169**
CITY OF BROWNSVILLE, TEXAS       §
& CITY COMMISSIONERS             §
ERNIE HERNANDEZ, CARLTON "BUD"   §
RICHARDS, & HARRY MCNAIR,        §
Individually & Officially        §
    Defendants             §

## <u>REMOVAL PLEADINGS INDEX</u>

A. State Court Notice of Removal;

B. Certified Copy of State Court File, including Docket Sheet;

C. EEOC Notice of Charge and Charge of Discrimination; and

D. Certificate of Interested Parties and Counsel of Record.

.

r: rubinstein/rem.idx