7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 21 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CARLOS RUBINSTEIN, | & |
| Plaintiff, | & |
| VS. | & |
| | & C.A. NO. B-00-169 |
| CITY OF BROWNSVILLE, TEXAS | & |
| & CITY COMMISSIONERS ERNIE | & |
| HERNANDEZ, CARLTON "BUD" | & |
| RICHARDS, & HARRY MCNAIR, | & |
| Individually & Officially | & |
| Defendants | & |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE DISTRICT COURT:

**COMES NOW**, Plaintiff Carlos Rubinstein ("Rubinstein"), files this his Motion to Remand the removal of this action filed by Defendants the City of Brownsville, Texas and City Commissioners Ernie Hernandez, Carlton "Bud" Richards, & Harry McNair (hereinafter "Defendants"), and in support respectfully would show as follows:

I.

INTRODUCTION

1. This is a case alleging that Defendants violated the City of Brownsville Charter and policies, the Texas Government Code, the Texas Constitution, the Texas Penal Code, the public policy exception to the at will employment doctrine known as Sabine Pilot, and the Texas Whistleblowers Act, and that the Defendants intentionally inflicted severe emotional distress upon Rubinstein. Plaintiff filed suit against the Defendants on September 6, 2000. Defendants answered September 25, 2000.

2. Rubinstein's suit was filed in the 357th Judicial District Court of Cameron County, Texas. Defendants filed their Notice of Removal on October 23, 2000, claiming that this Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 133, 1367, and 1446(b). Defendants removal is improper because Rubinstein has not raised, or even remotely suggested, by "other paper" or pleading, any federal claims. Accordingly, the federal court lacks subject matter jurisdiction.

## II.
## ARGUMENT

### A. There is No Federal Jurisdiction.

3. In this case, Defendants do not allege the existence of diversity jurisdiction, nor that Rubinstein, in his petition, has pleaded a claim that arises under federal law. Rather, the sole basis for Defendants' Notice of Removal is their contention that a charge of discrimination filed by Rubinstein with the Equal Employment Opportunity Commission (hereinafter "EEOC") constitutes "other paper" indicating that Rubinstein is asserting a federally based claim under Title VII sufficient to trigger removal. See Notice of Removal at 2 - 3.[1] Defendants' contention lacks merit.

---

[1] By an "Advisory to the Court Regarding Action by EEOC on Plaintiff's Administrative Charge" filed November 7, 2000, Defendants apprize the Court that the EEOC, at Defendants' instigation, terminated its investigation of Rubinstein's charge of discrimination and issued a Dismissal and Notice of Rights on October 31, 2000. Of course, the right to sue notice issued by the EEOC itself cannot be considered as a basis for removal for two reasons. First, it issued after the case was removed, and removal is measured by the state of the facts as pleaded in the removal petition at the time of removal. See *Beighly v. FDIC*, 868 F.2d 776, 780 (5th Cir. 1989); *Warner v. Crum & Forster Comm. Ins Co.*, 839 F. Supp 436, 438 (N.D Tex. 1993). Second, the issuance of the right to sue notice was not a voluntary act by the plaintiff, and thus it cannot constitute other paper. See *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) ("The Fifth Circuit has indicated that the "other paper" conversion requires a voluntary act by the plaintiff.") (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961)).

Rubinstein.remandmotion.wpd                 2

4.  Initially, it is notable that Defendants cite no authority for the proposition that a charge of discrimination constitutes "other paper," nor did research reveal any support for that proposition. Of course, the lack of authority makes sense for very practical reasons. First, application to the EEOC's administrative process and the issuance of a right to sue notice are prerequisites to the pursuit of claims under Title VII, in large part, at least, so that the EEOC can serve the important function of investigating and conciliating charges. *Whitehead v. Reliance Ins. Co.*, 632 F.2d 452, 455 (5th Cir. 1980). In short, all EEOC charges do not result in lawsuits, and, indeed, cannot result in suits properly filed in federal court until a right to sue letter is issued. *See Vielma v. Eureka Co.*, 218 F.3d 458, 463 & 466 (5TH Cir. 2000) (explaining that in the federal system receipt of a federal right to sue letter and timely filing within ninety days are necessary before filing federal suit); *Whitehead*, 632 F.2d at 455-56.

5.  Second, Texas has state and local deferral agencies which form part of the dual system of processing claims of discrimination, by which charges are dually filed with both the EEOC and the Texas Commission on Human Rights. *See Vielma*, 218 F.3d at 462-63 (5TH Cir. 2000) (explaining the dual charge system). Thus, a charge of discrimination may result in the right to file a claim under Title VII or the Texas Commission on Human Rights Act, or both. *See id.* at 462-64. As Rubinstein proceeds through these administrative agencies and receives notices of his right to sue,[2] he will have the opportunity to determine whether he wishes to pursue claims under Title VII, TCHRA, or both, and if so, he will have to act to do so.

---

[2] Of course, the right to raise separate claims can be inferred from the fact that TCHR and EEOC right to sue letters are not interchangeable for purposes of filing suit. *See Vielma*, 218 F.3d at 464 (holding that right to sue letters are not interchangeable).

