10

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 8 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF BROWNSVILLE, TEXAS | § | Cause No.: B-00-169 |
| & CITY COMMISSIONERS | § | |
| ERNIE HERNANDEZ, CARLTON "BUD" | § | |
| RICHARDS, & HARRY MCNAIR, | § | |
| Individually & Officially | § | |
|     Defendants | § | |

**CITY DEFENDANTS' MOTION TO FORCE ELECTION OF FEDERAL REMEDIES OR, ALTERNATIVELY, TO ABATE RULING ON MOTION TO REMAND**

NOW COMES the CITY OF BROWNSVILLE, TEXAS, and COMMISSIONERS HERNANDEZ, RICHARDS, & MCNAIR, individually and officially (hereafter "CITY DEFENDANTS") in the above-styled and numbered cause, and file this Motion to Abate. This motion is related to the Plaintiff's motion to remand and the CITY DEFENDANT's response thereto and should be considered in the context of those motions.

**FACTUAL BACKGROUND**

CITY DEFENDANTS hereby incorporate by reference the factual and procedural history previously laid out in their response to the Plaintiff's motion to remand.

City Defendants' Motion to Require
Election of Remedies Or to Abate Ruling                    Page 1

## EXHIBITS IN SUPPORT OF RESPONSE

CITY DEFENDANTS also hereby rely on and incorporate by reference, for all purposes, the exhibits submitted in support of their response in opposition to Plaintiff's motion to remand.

**1. City Defendants' Hereby Request That The Court Impose a Deadline For Plaintiff to Amend His Petition (Complaint) and Elect Remedies.**

In view of CITY DEFENDANTS' contention that the Notice of Charge constituted an "other paper" triggering the thirty day removal deadline, and the Plaintiff's contention that he has not yet decided whether he will pursue a federal claim or not, CITY DEFENDANTS contend that it would be reasonable to require Plaintiff to elect which federal remedies, if any, he intends to pursue. The record clearly and unambiguously reflects that the procedural posture of the file is such that Plaintiff can, by an amended Petition or Complaint, specify whether he intends to pursue his federally based claim.

**2. Alternatively, A Ruling ON the Motion to Remand Should be Abated For a Period of Ninety Days.**

Alternatively, if the Court is not willing or set a deadline for election of remedies, and in view of Plaintiff's "admission" in his motion to remand that he has not pleaded or otherwise done anything to invoke federal jurisdiction, then CITY DEFENDANTS request simply that the Court refrain from making any ruling on the Plaintiff's motion to remand until well after the ninety day period

City Defendants' Motion to Require
Election of Remedies Or to Abate Ruling                                Page 2

contemplated by the "Dismissal and Notice of Rights" issued to Plaintiff by the EEOC.

As authority for this request, CITY DEFENDANTS cite the Court to *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 765 & n. 13 (1979). In *Oscar Mayer*, a plaintiff suing under the Age Discrimination in Employment Act ("ADEA") commenced federal proceedings without first filing an administrative complaint. The defendant argued that the case should be dismissed. The Supreme Court, however, held that plaintiff had to exhaust state administrative remedies, but it did not dismiss the complaint despite the clear jurisdictional defect. Instead, the Court stated that "suspension of proceedings is preferable to dismissal with leave to refile." *Id*. Although that case was grounded in the ADEA, the Court noted that the ADEA and Title VII were subject to similar construction. See *Oscar Mayer & Co.*, 441 U.S. at 756 & n.13.

In connection with any abatement on the pending motion to remand, Plaintiff should be given an open opportunity to amend his pleadings so as to expressly state whether he intends pursue a Title VII claim or abandon it during the abatement period set by the Court. Upon Plaintiff's failure or refusal to clarify his pleadings, and upon the Court's finding that despite an opportunity to amend that Plaintiff did not affirmatively plead his claims pursuant to the "Dismissal & Notice of Rights," the Court may at

that time evaluate whether any further pursuit of a Title VII action is allowable.

Should the Court otherwise determine that the Title VII complaint is barred, and that remand is appropriate, then CITY DEFENDANTS can rely on Plaintiff's failure to act as conclusive proof that no Title VII cause of action exists in this controversy.

## CONCLUSION

THEREFORE, based on any one or more of the foregoing reasons, CITY DEFENDANTS hereby request that the Court enter the following relief:

1. That the Plaintiff elect his federal remedies, if any, pursuant to an amended complaint filed in accordance with the Court's scheduling deadline; and/or

2. That the Court abate a ruling on the Motion to Remand for a period of ninety days, or for a time period clearly beyond the time within which Plaintiff had to act on his "Dismissal & Notice of Charge" issued by the EEOC on 10/31/2000.

CITY DEFENDANTS further request any further and additional relief, at law or in equity, to which the Court finds that CITY DEFENDANTS are entitled.

SIGNED on the 8th day of December 2000.

Respectfully submitted,

**DENTON, McKAMIE & NAVARRO**
A Professional Corporation
Bank of America Building
222 East Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _/s/ Ricardo J. Navarro_
RICARDO J. NAVARRO
Attorney in Charge
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

**CERTIFICATE OF SERVICE**

I certify that a true copy of this document has been sent by regular U.S. Mail, unless otherwise indicated, to the persons listed below on the 8th day of December 2000.

Mr. Ed McAninch                     By CMRRR NO. 7000 1670 0000 0474 7412
LAW OFFICES OF EDWIN L. MCANINCH, P.C.
507 Fall River Road
Houston, Texas 77024
COUNSEL FOR PLAINTIFF

_/s/ Ricardo J. Navarro_
RICARDO J. NAVARRO
MAURO F. RUIZ