31

United States District Court
Southern District of Texas
FILED

OCT 0 1 2001

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF BROWNSVILLE, TEXAS | § | CIVIL ACTION NO.: B-00-169 |
| & CITY COMMISSIONERS | § | |
| ERNIE HERNANDEZ, CARLTON "BUD" | § | |
| RICHARDS, & HARRY McNAIR, | § | |
| Individually & Officially | § | |
| Defendants | § | |

## MOTION TO DISMISS OR FOR PARTIAL SUMMARY JUDGMENT
## BY INDIVIDUALLY NAMED DEFENDANTS
## AS TO CERTAIN CLAIMS & CAUSES OF ACTION BY PLAINTIFF

---

May it Please the Court:

COMES NOW individually named DEFENDANTS, ERNIE HERNANDEZ, CARLTON "BUD" RICHARDS, and HARRY McNAIR, in their individual capacity only (hereafter "DEFENDANTS"), and file this dispositive motion against certain claims and causes of action asserted by Plaintiff in his live pleading before this Court and requesting partial relief.

### NATURE OF LAWSUIT

This is an employment related action arising out of the involuntary termination of Plaintiff's employment with the DEFENDANT CITY OF BROWNSVILLE, TEXAS as the CITY's chief executive officer, a position typically referred to as the City Manager.

CMsPDF - www.fesio.com

Plaintiff contends that the termination of his employment was wrongful in that it was illegally motivated by the three individually named DEFENDANTS herein, all of whom voted to terminate Plaintiff's employment with the CITY OF BROWNSVILLE.

## PROCEDURAL POSTURE OF THE CASE

The live pleading before the Court is Plaintiff's Third Amended Original Complaint, which was filed on or about March 19, 2001.

The parties have exchanged fairly exhaustive written discovery requests consisting of admission, interrogatories, and document production, but have not engaged in deposition discovery to date. However, this motion addresses only questions of law.

## CLAIMS AND CAUSES OF ACTION BY PLAINTIFF

Plaintiff's live pleadings before the Court contain the following state and federal claims and causes of action arising out of the termination of Plaintiff's employment as City Manager:

1.    that the CITY DEFENDANTS violated Title VII of the Civil Rights Act of 1964, as amended in that they discriminated and retaliated against Plaintiff because of his race and religion (Jewish);

2.    that the CITY DEFENDANTS violated the First Amendment of the U.S. Constitution (freedom of religion and freedom of association clause) as well as the analogous clauses contained in the Texas Constitution;

3.    that the CITY DEFENDANTS violated the Due Process clause of the Fourteenth Amendment to the U.S. Constitution by maligning his good name, thereby depriving him of a liberty interest; and,

4.   that the CITY DEFENDANTS violated the Texas Whistleblower Act (Chapter 554, Texas Gov't Code) and the equivalent common law cause of action for whistleblower under *Sabine Pilot*

5.   state common law claim for intentional infliction of emotional distress.

*See* Plaintiff's Third Amended Original Complaint at p. 2.

### ISSUES TO BE RULED ON IN THIS DISPOSITIVE MOTION

The scope of this motion, which addresses pure questions of law, is limited to the following claims and causes of action asserted by Plaintiff against the individually named DEFENDANTS: 1) the Title VII claim; 2) the Texas Whistleblower Act claim; and 3) the Texas Constitution claim.

As to each of these claims DEFENDANTS contend that these causes of action do not lie against them individually, as a matter of law. Consequently, the argument and analysis below is focuses on these three claims only at this time as to the individual DEFENDANTS.

### LEGAL ARGUMENT & ANALYSIS

**I.   The Title VII Claims Can Not, As A Matter of Law, Run Against Individually Named Defendants Who Do Not Qualify As An Employer Under the Law.**

Because Title VII authorizes actions only against "employers" covered by the Act, the immediate issue is whether the individual DEFENDANTS qualify under Title VII as such.

The operative language of Title VII prohibits discriminatory conduct by an "employer." 42 U.S.C. §2000e-2(a). The statute

defines an "employer," in pertinent part, as a "person" who is "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person..." 42 U.S.C. §2000e(b). Finally the statute defines a "person" to include "one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations .... 42 U.S.C. §2000e(a). There is no dispute that the CITY OF BROWNSVILLE, is both a "person" and an "employer" for purposes of this statute.

*Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998) held that a defendant named in his individual capacity cannot act as an "employer" under Title VII. The terms "employer" has been interpreted as a supervisor who "wields the employer's traditional rights such as hiring and firing." *See also Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990). The underlying premise for precluding such a claim against an individually named defendant is that the defendant would not be acting as an agent of the corporate or municipal body he represents. *Id.*

Here, Plaintiff's employer was the CITY, not the individual defendants. In fact, Plaintiff has already judicially admitted that the individually named defendants were not his employer. *See* Plaintiff's Responses & Objections to Defendants' Request for Admission, Nos. 17-21, attached as Exhibit "A."

Motion to Dismiss or For Partial Summary
Judgment by Individual Defendants                                    Page 4

Therefore, to the extent that Plaintiff seeks to pursue his Title VII claims against the individual DEFENDANT CITY COMMISSIONERS named herein, as opposed to the CITY OF BROWNSVILLE, this cause of action should be dismissed.

## II. Plaintiff Does Not Qualify for Any Relief Against the Individual under the Texas Whistleblower Law.

As with Title VII, Plaintiff's claims against the individual DEFENDANTS under the Texas Whistleblower Act must fail as a matter of law. The Whistleblower Act, provides, in pertinent part, as follows:

> a) A **state or local governmental entity** may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

§554.002, Tex. Gov't Code (emphasis added). The cause of action is limited to the employing agency, and does not extend to individual officials of the agency. *See Texas Dept. Of Human Resources vs. Green*, 855 S.W.2d 136, 142-44 (Tex.App. - Austin, 1993, writ denied).

As further evidence that this cause of action can not run against individual defendants, the Act provides for a "Civil Penalty" against individual supervisors who violate the Act. §554.008, Tex. Gov't Code. However, only the Office of the Attorney General has standing to pursue such an action. *See* §554.008(b).

Motion to Dismiss or For Partial Summary
Judgment by Individual Defendants                           Page 5

To the extent that Plaintiff urges a Texas Whistleblower Act claim, any relief would be limited to the CITY OF BROWNSVILLE only as the government entity that formerly employed Plaintiff. Consequently, this statutory cause of action against the individual defendants should be dismissed.

**III. The Texas Constitutional Claim Does Not Allow for Damages and Any Equitable Relief Runs Only Against the Governing Body, Not the Individual Commissioners.**

Finally, Plaintiff also alleges a cause of action under the Texas Constitution for legal and equitable relief. The Texas Supreme Court has conclusively established that there is no "constitutional tort" equivalent to those brought under Section 1983. *City of Beaumont v. Boullion*, 896 S.W.2d 143, 146-50 (Tex. 1995)(no constitutional tort under Texas law). In other words, there is no cause of action for damages, period.

This cause of action to the extent that it is cognizable at all, is limited to equitable relief. It would not apply to the individually named DEFENDANTS because, to the extent that equitable relief is justified at all, it can only run against the government entity itself or its officials in their official capacity only. *See O'Bryant vs. City of Midland*, 949 S.W.2d 406, 413-14 (Tex.App. – Austin, 1997), *aff'd in part & rev'd in part* 18 S.W.3d 209 (Tex. 2000); *see also Haynes v. City of Beaumont*, 35 S.W.3d 166 (Tex. App. – Texarkana 2000, no writ).

Motion to Dismiss or For Partial Summary
Judgment by Individual Defendants                                    Page 6

Therefore, even assuming that Plaintiff were to be entitled to the equitable remedy of reinstatement, that remedy must necessarily run against the Plaintiff's former employer, the CITY OF BROWNSVILLE itself. The individually named defendants are incapable of giving Plaintiff any equitable relief because as individuals they have no authority to reinstate Plaintiff.[1]

To the extent that Plaintiff seeks both damages relief and equitable relief against the individually named DEFENDANTS, no such claim or cause of action can lie as a matter of law. Consequently, this cause of action against the individually named DEFENDANTS should be dismissed as a matter of law.

### CONCLUSION

Therefore, based on the foregoing arguments and authorities, and because the foregoing claims and causes of action against the individual defendants are simply not actionable against them in their individual capacity, DEFENDANTS Individually request and pray that these causes of action against them be dismissed with prejudice. The individual DEFENDANTS further request pray for such other and further relief, at law or in equity, to which they may show themselves justly entitled.

SIGNED on the _1st_ day of October, 2001.

---

[1] Moreover, two of the individual defendants, RICHARDS and MCNAIR, are at this time no longer in office, and they would not have authority pursuant to which to comply with an equitable order of reinstatement.

