24

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 0 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | & | |
| | & | |
| VS. | & | |
| | & | |
| THE CITY OF BROWNSVILLE, TEXAS, | & | |
| ERNIE HERNANDEZ, JR., CARLTON J. | & | C.A. NO.: B-00-169 |
| "BUD" RICHARDS, HARRY E. MCNAIR, | & | |
| JR., IN THEIR INDIVIDUAL | & | |
| CAPACITIES AND OFFICIAL | & | |
| CAPACITIES AS CITY COMMISSIONERS | & | |
| FOR THE CITY OF BROWNSVILLE | & | |

## PLAINTIFF'S INITIAL DISCLOSURES

> TO: Defendants THE CITY OF BROWNSVILLE, TEXAS, ERNIE HERNANDEZ, JR., CARLTON J. "BUD" RICHARDS, HARRY E. MCNAIR, JR., IN THEIR INDIVIDUAL CAPACITIES AND OFFICIAL CAPACITIES AS CITY COMMISSIONERS FOR THE CITY OF BROWNSVILLE, by and through their attorneys of record, Hon. Ricardo J. Navarro and Hon. Mauro F. Ruiz, Bank of America Building, 222 E. Van Buren, Suite 405, Harlingen, Texas, 78550.

COMES NOW, CARLOS RUBINSTEIN, Plaintiff in the above-styled and numbered civil action, and submits these his Initial Disclosures under Rule 26 of the Federal Rules of Civil Procedure, as follows:

> (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information (subject to supplementation).

> RESPONSE:

> 1. Carlos Rubinstein (Plaintiff)
> 1570 Capistrano Drive
> Brownsville, Texas  78526
> (956) 546-2066

Mr. Rubinstein is the Plaintiff in this civil action. He has personal knowledge of the subject matter made the basis of this lawsuit, including, but not limited to the allegations and/or contentions contained in his pleadings. He also has knowledge of the events or course of events which took place and led to the termination of him as City Manager of the City of Brownsville on January 6, 2000.

Mr. Rubinstein is expected to testify as to his knowledge of the incident made the basis of this lawsuit and as to his injuries and damages, including, but not limited to mental anguish, economic damages, and emotional distress. Mr. Rubinstein also has knowledge of and is expected to testify as to the contents of several E-Mails, letters, and/or memorandums exchanged between him, the City Commissioner Defendants, the former Mayor of the City of Brownsville, Henry Gonzalez, the current Mayor of the City of Brownsville, Blanca S. Vela, and other City personnel.

2. Ernie Hernandez, Jr., Individually and in his Official Capacity and as City Commissioner for the City of Brownsville (Defendant)
203 Shoreline Drive
Brownsville, Texas  78521
(956) 546-1722

Mr. Hernandez currently holds the office of City Commissioner, Place 2, for the City of Brownsville. Mr. Hernandez has been a City Commissioner since 1991 except for the years 1994-1995. He has knowledge of the subject matter made the basis of this lawsuit. He also has knowledge of the contents of the memorandums written by him in regard to Mr. Rubinstein, including, but not limited to the memorandum dated September 9, 1998. Mr. Hernandez also has knowledge of the events or course of events which took place leading to the termination of Mr. Rubinstein from his position as City Manager of the City of Brownsville on January 6, 2000. He further has knowledge and participated in actions of a retaliatory and discriminatory nature and harassment action against Mr. Rubinstein for his unwillingness to participate in illegal or inappropriate actions for assisting the Brownsville Police Department in their investigation of Commissioner Richards and Hernandez, and for the unwillingness to retaliate against City employees who "politically" were incompatible or undesirable

2

to the Defendants.  Further, all in retaliation for
having complained about Commissioner Richards
comments of March 30, 1998.

3.    Carlton J. "Bud" Richards, Individually and in his
      Official Capacity and as City Commissioner for the
      City of Brownsville (Defendant)
      17 Casa Linda
      Brownsville, Texas  78521
      (956) 542-7565

      Mr. Richards currently holds the office of City
      Commissioner, Place 1, for the City of Brownsville.
      He has knowledge of the subject matter made the
      basis of this lawsuit.  He also has knowledge of
      the   contents   of   the   letters,   e-mails,   and
      memorandums   written   by   him   in   regard   to   Mr.
      Rubinstein,   including,   but   not   limited   to   the
      letter dated March 30, 1998 to former Mayor Henry
      Gonzalez, and memorandum dated September 9, 1998.
      Mr. Richards also has knowledge of the events or
      course of events which took place leading to the
      termination of Mr. Rubinstein from his position as
      City Manager of the City of Brownsville on January
      6, 2000.  He further has knowledge and participated
      in actions of a retaliatory and discriminatory and
      harassment action against Mr. Rubinstein for his
      unwillingness   to   participate   in   illegal   or
      inappropriate actions for assisting the Brownsville
      Police   Department   in   their   investigation   of
      Commissioner Richards and Hernandez, and for the
      unwillingness to retaliate against City employees
      who "politically" were incompatible or undesirable
      to the Defendants.  Further, all in retaliation for
      having complained about Commissioner Richards
      comments of March 30, 1998.

