29

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

APR 1 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| CITY OF BROWNSVILLE, TEXAS | § | Cause No.: B-00-169 |
| & CITY COMMISSIONERS | § | |
| ERNIE HERNANDEZ, CARLTON "BUD" | § | |
| RICHARDS, & HARRY MCNAIR, | § | |
| Individually & Officially | § | |
| Defendants | § | |

**CITY DEFENDANTS' ANSWER TO
PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT**

NOW COMES the CITY OF BROWNSVILLE, TEXAS, and COMMISSIONERS HERNANDEZ, RICHARDS, & MCNAIR, individually and officially (hereafter "CITY DEFENDANTS") in the above-styled and numbered cause, and file CITY DEFENDANTS Answer To Plaintiff's Third Amended Original Complaint (hereafter "Plaintiff's Complaint").

### Admissions and Denials

1. With respect to Section I of Plaintiff's Complaint, CITY DEFENDANTS admit this Court has proper removal jurisdiction over this matter.

2. With respect to Section II of Plaintiff's Complaint, CITY DEFENDANTS deny the material factual allegations contained in this paragraph.

City Defendants' Answer to
Plaintiff's Third Amended Complaint

Page 1

3.    With respect to Paragraph 3.01, CITY  DEFENDANTS admit that Carlos Rubinstein is a natural person and further admit that at all times relevant to this controversy he was the duly appointed City Manager for the CITY OF BROWNSVILLE.

4.    With respect to Paragraphs 3.02 to 3.05, CITY DEFENDANTS admit that City of Brownsville is a municipal corporation under the laws of the State of Texas and that COMMISSIONERS ERNIE HERNANDEZ, JR., CARLTON J. "BUD" RICHARDS AND HARRY E. MCNAIR, JR., are duly elected local officials who serve on the BROWNSVILLE CITY COMMISSION, at all times relevant to this controversy.

5.    With respect to Paragraphs 4.01-4.09 of Plaintiff's Complaint, CITY DEFENDANTS admit that Plaintiff served as Brownsville City Manager under Mayors Gonzales and Vela. CITY DEFENDANTS admit DEFENDANT HERNANDEZ is a private business person and that he has a business interest in a private a wrecker service.  CITY DEFENDANTS further admit that DEFENDANT McNAIR is also a private business person in the community.   CITY DEFENDANTS deny Plaintiff's characterization of the facts and further deny the material factual allegations contained in these paragraphs.

6.    With respect to Paragraphs 4.10-4.18 of Plaintiff's Complaint, CITY DEFENDANTS admit that Defendant HERNANDEZ  forwarded Exhibit A to Plaintiff addressing comments made by Mayor Gonzalez.  CITY DEFENDANTS admit that Defendant RICHARDS forwarded Exhibit B to Defendant HERNANDEZ dated September 8, 1998. CITY DEFENDANTS deny

City Defendants' Answer to
Plaintiff's Third Amended Complaint                                      Page 2

Plaintiff's characterization of the facts and further deny the material factual allegations contained in these paragraphs.

7.    With respect to Paragraphs 4.19 through 4.30 of Plaintiff's Complaint, CITY DEFENDANTS generally admit that the CITY was engaged in the process of purchasing vehicles including an SUV for the Brownsville Emergency Services Department, but deny Plaintiff's characterization of the facts and further deny the material factual allegations contained in these paragraphs.

8.    With respect to Paragraphs 4.31-4.32 of Plaintiff's Complaint, CITY DEFENDANTS admit that Mayor Vela and Defendant McNAIR met with Plaintiff on an one or more occasions, but deny Plaintiff's characterization of these meetings and further deny the material factual allegations pleaded by Plaintiff.   CITY DEFENDANTS admit that the CITY COMMISSION initiated proceedings in December 1999 to separate Plaintiff from his position as City Manager and further admit that Plaintiff was in fact involuntarily separated from his position as City Manager in early January 2000. CITY DEFENDANTS deny Plaintiff's characterization of the facts and circumstances surrounding these events and further deny the material factual allegations urged by Plaintiff.

9.    With respect to Section V of Plaintiff's Complaint, including all subparagraphs, alleging a First Cause of Action, CITY DEFENDANTS deny the material factual allegations contained in the

paragraphs contained in Section V.  No Rule 8 response is required to the legal theory pleaded.

10.  With respect to Section VI of Plaintiff's Complaint, including subparagraphs, alleging a Second Cause of Action, CITY DEFENDANTS deny the material factual allegations contained in the paragraphs contained in Section VI.  No Rule 8 response is required to the legal theory pleaded.

11.  With respect to Section VII of Plaintiff's Complaint, including subparagraphs, alleging a Third Cause of Action, CITY DEFENDANTS deny the material factual allegations contained in the paragraphs contained in the paragraphs contained in Section VII. No Rule 8 response is required to the legal theories.

12.  With respect to Section VIII of Plaintiff's Complaint, including subparagraphs, alleging a Fourth Cause of Action, CITY DEFENDANTS deny the material factual allegations contained in the paragraphs contained in the paragraphs contained in Section VIII. No Rule 8 response is required to the legal theories.