Rubinstein.remandmotion.wpd   3

6. Third, and somewhat related, a single course of conduct may result in several potential causes of action, and it is the plaintiff who determines what theory he wishes to pursue. For example, if a woman is touched sexually by her supervisor in the workplace, she may wish to file a claim for sexual harassment under state or federal law (or both), but she also may file, solely or along with any statutory claim, her claims for assault and battery or intentional infliction of severe emotional distress. In short, it is the plaintiff who is the master of the claim. *See* 14A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3721 at 332 (2d ed. 1998).

7. Moreover, the EEOC charge is indeterminate at best regarding Rubinstein's claims in two ways. First, it is indeterminate with respect to whether Rubinstein actually will pursue state or federal claims, or both. Second, it is indeterminate with respect to whether Rubinstein will pursue a federal claim in this suit or in a separate proceeding. As such, the charge cannot constitute other paper triggering removal. *See Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (rejecting the notion that a defendant should remove if the plaintiff's claim is indeterminate and requiring that removability be affirmatively revealed).

8. Finally, remand does not leave Defendants in a position of having to defend federal claims in state court. It is clear that Rubinstein has admitted that as of this moment he has not pleaded, by petition or other paper, any federal claim. Moreover, should Rubinstein plead, by petition or other paper, a federal claim, the Defendants can remove the case at that time. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492-493 (5th Cir. 1996) (explaining that a defendant can remove more than

once on the same theory (i.e., federal question) if there is a new pleading or event that makes the case removable).

### B. Rubinstein Is Entitled To Costs And Expenses.

9. Because Rubinstein was compelled to file this motion by Defendants' improper removal, Rubinstein respectfully requests that this Court award his costs and expenses, including attorney's fees, incurred as a result of the Defendants' removal of this action. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

10. Further, it is clear that this Court may exercise its discretion to determine and award fees. *Campos v. Housland, Inc.*, 824 F. Supp. 100, 103 (S.D. Tex. 1993); *S.M. v. Jones*, 794 F. Supp. 638, 640 (W.D. Tex. 1992). Reasonable fees for the work performed in relation to the motion to remand amount to $2,775.00. See Affidavit of Lizzette Palmer, attached hereto as Exhibit A.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Carlos Rubinstein respectfully requests that this Court issue an order remanding this action, in its entirety, to the 357th Judicial District Court of Cameron County, Texas, awarding Plaintiff Carlos Rubinstein $ 2,775.00 as reasonable attorney's fees and costs incurred as a result of the removal of this action, and granting Plaintiff Carlos Rubinstein any such other and further relief to which the Court may find him justly entitled.

Respectfully submitted,

Edwin L. McAninch, P.C.

*/s/ Ed McAninch*

By: ED MCANINCH
State Bar No. 13325050
507 Fall River Road
Houston, Texas 77024
(713) 461-8619
(713) 827-8920 (Fax)
Federal Id. NO. 4892
Attorney in Charge for Plaintiff

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 21st of November 2000, I conferred with Ricardo J. Navarro, attorney in charge for Defendants, and he indicated that he opposes this motion to remand.

*/s/ Ed McAninch*

Ed McAninch

## CERTIFICATE OF SERVICE

I hereby certify that on the 21 5Tth day of November, 2000, a true and correct copy of the above and foregoing document was forwarded by first class mail, postage prepaid, to all counsel of record as follows:

Ricardo J. Navarro
Mauro F. Ruiz
Denton, McKamie & Navarro
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550

_Ed McAninch_
Ed McAninch

## DECLARATION OF LIZZETTE PALMER

My name is Lizzette Palmer. I am over 18 years of age and I have personal knowledge of each and every fact contained in this declaration:

"I am an attorney licensed to practice in the State of Texas since 1993. I am licensed to practice in the United States District Court for the Southern District of Texas. My practice primarily has been in the area of labor and employment litigation.

"I have assisted Ed McAninch, the attorney in charge for the Plaintiff in this suit styled Carlos Rubinstein v. City of Brownsville, Texas, et al., by reviewing the pleadings, Defendants' Notice of Removal, and subsequent advisory to the Court, and by researching and drafting Plaintiff's Motion to Remand.

"I am familiar with billing rates typically charged in labor and employment litigation. My billing rate is typical, and for clients in labor and employment matters ranges between $250 and $300. My billing rate in this matter is $250.00/hour.

"I expended 11.1 hours in preparing the Plaintiff's Motion to Remand, of which approximately .4 hours were spent in reviewing the petition, answer, and Defendants' removal filings, approximately .2 hours were spent in consultation with Mr. McAninch, approximately 5.5 hours were spent on research, and approximately 5.0 hours were spent drafting the motion to remand. Accordingly, the reasonable and necessary attorney's fees incurred in connection with my work on the motion to remand are $2775."

I declare under penalty of perjury that the foregoing is within my personal knowledge and is true and correct.

Signed this 16th day of November 2000.

Lizzette Palmer
Texas Bar No. 00788156