Motion to Dismiss or For Partial Summary
Judgment by Individual Defendants                                    Page 7

Respectfully Submitted,

**DENTON, NAVARRO & BERNAL**
A Professional Corporation
Bank of America Building
222 E. Van Buren, Suite 405
Harlingen, Texas 78550
956/421-4904
956/421-3621 (Fax)

By: _Ricardo J. Novarro_
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. Dist. ID No. 5953
MAURO F. RUIZ
State Bar No. 24007960
So. Dist. ID No. 23774

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been sent to the persons listed below on the /st day of October, 2001.

Mr. Ed McAninch          **CMRRR NO 7000 1670 0013 4633 8542**
LAW OFFICES OF EDWIN L. MCANINCH, P.C.
507 Fall River Road
Houston, Texas 77024-5613
COUNSEL FOR PLAINTIFF

_Ricardo J. Novarro_
RICARDO NAVARRO
MAURO F. RUIZ

Motion to Dismiss or For Partial Summary
Judgment by Individual Defendants

Page 8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | § | |
| | § | |
| VS. | § | CAUSE NO.: B-00-169 |
| | § | |
| CITY OF BROWNSVILLE, TEXAS & CITY | § | |
| COMMISSIONERS ERNIE HERNANDEZ, | § | |
| CARLTON "BUD" RICHARDS, & HARRY | § | |
| MCNAIR, Individually & Officially | § | |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO
## DEFENDANTS' REQUESTS FOR ADMISSIONS

TO:   CITY OF BROWNSVILLE, TEXAS & CITY COMMISSIONERS ERNIE
HERNANDEZ, CARLTON "BUD" RICHARDS, & HARRY MCNAIR,
Individually & Officially, Defendants, by and through their attorney of record, Hon.
Ricardo J. Navarro, DENTON & NAVARRO, P.C., Bank of America Building, 222
East Van Buren, Suite 405, Harlingen, Texas 78550.

COMES NOW, CARLOS RUBINSTEIN, Plaintiff in the above-styled and numbered civil

action and, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, serves these his

Responses and Objections to Defendants' Requests for Admissions on Defendants' counsel of

record, as attached hereto

Respectfully submitted,

*LAW OFFICE OF*
*ED MCANINCH*
507 Fall River Road
Houston, Texas 77024
Telephone No.: (713) 461-8619
Facsimile No. : (713) 827-8920

BY    *Ed McAninch*
ED MCANINCH
State Bar No. 13325050
Federal Id. No. 4892

Attorney for Plaintiff
CARLOS RUBINSTEIN

EXHIBIT" __A__ "

## CERTIFICATE OF SERVICE

I, **ED MCANINCH**, hereby certify that on this 14th day of June, 2001, the original of Plaintiff's Responses and Objections to Defendants' Requests for Admissions was served <u>VIA CM RRR # 7099 3220 0006 2779 6696</u> on Defendants' counsel of record, Hon. Ricardo .'. Navarro, **DENTON & NAVARRO, P.C.**, Bank of America Building, 222 East Van Buren, Suite 405, Harlingen, Texas, 78550.

_Ed McAninch_
ED MCANINCH

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO
## DEFENDANTS' REQUESTS FOR ADMISSIONS

1. That the CITY OF BROWNSVILLE is a home rule municipality organized under the laws of the State of Texas.

**RESPONSE: Admit.**

2. That at all times relevant to this controversy you were employed as the duly appointed City Manager for the CITY OF BROWNSVILLE.

**RESPONSE: Deny, as phrased. Admit that Carlos Rubinstein was employed as City Manager for the City of Brownsville.**

3. That your appointment as City Manager was made in accordance with the City Charter for the CITY OF BROWNSVILLE.

**RESPONSE: Deny, as** worded.

4. That as the City Manager for the CITY OF BROWNSVILLE you were the highest level executive officer within the administrative structure of the CITY.

**RESPONSE: Admit**

5. That as the City Manager for the CITY OF BROWNSVILLE your primary job duties were defined by the City Charter.

**RESPONSE: Deny.**

6. That as the City Manager, you answered directly to the Mayor and City Commissioners as the governing body for the CITY OF BROWNSVILLE.

**RESPONSE: Admit.**

7. That as the City Manager for the CITY OF BROWNSVILLE, your "employer" was the CITY OF BROWNSVILLE.

**RESPONSE: Deny, as phrased. Admit that Carlos Rubinstein was employed as City Manager for the City of Brownsville.**

3

8. That as the City Manager for the CITY OF BROWNSVILLE, your employment status was one of "at will" under Texas law.

**RESPONSE:** Objection is made to this Request for Admission in that, as worded, it asks Plaintiff to admit a proposition of law. See *Esparza v. Diaz*, 802 S.W.2d 772, 775 (Tex. App.-Houston, [14th Dist.] 1990, no writ.).