4.    Harry E. McNair, Jr., Individually and in his
      Official Capacity and as City Commissioner for the
      City of Brownsville (Defendant)
      37 Sunset Drive
      Brownsville, Texas  78520
      (956) 541-5276

      Mr. McNair currently holds the office of City
      Commissioner, Place 3, for the City of Brownsville.
      He has knowledge of the subject matter made the
      basis of this lawsuit.  He also has knowledge of
      the   contents   of   the   letters,   E-Mails,   and
      memorandums written by Defendants Hernandez and
      Richards in regard to Mr. Rubinstein, including,
      but not limited to the memorandum dated September

                            3

9, 1998. Mr. McNair also has knowledge of the events or course of events which took place leading to the termination of Mr. Rubinstein from his position as City Manager of the City of Brownsville on January 6, 2000. He further has knowledge and participated in actions of a retaliatory and discriminatory and harassment action against Mr. Rubinstein for his unwillingness to participate in illegal or inappropriate actions for assisting the Brownsville Police Department in their investigation of Commissioner Richards and Hernandez, and for the unwillingness to retaliate against City employees who "politically" were incompatible or undesirable to the Defendants. Further, all in retaliation for having complained about Commissioner Richards' comments of March 30, 1998.

5.    Judy Rubinstein
      1570 Capistrano Drive
      Brownsville, Texas   78526
      (956) 546-2066

      Judy is Mr. Rubinstein's spouse. She has knowledge of the subject matter made the basis of this lawsuit, including, but not limited to her husband's injuries and damages (i.e. economic damages, mental anguish, etc.). She further witnessed the negative effects that such actions as outlined in this lawsuit had on her husband, Carlos, and the Rubinstein family.

6.    John Wells, M.D. (Plaintiff's physician)
      844 Central Boulevard, Suite 360
      Brownsville, Texas   78520
      (956) 541-9824

      Dr. Wells may testify to Plaintiff's prognosis and diagnosis, past and future medical bills made the basis of this lawsuit. He may further testify as to any other medical examinations or medical treatments rendered to Plaintiff made the basis of this lawsuit. He had knowledge of the health effects the undue pressure Mr. Rubinstein was subjected to had on him. He treated Mr. Rubinstein repeatedly and extensively, for upper back problems caused by and aggravated by the level of stress he was enduring due to the actions of the defendants.

4

7.   Carl Beller, D.C.
     Brian Beller, D.C.
     4 East Levee
     Brownsville, Texas   78520
     (956) 546-6350

     Drs. Beller are chiropractors who have rendered
     chiropractic treatment to Mr. Rubinstein.  They are
     expected to testify as to Mr. Rubinstein's
     prognosis and diagnosis, past and future medical
     bills made the basis of this lawsuit.   He may
     further testify as to any other medical
     examinations or medical treatments rendered to
     Plaintiff made the basis of this lawsuit.   He had
     first knowledge of the health effects the undue
     pressure Mr. Rubinstein was subjected to had on
     him.    He treated him prior to Dr. Wells and
     concurrently thereafter, for upper back problems
     caused by and aggravated by the level of stress Mr.
     Rubinstein was enduring due to the actions of the
     Defendants.

8.   Rabbi Ed Rosenthal(Former Rabbi of Temple Beth-El)
     Emory University
     Atlanta, Georgia
     (404) 727-6490

     Rabbi Rosenthal has knowledge of Jewish faith,
     heritage, and history.  He is the former Rabbi of
     Temple Beth-El in Brownsville, Texas, where Mr.
     Rubinstein attends.    He has knowledge of the
     insensitive and anti-Semitic comments made to Mr.
     Rubinstein by "Bud" Richards as stated to Mr.
     Rubinstein by both Richards and Mr. Rubinstein in
     separate conversations.  Also, Rabbi Rosenthal has
     first hand knowledge of Mr. Rubinstein as a fellow
     Jew and member of the congregation of Temple Beth-
     El.   Additionally, he has first hand knowledge of
     the way the comments made by Defendant Richards
     affected and continues to affect Carlos, Judy,
     Jacqueline, Tiffany Leah and Jennifer Ness
     Rubinstein.

9.   Henry Gonzalez (Former Mayor)
     153 Paredes Line Road
     Brownsville, Texas   78521
     (956) 542-9511

5

Mr. Gonzalez is the former Mayor of the City of Brownsville. He has knowledge of Mr. Rubinstein's capabilities and work ethic as City Manager. He further has knowledge of the negative effects the comments by Defendants Richards and Hernandez relative to Mr. Rubinstein's Jewish faith had on Mr. Rubinstein and his family. He further has knowledge and was a witness of the retaliatory actions that Defendant Richards undertook against Mr. Rubinstein for complaining about Defendant Richards' anti-Semitic comments. Witness to the request, by Defendant Hernandez during Mr. Rubinstein's interview for City Manager, for disclosure of his religious beliefs. He also has knowledge of Mr. Rubinstein's reaction and refusal, due to his religious conviction, to shave off my beard, as requested by Defendants McNair and Hernandez.

10.   Commissioner John Wood
      1180 Toya Lane
      Brownsville, Texas   78520
      (956) 546-2415

Mr. Wood has knowledge of the negative effects, the comments by Defendants Richards and Hernandez relative to his Jewish faith has on me and my family. He has knowledge and witness of the retaliatory actions that Defendant Richards undertook against Mr. Rubinstein for complaining about his (Richards) anti-Semitic comments. Witness to the request, by Defendant Hernandez during his interview for City Manager, for disclosure of his religious beliefs. He has further knowledge of his reaction and refusal, due to his religious conviction, to shave off his beard, as requested by Defendants McNair and Hernandez. He has knowledge of Defendant Richards' attempts to cancel the purchase of a vehicle for EMS, in violation of City and State purchasing regulations.

11.   Jackie Lockett (Former City Commissioner)
      715 Acacia Lake Drive
      Brownsville, Texas   78521
      (956) 546-2377

6

Ms. Lockett is a former City Commissioner of the City of Brownsville. She has knowledge of Mr. Rubinstein's capabilities and work ethic as City Manager. She is a witness to the request by Defendant Hernandez during his interview for City Manager, for disclosure of his religious beliefs. She further has knowledge of Mr. Rubinstein's reaction and refusal due to his religious conviction to shave off his beard as requested by Defendants McNair and Hernandez.