13.  With respect to Section IX of Plaintiff's Complaint, including subparagraphs, alleging a Fifth Cause of Action, CITY DEFENDANTS deny the material factual allegations contained in the paragraphs contained in the paragraphs contained in Section IX.  No Rule 8 response is required to the legal theories.

14.  With respect to Section X of Plaintiff's Complaint alleging Damages, CITY DEFENDANTS deny the material factual allegations

contained in the paragraphs contained in the paragraphs contained in Section X.   No Rule 8 response is required to the legal theories.

15.  With respect to Section XI of Plaintiff's Complaint alleging Punitive Damages, CITY DEFENDANTS deny the material factual allegations contained in Section XI.   No Rule 8 response is required to the legal theories.

16.  With respect to Section XII of Plaintiff's Complaint alleging Attorney's Fees, CITY DEFENDANTS deny the material factual allegations contained in Section XII.   No Rule 8 response is required to the legal theories.

17.  With respect to Section XIII of Plaintiff's Complaint alleging Notice, CITY DEFENDANTS admit receiving the document attached as Exhibit "C" and attached to Plaintiff's Complaint on or about the date indicated.   No Rule 8 response is required to the legal theories.

## GENERAL DENIAL

18.  Except for those factual matters specifically admitted above, CITY DEFENDANTS generally deny all material allegations contained in Plaintiff's Third Amended Complaint and calls upon Plaintiff to prove his allegations by a preponderance of the evidence as required by law.

# AFFIRMATIVE DEFENSES

## Sovereign Immunity

19. CITY DEFENDANTS hereby assert the affirmative defense of sovereign immunity from any and all state, federal or common law causes of action asserted by Plaintiff to the fullest extent allowed by law. This defense includes the prohibition of any and all intentional torts against CITY DEFENDANTS under state and common law causes of action.

## Qualified Immunity

20. CITY DEFENDANTS, and specifically INDIVIDUALLY NAMED DEFENDANTS, hereby assert the affirmative defense of qualified immunity from any and all federal causes of action asserted by Plaintiff to the fullest extent allowed by law.

## Legislative/Quasi-Judicial Immunity

21. CITY DEFENDANTS, and specifically INDIVIDUALLY NAMED DEFENDANTS, hereby assert the affirmative defense of legislative and/or quasi-judicial immunity attributable to those official actions at issue in this controversy and to which these affirmative defenses precluding liability would apply.

## Official Immunity

22. CITY DEFENDANTS, and specifically INDIVIDUALLY NAMED DEFENDANTS, hereby assert the affirmative defense of official immunity from any and all state or common law causes of action asserted by Plaintiff to the fullest extent allowed by law.

### Notice Requirements

23.   CITY DEFENDANTS hereby plead as a defense, Plaintiff's failure to meet any applicable notice or filing requirements imposed by state law as a precondition to the court's exercise of subject matter jurisdiction over this matter and/or the imposition of any liability pursuant to any and all state law and common law claims and causes of action that contain such a notice requirement.

### Failure to State a Claim

24.   CITY DEFENDANTS hereby assert as a defense from any and all alleged state and federally causes of action, Plaintiff's failure to plead a claim or cause of action recognized in law as a basis for damages and/or equitable relief.

### Statutory Caps

25.   CITY DEFENDANTS hereby assert and plead as a defense their entitlement to any and all damage cap limitations on liability recognized by state or federal law against the CITY DEFENDANTS.

## CONCLUSION AND PRAYER

Therefore, based on any one or more of the foregoing reasons, CITY DEFENDANTS request that the Court deny Plaintiff's claims for relief in their entirety and dismiss this lawsuit with prejudice.

CITY DEFENDANTS further pray for and hereby request other additional relief at law or in equity to which he may be entitled including costs of court and attorneys fees.

Signed this ___19th___ day of April, 2001.

                    Respectfully Submitted,

                    **DENTON & NAVARRO**
                    A Professional Corporation
                    Bank of America Building
                    222 E. Van Buren, Suite 405
                    Harlingen, Texas 78550
                    956/421-4904
                    956/421-3621 (Fax)

          By:  _Ricardo J. Navarro_
                    RICARDO J. NAVARRO
                    Attorney In Charge
                    State Bar No. 14829100
                    So. Dist. ID No. 5953
                    MAURO F. RUIZ
                    State Bar No. 24007960
                    So. Dist. ID No. 23774


                    **CERTIFICATE OF SERVICE**

      I certify that a true copy of this document has been sent to
the persons listed below on the 19th day of April, 2001.

Mr. Ed McAninch              **CMRRR NO 7000 1670 0013 4634 0590**
LAW OFFICES OF EDWIN L. MCANINCH, P.C.
507 Fall River Road
Houston, Texas 77024-5613
COUNSEL FOR PLAINTIFF

                    _Ricardo J. Navarro_
                    RICARDO NAVARRO
                    MAURO F. RUIZ


r:\rubinstein\answer.2nd



City Defendants' Answer to
Plaintiff's Third Amended Complaint                    Page 8