Subject to the aforementioned objection, **Deny,** as phrased.

9. That as City Manager for the CITY OF BROWNSVILLE you did not have any oral or verbal contract of employment with the CITY.

**RESPONSE: Deny.**

10. That as City Manager for the CITY OF BROWNSVILLE, you did not have any oral or verbal contract of employment with the City.

**RESPONSE: Deny.**

11. That as the City Manager for the CITY OF BROWNSVILLE your employment relationship with the CITY COMMISSION was necessarily one of trust and confidence.

**RESPONSE: Deny.**

12. That to retain your position as the City Manager for the CITY OF BROWNSVILLE you had to maintain the affirmative support and vote of a majority of the CITY COMMISSIONERS and the MAYOR.

**RESPONSE: Deny.**

13. That as the City Manager for the CITY OF BROWNSVILLE you ultimately were unable to maintain the affirmative support and vote of a majority of the CITY COMMISSIONERS and the MAYOR.

**RESPONSE: Deny.** The City of Brownsville terminated me on January 6, 2000.

4

14. That to retain your position as City Manager for the CITY OF BROWNSVILLE you had to maintain the trust and confidence of a majority of the CITY COMMISSIONERS and the MAYOR.

**RESPONSE:** **Deny. The City of Brownsville terminated me on January 6, 2000.**

15. That to retain your position as City Manager for the CITY OF BROWNSVILLE you ultimately were unable to maintain the trust and confidence of a majority of the CITY COMMISSIONERS and the MAYOR.

**RESPONSE:** **Deny. The City of Brownsville terminated me on January 6, 2000.**

16. That the involuntary termination of your status as City Manager for the CITY OF BROWNSVILLE was made in accordance with the City Charter.

**RESPONSE: Deny.**

17. That individual Defendant CARLTON "BUD" RICHARDS in his individual capacity was not your employer.

**RESPONSE: Admit.**

18. That individual defendant ERNIE HERNANDEZ in his individual capacity was not your employer.

**RESPONSE: Admit.**

19. That individual defendant HARRY MCNAIR in his individual capacity was not your employer.

**RESPONSE: Admit.**

20. That City Commissioner John Wood in his individual capacity was not your employer.

**RESPONSE: Admit.**

5

✳   21.  That Mayor Blanca Vela in her individual capacity was not your employer.

**RESPONSE:** **Admit**.

6

CibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CARLOS RUBINSTEIN                    §
            Plaintiff               §
                                     §
vs.                                  §
                                     §
CITY OF BROWNSVILLE, TEXAS           §       CIVIL ACTION NO.: B-00-169
& CITY COMMISSIONERS                 §
ERNIE HERNANDEZ, CARLTON "BUD"       §
RICHARDS, & HARRY MCNAIR,            §
Individually & Officially            §
            Defendants               §

ORDER ON
MOTION TO DISMISS OR FOR PARTIAL SUMMARY JUDGMENT
BY INDIVIDUALLY NAMED DEFENDANTS
AS TO CERTAIN CLAIMS & CAUSES OF ACTION BY PLAINTIFF

On this day there came before the Court the Motion to Dismiss or for Partial Summary Judgment filed on behalf of the Individually Named Defendants in this lawsuit, as well as any responses thereto. After consideration of the pleadings on file, and a review of the pertinent authorities, the Court finds that the Motion has merit and should be GRANTED.

It is, Therefore, ORDERED, that the following causes of action urged by Plaintiff against the Defendants in their individual capacity are hereby DISMISSED from this lawsuit:

1) Plaintiff's cause of action pursuant to Title VII of the Civil Rights Act of 1964, as amended;

Order on Individual Defendants' Dispositive Motion                    Page 1

2) Plaintiff cause of action brought under Chapter 554, Texas Gov't Code (the Whistleblower Act); and,

3) Plaintiff's cause of action for legal and equitable relief under the Texas Constitution, Art. I, §6.

This Order does not affect the pendency of these claims against the governing body itself.  SO ORDERED.

SIGNED on the _____ day of _____, 2001.

_____
HON. HILDA G. TAGLE
U.S. DISTRICT COURT JUDGE

Order on Individual Defendants' Dispositive Motion                    Page 2