12. Ivan Welker (Assistant City Manager)
c/o City of Brownsville
City Hall
East 12th Street & Market Square
P. O. Box 911
Brownsville, Texas  78520
(956) 548-6007

Mr. Welker witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards and Hernandez. He has further knowledge of the negative effects and comments made by Commissioner Richards and Hernandez relative to his Jewish faith had on Mr. Rubinstein and his family. He has further direct knowledge of his work ethic, demeanor and accomplishments as City Manager. He has first hand knowledge of the inappropriate request by Commissioner Richards to cancel the purchase of the vehicle for EMS. Witness of the negative health effects the undue stress that Mr. Rubinstein was under. Mr. Welker further recommended Dr. Beller to Mr. Rubinstein for back treatment. Witnessed Commissioner McNair's threat to place Mr. Rubinstein on the agenda subject to a vote of no confidence if Mr. Rubinstein did not hold a press conference defending Commissioner Hernandez and McNair against the charges made by BPOA. Recipient of complaints from Tipton Ford staff relative to the inappropriate request by Commissioner Richards to cancel the purchase of the vehicle for EMS.

13. Sylvia Price (Former City Manager's Executive Secretary)
1545 Alta Mesa
Brownsville, Texas  78521
(956) 546-3463

7

Ms. Price witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards and Hernandez. She further witnessed the effects that Commissioner Richards' comments of March 30th, 1998 had on Mr. Rubinstein after the call. Knowledge of the negative effects the comments by Commissioner Richards and Hernandez relative to my Jewish faith had on Mr. Rubinstein and his family.. Witnessed, in particular, Commissioner Richards outburst and retaliatory actions against Mr. Rubinstein for simply not being able to park in his designated parking spot. Direct knowledge of his work ethic, demeanor and accomplishments as City Manager. Knowledge of inappropriate communications outside of a public and posted meeting, personal and via e-mail, by and between Commissioners Richards, Hernandez and in particular Commissioner McNair due to her support for Mr. Rubinstein as City Manager. Complained to Mayor Vela about the many retaliatory actions she witnessed and experienced from Commissioners McNair and Richards. Assisted in compiling the date relative Mr. Rubinstein's medical related leave as requested by Commissioner Richards.

14. Rachel Figueroa (Secretary to the City Manager)
City Hall
East 12th Street & Market Square
P. O. Box 911
Brownsville, Texas   78520
(956) 548-6007

Ms. Figueroa witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards and Hernandez. She further witnessed the effects that Commissioner Richards' comments of March 30, 1998 had on Mr. Rubinstein immediately after the call. She further has knowledge of the negative effects the comments by Commissioner Richards and Hernandez relative to Mr. Rubinstein s Jewish faith had on him and his family. She further witnessed, in particular, Commissioner Richards outburst and retaliatory actions against Mr. Rubinstein for simply not being able to park in his designated parking spot. She further has knowledge of Mr. Rubinstein's work ethic, demeanor and accomplishments as City Manager. She has further knowledge of inappropriate communications outside of a public and posted meeting, personal and via e-mail, by and between Commissioners Richards, Hernandez and in particular Commissioner McNair and Mayor Vela.

8

15.  Pete Gonzalez (Finance Director)
     City Hall
     East 12th Street & Market Square
     P. O. Box 911
     Brownsville, Texas  78520
     (956) 548-6007

     Mr. Gonzalez witnessed repeated retaliatory actions
     against Mr. Rubinstein by Commissioners Richards
     and Hernandez.  He has direct knowledge of Mr.
     Rubinstein's   work   ethic,   demeanor   and
     accomplishments as City Manager.  He further has
     knowledge of the negative effects the comments by
     Commissioner Richards and hernandez relative to Mr.
     Rubinstein's Jewish faith had on him and his
     family.  Mr. Gonzalez further warned Mr. Rubinstein
     of Commissioner Richards, Hernandez, and McNair s
     inappropriate meetings while in New York in early
     November 1999, which he witnessed, wherein the EMS
     department, the contemplated cancellation of the
     EMS vehicle purchase as an excuse to terminate Mr.
     Rubinstein, were discussed.   Later subjected to
     retaliatory actions for having warned him.

16.  Paul Calapa (Purchasing Agent)
     c/o City of Brownsville
     City Hall
     East 12th Street & Market Square
     P. O. Box 911
     Brownsville, Texas  78520
     (956) 548-6007

     Mr. Calapa witnessed repeated retaliatory actions
     against Mr. Rubinstein by Commissioners Richards.
     He has direct knowledge of his work ethic, demeanor
     and accomplishments as City Manager.  He has direct
     knowledge of Commissioner Richards involvement in
     attempting to cancel outside of a public meeting,
     the already approved purchase of the vehicle for
     EMS, to include receiving complaints from staff
     from Tipton Ford about Commissioner Richards
     actions,  and  how  these  were  motivated  by
     Commissioner Richards  desire to "get the City
     Manager."

17.  Ben Reyna (Chief of Police)
     Brownsville Police Department
     600 E. Jackson Street
     Brownsville, Texas  78520
     (956) 548-7000

9

Chief Reyna witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards and Hernandez. He has direct knowledge of his work ethic, demeanor and accomplishments as City Manager. He further has knowledge of the negative effects the comments by Commissioner Richards and Hernandez relative to Mr. Rubinstein's Jewish faith had on him and his family. Also, recipient of retaliatory actions, particularly from Commissioner Richards. He further has direct knowledge of Commissioner Richards involvement in attempting to cancel, outside of a public meeting, the already approved purchase of the vehicle for EMS. Recipient of written and recorded evidence relative to Commissioner Richards actions and complaints from staff from Tipton Ford which state that the cancellation of the EMS vehicle was contemplated so as to "get back at the City Manager." He further has knowledge of facts and evidence obtained and identified by Brownsville Police Department investigators in their investigations of Commissioner Hernandez and Richards relative to alleged illegal activities, as well as actions or inactions by the District Attorney s office in response to this evidence.

18.  Robert H. Lackner (Former Chairman of the PUB)
     2001 Palm Boulevard
     Brownsville, Texas  78520
     (956) 986-0210

Mr. Lackner witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards. He has direct knowledge of his work ethic, demeanor and accomplishments as City Manager. He further has knowledge of the negative effects the comments by Commissioner Richards and Hernandez relative to Mr. Rubinstein's Jewish faith had on him and his family. Mr. Lackner further warned Mr. Rubinstein of Commissioner Richards, Hernandez, and McNair s inappropriate meetings while in New York in early November 1999, which he witnessed, wherein the EMS department, the contemplated cancellation of the EMS vehicle purchase as an excuse to terminate him were discussed. He further witnessed Commissioner Richards statements, while in New York and in the company of Commissioners McNair and Hernandez, as well as other PUB Board members, stating that he (Richards) wold make sure that Mr. Rubinstein was terminated in retaliation for him having complained about Commissioner Richards insensitive, anti-Semitic statements. Repeatedly subjected to

10

retaliatory actions for supporting me and having warned about what he witnessed in New York.

19. Efren Fernandez (Human Resources Director)
City Hall
East 12th Street & Market Square
P. O. Box 911
Brownsville, Texas  78520
(956) 548-6007

Mr. Fernandez witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards. He has direct knowledge of Mr. Rubinstein's work ethic, demeanor and accomplishments as City Manager. He further has knowledge of the negative effects the comments by Commissioner Richards and Hernandez relative to his Jewish faith had on him and his family. Mr. Fernandez opined that Mr. Rubinstein should not have been subjected to the harassment and questioning by Commissioner Richards and Hernandez relative to his Jewish faith. He further opined that Commissioner Richards' request for documents relative to medical related leave, to include intrusive requests was inappropriate.

20. Bill Young (Public Information Officer)
City Hall
East 12th Street & Market Square
P. O. Box 911
Brownsville, Texas  78520
(956) 548-6007

Mr. Young witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards. He further has direct knowledge of his work ethic, demeanor and accomplishments as City Manager. He witnessed negative and derogatory statements made about Mr. Rubinstein, by Commissioners Richards in particular, outside of an official City Commission meeting.

21. Geoff Warburton (City Attorney)
City Hall
East 12th Street & Market Square
P. O. Box 911
Brownsville, Texas  78520
(956) 548-6007

11

Mr. Warburton is the City Attorney of the City of Brownsville. He rendered a legal opinion that as City Manager, Mr. Rubinstein was not able to seek administrative relief through a grievance relative to Commissioner Richards and Hernandez' questioning of his religious beliefs and sensibility. He further opined that Commissioner Richards and Hernandez had not gone far enough in questioning Mr. Rubinstein's religious beliefs and sensibilities for the same to constitute harassment. He further opined that Commissioner Hernandez' involvement with the City of Brownsville relative to his towing service was not a conflict of interest. Additionally, Mr. Warburton has knowledge of the 4x4 vehicle incident involving Tipton Ford.

22.   Blanca Sanchez Vela (Mayor)
      City Hall
      East 12th Street & Market Square
      P. O. Box 911
      Brownsville, Texas   78520
      (956) 548-6007

      Mayor Vela witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards. He has direct knowledge of his work ethic, demeanor and accomplishments as City Manager. He further witnessed negative and derogatory statements made about Mr. Rubinstein by Commissioner Richards, in particular, outside of an official City Commission Meeting. She is further a witness of Commissioner Richards unwillingness to participate in the development of guidance documents and evaluation of the Carlos Rubinstein as City Manager. Recipient of harsh comments from Commissioner Richards for her (Mayor Vela) having promoted and championed a pay increase for the City Manager. Recipient of complaints from Sylvia Price relative to the actions of Commissioners McNair, Hernandez, and Richards.

23.   Jim Tipton
      Ray Reinhart
      Tipton Ford
      3840 North Expressway
      Brownsville, Texas   78521
      (956) 350-5600

Mr. Tipton and Mr. Reinhart have knowledge of Commissioner Richards and Hernandez' actions requesting the cancellation of an already approved purchase of a vehicle for EMS and the replacement of the same with a previously not bid 15 passenger van. Mr. Reinhart in particular - knowledge that Richards was pursuing this action to "get the City Manager."

24. Michael Putegnat
    1628 Westminster
    Brownsville, Texas   78521
    (956) 546-5855

Mr. Putegnat has knowledge of repeated retaliatory actions against Mr. Rubinstein by Commissioner Richards. He further has direct knowledge of Mr. Rubinstein's work ethic, demeanor and accomplishments as City Manager. He further witnessed negative and derogatory statements made about Mr. Rubinstein, by Commissioner Richards in particular outside of an official City Commission Meeting. Also, subjected to derogatory comments from Commissioner Richards. He has further knowledge of the actions witnessed by Robert Lackner while in New York with Commissioners Richards, Hernandez, and McNair. He further has knowledge of the negative effects and comments made by Commissioners Richards and Hernandez relative to Mr. Rubinstein's Jewish faith had on him and his family.

25. Larry Brown (Director of Planning and Community Development)
    City Hall
    East 12th Street & Market Square
    P. O. Box 911
    Brownsville, Texas   78520
    (956) 548-6007

Mr. Brown has knowledge and/or witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards and Hernandez. He has direct knowledge of his work ethic, demeanor and accomplishments as City Manager. He further has knowledge of the negative effects and comments made by Commissioners Richards and Hernandez relative to Mr. Rubinstein's Jewish faith had on him and his family.

26. Carlos Ayala, Jr. (Public Works Director)
    700 Jose Colunga
    Brownsville, Texas   78521
    (956) 542-7511

    Mr. Ayala has knowledge and/or witnessed repeated
    retaliatory actions against Mr. Rubinstein by
    Commissioners Richards and Hernandez.   He has
    direct knowledge of his work ethic, demeanor and
    accomplishments as City Manager.   He further has
    knowledge of the negative effects and comments made
    by Commissioners Richards and Hernandez relative to
    Mr. Rubinstein's Jewish faith had on him and his
    family.

27. Daniel Weber (Airport Director)
    Airport Department
    700 South Minnesota
    Brownsville, Texas   78521
    (956) 542-4373

    Mr. Weber has knowledge and/or witnessed repeated
    retaliatory actions against Mr. Rubinstein by
    Commissioners Richards and Hernandez.   He has
    direct knowledge of his work ethic, demeanor and
    accomplishments as City Manager.   He further has
    knowledge of the negative effects and comments made
    by Commissioners Richards and Hernandez relative to
    Mr. Rubinstein's Jewish faith had on him and his
    family.   Mr. Weber is a recipient of comments from
    Commissioner Hernandez on December 1, 1999
    promising to get even with Mr. Rubinstein within
    one week.

28. Art Rodriguez (Former Director of Health and E.M.S.)
    954 E. Madison Street
    Brownsville, Texas   78520
    (956) 541-9491

    Mr. Rodriguez has knowledge of and/or witnessed
    repeated retaliatory actions against Mr. Rubinstein
    by Defendants Richards and Hernandez.   He also has
    direct knowledge of Mr. Rubinstein's work ethic,
    demeanor and accomplishments as City Manager.   He
    further has knowledge of the negative effects and
    comments made by Defendants Richards and Hernandez
    relative to Mr. Rubinstein's Jewish faith had on
    Mr. Rubinstein and his family.

14

29.   Employees, agents, servants, representatives, and/or custodian of records for City of Brownsville
City Hall
East 12th Street & Market Square
P. O. Box 911
Brownsville, Texas   78520
(956) 548-6007

These individuals (whose identity are not known at this time) have knowledge as to the authenticity of any documents and/or items, such as letters, memorandums, e-mails furnished to Plaintiff's counsel and/or Mr. Rubinstein in regard to Mr. Rubinstein, and his employment at the City of Brownsville.

30.   Employees, agents, servants, representatives, and custodian of records for Brownsville Herald
(i.e. George Cox, Julia Lopez or Fabiola Gutierrez)
1135 E. Van Buren
Brownsville, Texas   78520
(956) 542-4301

These individuals have knowledge as to the authenticity of any newspaper articles, documents, and/or items furnished to Plaintiff's counsel and/or Mr. Rubinstein in regard to Mr. Rubinstein.

31.   Employees, agents, servants, representatives, and custodian of records for City of Brownsville Police Department
(i.e. Robert Avita or any other custodian of records)
600 E. Jackson Street
Brownsville, Texas   78520
(956) 548-7000

These individuals have knowledge as to the authenticity of any documents, statements, and/or items furnished to Plaintiff's counsel and/or Mr. Rubinstein in regard to Mr. Rubinstein.

32.   Employees, agents, servants, representatives, and custodian of records for Brownsville Police Officers Association - "B.P.O.A."
600 E. Jackson Street
Brownsville, Texas   78520
(956) 548-7000

These individuals have knowledge as to the authenticity of any documents and/or items furnished to Plaintiff's counsel and/or Mr. Rubinstein in regard to Mr. Rubinstein.

33.  Employees, agents, servants, representatives, and custodian of records for Texas Municipal League
     2004 West Jefferson, Building "C"
     Harlingen, Texas  78550
     (956) 412-1919

     These individuals have knowledge as to the authenticity of any documents and/or items furnished to Plaintiff's counsel and/or Mr. Rubinstein in regard to Mr. Rubinstein.

34.  Employees, agents, servants, representatives, and custodian of records for Ryder/MLS Brownsville
     700 Jose Colunga Jr. Street
     Brownsville, Texas  78521
     (956) 541-1314; (956) 541-1927; or (956) 542-7542

     These individuals have knowledge as to the authenticity of any and all documents, items, and/or contracts, including, but not limited to the CONTRACT FOR MUNICIPAL AND TRANSIT FLEET MANAGEMENT AND MAINTENANCE SERVICES BETWEEN CITY OF BROWNSVILLE AND RYDER/MLS (09/16/97) furnished to Plaintiff's counsel and/or Mr. Rubinstein.

35.  Employees, agents, servants, representatives, and custodian of records for Ernie's Wrecker Services/Express Towing
     205 Paredes Line Road
     Brownsville, Texas  78521
     (956) 546-1722

     These individuals have knowledge as to the authenticity of any documents and/or items furnished to Plaintiff's counsel and/or Mr. Rubinstein in regard to any towing records.

16

36.   Mary Valdez - Doherty
      9 Poinsettia Place
      Brownsville, Texas  78520
      (Telephone No. Unavailable)

      Ms. Valdez-Doherty has knowledge of the subject
      matter made the basis of this lawsuit, including,
      but not limited to the events or course of events
      which took place and led to the termination of Mr.
      Rubinstein as City Manager of the City of
      Brownsville on January 6, 2000.

37.   Noe Hinojosa (City Financial Advisor)
      c/o **ESTRADA & HINOJOSA**
      (Address unknown)
      Dallas, Texas
      (Telephone No. Unavailable)

      Ms. Hinojosa has knowledge of the subject matter
      made the basis of this lawsuit, including, but not
      limited to the events or course of events which
      took place and led to the termination of Mr.
      Rubinstein as City Manager of the City of
      Brownsville on January 6, 2000.

38.   Carlos Barrera
      c/o **LONG, CHILTON, PAYTE & HARDIN, INC.**
      745 East St. Charles
      Brownsville, Texas  78520
      (956) 546-1655

      Mr. Barrera has knowledge of the subject matter
      made the basis of this lawsuit, including, but not
      limited to the events or course of events which
      took place and led to the termination of Mr.
      Rubinstein as City Manager of the City of
      Brownsville on January 6, 2000.

39.   Employees, agents, servants, and/or representatives
      of City of Brownsville Municipal Court
      600 East Jackson Street
      Brownsville, Texas  78520
      (956) 548-7181

      These individuals have knowledge as to the
      authenticity of any documents and/or items
      furnished to Plaintiff's counsel and/or Mr.
      Rubinstein in regard to Mr. Rubinstein.

17

40. Gay Greenspan
c/o Temple Beth-El
24 Coveway Drive
Brownsville, Texas   78521
(956) 542-5263

Mr. Greenspan has knowledge of the subject matter
made the basis of this lawsuit, including, but not
limited to the events or course of events which
took place and led to the termination of Mr.
Rubinstein as City Manager of the City of
Brownsville on January 6, 2000.

41. Employees, agents, servants, and/or representatives
of the City of Brownsville Fire Department (Union)
1010 East Adams
Brownsville, Texas   78520
(956) 546-3195

They have knowledge of the subject matter made the
basis of this lawsuit, including, but not limited
to the events or course of events which took place
and led to the termination of Mr. Rubinstein as
City Manager of the City of Brownsville on January
6, 2000.

42. Detective Roman Piñeda, III
c/o Brownsville Police Department
600 E. Jackson Street
Brownsville, Texas   78520
(956) 548-6007

Detective Piñeda has knowledge of an is expected to
testify as to contents of the statements given by
Mr. Rubinstein to the Brownsville Police Department
on December 28, 1999.  Detective Piñeda gathered
the information and/or facts from Mr. Rubinstein in
regard to Commissioner Ernie Hernandez, the 4x4
SUV, and Ernie's Wrecker Service and/or Express
Towing, and composed them into an Affidavit form
for Mr. Rubinstein to execute.   Additionally,
Detective Piñeda has knowledge of and is expected
to testify as to the contents of any and all
conversations between him and Mr. Rubinstein
regarding the subject matter of the statements
taken on December 28, 1999.

18

43.   Employees, servants, agents, and/or representatives
      of the City of Brownsville Purchasing Department
      12th & Market Square
      Brownsville, Texas   78520
      (956) 548-6087

      They have knowledge of the subject matter made the
      basis of this lawsuit, including, but not limited
      to the events or course of events which took place
      and led to the termination of Mr. Rubinstein as
      City Manager of the City of Brownsville on January
      6, 2000.

44.   Employees, servants, agents, and/or representatives
      of the City of Brownsville Finance Department
      12th & Market Square
      Brownsville, Texas   78520
      (956) 548-6020

      They have knowledge of the subject matter made the
      basis of this lawsuit, including, but not limited
      to the events or course of events which took place
      and led to the termination of Mr. Rubinstein as
      City Manager of the City of Brownsville on January
      6, 2000.

45.   Employees, servants, agents, and/or representatives
      of the City of Brownsville Human Resources Department
      12th & Market Square
      Brownsville, Texas   78520
      (956) 548-6037

      They have knowledge of the subject matter made the
      basis of this lawsuit, including, but not limited
      to the events or course of events which took place
      and led to the termination of Mr. Rubinstein as
      City Manager of the City of Brownsville on January
      6, 2000.

46.   Nicky Arias (Investigator)
      c/o Cameron County District Attorney's Office
      974 East Harrison Street
      Brownsville, Texas   78520
      (956) 504-0066

      Ms. Arias has knowledge of the contents of any and
      all conversations between her and Mr. Rubinstein in
      regard to his complaints about illegal conduct on
      the part of Defendants Richards and Hernandez.

19

47.  Jerry Hedgecock
     c/o City Library
     2600 Central Boulevard
     Brownsville, Texas   78520
     (956) 548-1055

     Mr. Hedgecock is employed by the Library Department
     of the city of Brownsville.  He has knowledge of
     and is expected to testify as to the contents of an
     E-Mail he sent to Mr. Rubinstein on December 14,
     1999.  He also has knowledge of and is expected to
     testify as to the contents of an E-Mail he received
     from   Mr.   Rubinstein   on   December   15,   1999.
     Additionally, Mr. Hedgecock has knowledge of the
     substance of any and all conversations which he had
     or may have had with Mr. Rubinstein in regard to
     the subject matter of this lawsuit.

48.  Melissa Dennany-Morales (Former City Secretary)
     City Hall
     East 12th Street & Market Square
     P. O. Box 911
     Brownsville, Texas   78520
     (956) 548-6007

     She has knowledge of the subject matter made the
     basis of this lawsuit, including, but not limited
     to the events or course of events which took place
     and led to the termination of Mr. Rubinstein as
     City Manager of the City of Brownsville on January
     6, 2000.

50.  Mr. Edwin L. McAninch
     LAW OFFICES OF
     EDWIN L. MCANINCH, P.C.
     507 Fall River Road
     Houston, Texas   77024-5613
     Telephone No. (713) 461-8619

     Mr. McAninch is a licensed attorney.  He has
     knowledge of the legal work that has been performed
     on behalf of CARLOS RUBINSTEIN and the time
     expended to complete said work.  He has further
     knowledge of the attorney's fees which CARLOS
     RUBINSTEIN has incurred and will continue to incur
     in the litigation of this case.  He is familiar
     with the hourly rate which is customarily charged
     in these types of cases in this area, and is
     expected to testify that the attorney's fees that
     MR. RUBINSTEIN has incurred are reasonable and
     customarily.

(B)   a copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings (subject to supplementation);

**RESPONSE:**

The following documents and/or items are relevant to the subject matter of this lawsuit (in no particular order):

(1)   Letter (12/04/01) from J.G. Warburton to Ernie Hernandez (Re: Wrecker Rotation List)

(2)   Letter (12/29/95) from Ernesto Gamez, Jr. to J. Geoff Warburton (Re: Wrecker Rotation Ordinance)

(3)   Letter (11/27/95) from J.G. Warburton to Mayor Henry Gonzalez (Re: Conflict of Interest)

(4)   Letter (03/30/98) from Carlos Rubinstein to Mayor Henry Gonzalez (Re: Commissioner Richards comments)

(5)   Memorandum (05/08/98) from Gary T. Bertrand to Commander Randy Dunn (Re: Preferred Vehicle Towing Services)

(6)   Memorandum (06/08/98) from Commander Carlos Garcia to Commander Charlie Cabler, et. al. (Re: Preferred Vehicle Towing Services)

(7)   Letter (08/03/98) from J.G. Warburton to Carlos Rubinstein (Re: Vending Machines)

(8)   Inter-Departmental Memorandum (08/04/98) from Carlos Rubinstein to Mayor Henry Gonzalez (Re: R.A.H.C.)

(9)   Inter-Departmental Memorandum (08/04/98) from Carlos Rubinstein to Carlos Ayala (Re: Commendation)

(10)  Press Briefing (08/04/98)

(11)  Memorandum (08/07/98) from Ryder/MLS to Brownsville Police Department (Re: Reminder for wrecker service preference)

(12)  Memorandum (09/09/98) from Bud Richards to Ernie Hernandez (Re: Comments made by Richards)

21

(13) Letter (09/09/98) from Ernie Hernandez to Carlos Rubinstein (Re: Mayor Gonzalez' comments)

(14) Memorandum (09/16/98) from Carlos Rubinstein to Ben Reyna (Re: Commissioner Hernandez' Wrecker Services for Ryder MLS)

(15) Letter (09/24/98) from J.G. Warburton to Mayor Henry Gonzalez (Re: Religious Beliefs)

(16) Letter (09/24/98) from J.G. Warburton to Commissioner John Wood (Re: Grievance by the City Manager dated September 17, 1998)

(17) Letter (09/17/98) from Carlos Rubinstein to Mayor Henry Gonzalez, et. al. (Re: Grievance)

(18) Letter (09/24/98) from Commissioner John Wood to Ernesto Gamez, Jr. (Re: Response from J.G. Warburton)

(19) Letter (10/16/98) from Joseph Graham to Commissioner John Wood (Re: Response to Questions submitted by Ernesto Gamez, Jr.)

(20) Memorandum (02/18/99) from Pete Gonzalez to Commissioner John Wood (Re: IRS definition of an Employee)

(21) Inter-Departmental Memorandum (04/22/99) from Robert Esparza to Carlos Rubinstein (Re: Wrecker Service Fees)

(22) E-Mail (08/01/99) from Bud Richards to Carlos Rubinstein (Re: City Manager Health Related Time Off Job)

(23) E-Mail (08/02/99) from Carlos Rubinstein to Bud Richards (Re: City Manager Health Related Time Off Job)

(24) E-Mail (08/02/99) from Carlos Rubinstein to Bud Richards (Re: Leave Utilization)

(25) E-Mail (08/20/99) from Bud Richards to Carlos Rubinstein (Re: Attendance and absence report of City Manager)

(26) Memorandum (08/20/99) from Carlos Rubinstein to Mayor Blanca Vela (Re: E-Mail from Commissioner Richards)

22

(27) E-Mail (08/20/99) from Bud Richards to Carlos Rubinstein (Re: Information about City employees)

(28) Memorandum (08/23/99) from Carlos Rubinstein to Mayor Blanca Vela (Re: Bud Richards' E-Mails)

(29) Letter (09/08/99) from Bud Richards to Carlos Rubinstein (Re: Mr. Rubinstein's attendance record)

(30) E-Mail (11/08/99) from Ivan Welker to Carlos Rubinstein (Re: Draft of Memorandum regarding 4x4 Vehicle: EMS First Response/Emergencies)

(31) E-Mail (11/08/99) from Carlos Rubinstein to Ivan Welker (Re: Suggested Changes to Proposed Draft of Memorandum regarding 4x4 vehicle: EMS First Response/Emergencies)

(32) Inter-Departmental Memorandum (11/09/99) from Ivan Welker to Bud Richards (Re: 4x4 Vehicle: EMS First Response/Emergencies)

(33) Draft of Letter (11/19/99) from Carlos Rubinstein to Jim Tipton (Re: Bid on 4x4 vehicle)

(34) E-Mail (11/19/99) from Carlos Rubinstein to Ben Reyna (Re: 11/23/99 Agenda)

(35) Memorandum (11/24/99) from Paul J. Calapa to Carlos Rubinstein (Re: Cancellation of Ford Expedition from Tipton Motors)

(36) Memorandum (11/29/99) from Paul J. Calapa to Carlos Rubinstein (Re: Memo from Tipton Motors, Expedition Procurement)

(37) Memorandum (11/30/99) from Carlos Rubinstein to Mayor Vela and Members of the City Commission (Re: Agenda Item #13)

(38) Notes (11/30/99) from Carlos Rubinstein (Re: City Commission Meeting)

(39) E-Mail (12/01/99) from Dan Weber to Carlos Rubinstein (Re: St. Louis TWA trip)

(40) E-Mail (12/01/99) from Carlos Rubinstein to Mayor Vela and Commissioner (Re: TWA)

23

(41) Letter (12/03/99) from Carlos Rubinstein to Mayor Blanca Vela, et. al. (Re: Request for Resignation)

(42) Letter (12/06/99) from Mayor Blanca S. Vela to Carlos Rubinstein (Re: Response to 12/03/99 Letter)

(43) Memorandum (12/07/99) from Carlos Rubinstein to Mayor Blanca Vela (Re: Response to 12/06/99 letter)

(44) E-Mail (12/14/99) from Jerry Hedgecock to Carlos Rubinstein (Re: Atonic Bowel)

(45) E-Mail (12/15/99) from Carlos Rubinstein to Jerry Hedgecock (Re: Atonic Bowel)

(46) Statement (12/28/99) from Carlos Rubinstein

(47) Statement (12/28/99) from Carlos Rubinstein

(48) Statement (12/28/99) from Carlos Rubinstein

(49) Letter (01/04/00) from Carlos Rubinstein to Mayor Blanca S. Vela (Re: 12/06/99 letter)

(50) Charge of Discrimination (09/29/00)

(51) Contract for Municipal and Transit Fleet Management and Maintenance Services Between City of Brownsville and Ryder/MLS (09/16/97)

(52) Notice of Public Meeting of the City Commission of the City of Brownsville (05/12/98)

(53) Notice of Public Meeting of the City Commission of the City of Brownsville (10/05/98)

24

(54) Notice of Public Meeting of the City Commission of the City of Brownsville (09/21/99)

(55) Notice of Public Meeting of the City Commission of the City of Brownsville (12/07/99)

(56) Notice of Public Meeting of the City Commission of the City of Brownsville (01/04/00)

(57) Memorandums (August 1998)

(58) Memorandums (July 1998)

(59) Memorandums (September 1998)

(60) Personnel Policies of the City of Brownsville, Texas (06/13/78)

(61) Articles of Agreement between the City of Brownsville, Texas and Brownsville Police Officers' Association Charter No. 290577 (1996-1999)

(62) Ryder/MLS Proposal (Maintenance and Management Services for Municipal and Transit Fleet)

(**NOTE**: These said documents and/or items will be made available for copying and/or inspection at Plaintiff's counsel's office. Please contact Plaintiff's counsel to coordinate a mutually convenient date and time for inspection).

(C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

25

**RESPONSE:**

Total economic damages have not been calculated at this time but Plaintiff will designate a testifying economist who will provide testimony concerning the amount of claimed economic damages and the method of calculating the same. While working for the City of Brownsville, Plaintiff received a salary of **EIGHTY-SEVEN THOUSAND FIVE HUNDRED AND NO/100THS DOLLARS ($87,500.00)** per year. His current salary is **FIFTY-FOUR THOUSAND AND NO/100THS DOLLARS ($54,000.00)**. As City Manager, Plaintiff received a car allowance of **FIVE HUNDRED AND NO/100THS DOLLARS ($500.00)** per month that is not provided by his current employer. The reduction of salary impacts the contributions towards Plaintiff's retirement. Further, Plaintiff was not able to remain employed with the City and enjoy the retirement due to years of service that he would have been entitled to. Due to Plaintiff's termination and reduction in salary, he is forced to withdraw his contributions from the City's retirement account to help pay current bills. He is forced to forfeit his years of service credit, extending his retirement eligibility date further into the future. The Commissioner Defendants just hired a new City Manager at a substantially higher salary rate than that which Plaintiff received. Therefore, damages for lost wages and benefits will be compared to the now established higher value for the City lost wages and benefits will be compared to the now established higher value for the City Manager of Brownsville. Plaintiff's damage claims include amounts for mental anguish, punitive damages, damage to Plaintiff's reputation, exemplary damages, pre-judgment interest and post-judgment interest, and attorney's fees. Mr. Rubinstein seeks damages from the Defendants jointly and severally in excess of **ONE MILLION FIVE HUNDRED THOUSAND AND NO/100THS DOLLARS ($1,500,000.00)**.

(D)     for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

Not applicable

SIGNED on this the 9th day of March ,2001.

Respectfully submitted,

LAW OFFICES OF
EDWIN L. MCANINCH, P.C.
507 Fall River Road
Houston, Texas  77024-5613
Telephone No. (713) 461-8619
Facsimile No. (713) 827-8920

BY: _Ed McAninch_

EDWIN L. MCANINCH
State Bar No. 13325050
Federal Id. No. 4892

ATTORNEY-IN-CHARGE      FOR
PLAINTIFF     CARLOS
RUBINSTEIN

## CERTIFICATE OF SERVICE

I, **EDWIN L. MCANINCH**, hereby certify that on this _9th_ day of March, 2001, a true and correct copy of the above foregoing **Plaintiff's Initial Disclosure to Defendants under Federal Rule of Civil Procedure 26(a)** was served Via Certified Mail Return Receipt Requested #7099 3220 0006 2777 6957 in accordance with the Texas Rules of Civil Procedure to Hon. Ricardo J. Navarro and Hon. Mauro F. Ruiz, Bank of America Building, 222 E. Van Buren, Suite 405, Harlingen, Texas, 78550.

_Ed McAninch_

EDWIN L. MCANINCH

27