3 ⁵/₁

United States District Court
Southern District of Texas
FILED

DEC 0 4 2001

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CARLOS RUBINSTEIN | § | |
| | § | |
| VS. | § | CAUSE NO.: B-00-169 |
| | § | |
| THE CITY OF BROWNSVILLE, TEXAS, | § | |
| ERNIE HERNANDEZ, JR., CARLTON | § | |
| "BUD" RICHARDS, & HARRY | § | |
| E. MCNAIR, JR., IN THEIR | § | |
| INDIVIDUAL AND OFFICIAL | § | |
| CAPACITIES AS CITY COMMISSIONERS | § | |
| FOR THE CITY OF BROWNSVILLE | § | |

### PLAINTIFF'S FIRST SUPPLEMENTAL DISCLOSURES

**TO:**   Defendants, **THE CITY OF BROWNSVILLE, TEXAS, ERNIE HERNANDEZ, JR., CARLTON J. "BUD" RICHARDS, HARRY E. MCNAIR, JR., IN THEIR INDIVIDUAL CAPACITIES AND OFFICIAL CAPACITIES AS CITY COMMISSIONERS FOR THE CITY OF BROWNSVILLE,** by and through their attorneys of record, Hon. Ricardo J. Navarro Ruiz, Bank of America Building, 222 E. Van Buren, Suite 405, Harlingen, Texas, 78550.

**COMES NOW, CARLOS RUBINSTEIN,** Plaintiff in the above-styled and numbered civil action, and submits these his First Supplemental Disclosures under Rule 26 of the Federal Rules of Civil Procedure, as follows:

(A)   the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information (subject to supplementation).

### RESPONSE:

1.   Carlos Rubinstein (Plaintiff)
     1570 Capistrano Drive
     Brownsville, Texas 78526
     (956) 546-2066

     Mr. Rubinstein is the Plaintiff in this civil action. He has personal knowledge of the subject matter made the basis of this lawsuit, including, but not limited to

the allegations and/or contentions contained in his pleadings. He also has knowledge of the events or course of events which took place and led to the termination of him as City Manager of the City of Brownsville on January 6, 2000.

Mr. Rubinstein is expected to testify as to his knowledge of the incident made the basis of this lawsuit and as to his injuries and damages, including, but not limited to mental anguish, economic damages, and emotional distress. Mr. Rubinstein also has knowledge of and is expected to testify as to the contents of several E-Mails, letters, and/or memorandums exchanged between him, the City Commissioner Defendants, the former Mayor of the City of Brownsville, Henry Gonzalez, the current Mayor of the City of Brownsville, Blanca S. Vela, and other City personnel.

Mr. Rubinstein will also testify about the damages he suffered, including economic, financial, physical and mental, and attorneys' fees.

2.      Ernie Hernandez, Jr., Individually and in his Official Capacity and as City Commissioner for the City of Brownsville (Defendant)
203 Shoreline Drive
Brownsville, Texas 78521
(956) 546-1722

Mr. Hernandez currently holds the office of City Commissioner, Place 2, for the City of Brownsville. Mr. Hernandez has been a City Commissioner since 1991 except for the years 1994-1995. He has knowledge of the subject matter made the basis of this lawsuit. He also has knowledge of the contents of the memorandums written by him in regard to Mr. Rubinstein, including, but not limited to the memorandum dated September 9, 1998. Mr. Hernandez also has knowledge of the events or course of events which took place leading to the termination of Mr. Rubinstein from his position as City Manager of the City of Brownsville on January 6, 2000. He further has knowledge and participated in actions of a retaliatory and discriminatory nature and harassment action against Mr. Rubinstein for his unwillingness to participate in illegal or inappropriate actions for assisting the Brownsville Police Department in their investigation of Commissioner Richards and Hernandez, and for the unwillingness to retaliate against City employees who **"politically"** were incompatible or undesirable to the Defendants. Further, all in retaliation for having complained about Commissioner Richards' comments of March 30, 1998.

3.    Carlton J. **"Bud"** Richards, Individually and in his Official Capacity and as City
      Commissioner for the City of Brownsville (Defendant)
      17 Casa Linda
      Brownsville, Texas 78521
      (956) 542-7565

      Mr. Richards currently holds the office of City Commissioner, Place 1, for the
      City of Brownsville. He has knowledge of the subject matter made the basis of
      this lawsuit. He also has knowledge of the contents of the letters, e-mails, and
      memorandums written by him in regard to Mr. Rubinstein, including, but not
      limited to the letter dated March 30, 1998 to former Mayor Henry Gonzalez,
      and memorandum dated September 9, 1998. Mr. Richards also has knowledge
      of the events or course of events which took place leading to the termination of
      Mr. Rubinstein from his position as City Manager of the City of Brownsville on
      January 6, 2000. He further has knowledge and participated in actions of a
      retaliatory and discriminatory and harassment action against Mr. Rubinstein for
      his unwillingness to participate in illegal or inappropriate actions for assisting
      the Brownsville Police Department in their investigation of Commissioner
      Richards and Hernandez, and for the unwillingness to retaliate against City
      employees who **"politically"** were incompatible or undesirable to the
      Defendants.   Further, all in retaliation for having complained about
      Commissioner Richards' comments of March 30, 1998.

4.    Harry E. McNair, Jr., Individually and in his Official Capacity and as City
      Commissioner for the City of Brownsville (Defendant)
      37 Sunset Drive
      Brownsville, Texas 78520
      (956) 541-5276

      Mr. McNair currently holds the office of City Commissioner, Place 3, for the
      City of Brownsville. He has knowledge of the subject matter made the basis of
      this lawsuit. He also has knowledge of the contents of the letters, E-Mails, and
      memorandums written by Defendants Hernandez and Richards in regard to Mr.
      Rubinstein, including, but not limited to the memorandum dated September 9,
      1998. Mr. McNair also has knowledge of the events or course of events which
      took place leading to the termination of Mr. Rubinstein from his position as
      City Manager of the City of Brownsville on January 6, 2000.   He further has
      knowledge and participated in actions of a retaliatory and discriminatory and
      harassment action against Mr. Rubinstein for his unwillingness to participate in
      illegal or inappropriate actions for assisting the Brownsville Police Department
      in their investigation of Commissioner Richards and Hernandez, and for the
      unwillingness to retaliate against City employees who **"politically"** were
      incompatible or undesirable to the Defendants. Further, all in retaliation for

having complained about Commissioner Richards' comments of March 30, 1998.

5.      Judy Rubinstein
1570 Capistrano Drive
Brownsville, Texas 78526
(956) 546-2066

Judy is Mr. Rubinstein's spouse. She has knowledge of the subject matter made the basis of this lawsuit, including, but not limited to her husband's injuries and damages (i.e. economic damages, mental anguish, etc.). She further witnessed the negative effects that such actions as outlined in this lawsuit had on her husband, Carlos, and the Rubinstein family.

6.      John Wells, M.D. (Plaintiff's physician)
**VALLEY PAIN & REHAB**
844 Central Boulevard, Suite 360
Brownsville, Texas 78520
(956) 541-9824

Dr. Wells may testify to Plaintiff's prognosis and diagnosis, past and future medical bills made the basis of this lawsuit. He may further testify as to any other medical examinations or medical treatments rendered to Plaintiff made the basis of this lawsuit. He had knowledge regarding the health effects to Mr. Rubinstein (from the retaliatory and discriminatory conduct of the Defendants). He treated Mr. Rubinstein repeatedly and extensively, for upper back problems caused by and aggravated by the level of stress he was enduring due to the actions of the defendants.

7.      Nelda Solis, Custodian of Records
**VALLEY PAIN & REHAB**
844 Central Boulevard, Suite 360
Brownsville, Texas 78520
(956) 541-9824

Ms. Solis is the Custodian of the medical and financial records of John Wells, M.D. of Valley Pain & Rehab. She has knowledge as to the authenticity of the medical records, medical bills, itemized statement, and narratives which she has furnished in regard to Deposition by Written Questions and/or self-authentication records.

8.  Brian Beller, D.C.
    Carl Beller, D.C.
    **BELLER CHIROPRACTIC**
    4 East Levee
    Brownsville, Texas 78520
    (956) 546-6350

    Drs. Beller are chiropractors who have rendered chiropractic treatment to Mr.
    Rubinstein. They are expected to testify as to Mr. Rubinstein's prognosis and
    diagnosis, past and future medical bills made the basis of this lawsuit. He may
    further testify as to any other medical examinations or medical treatments
    rendered to Plaintiff made the basis of this lawsuit. He had first knowledge of
    the health effects the undue pressure Mr. Rubinstein was subjected to had on
    him. He treated him prior to Dr. Wells and concurrently thereafter, for upper
    back problems caused by and aggravated by the level of stress Mr. Rubinstein
    was enduring due to the actions of the Defendants.

9.  Sandra Garza
    **BELLER CHIROPRACTIC**
    4 East Levee
    Brownsville, Texas 78520
    (956) 546-6350

    Ms. Garza is the Custodian of the medical and financial records of of Drs. Carl
    Beller and Brian Beller. She has knowledge as to the authenticity of the
    medical records, x-ray films, medical bills, and itemized statements which she
    has furnished in regard to Deposition Upon Written Questions and/or self-
    authentication records. She further has knowledge as to the contents of the
    medical records, hospital records, x-ray films, medical bills, and itemized
    statement which have been furnished to counsel.

10. Rabbi Edward Rosenthal(Former Rabbi of Temple Beth-El)
    150 Whitetail
    Ithica, New York 14850
    Work: (607) 255-9712
    Home: (607) 256-8704

    Rabbi Rosenthal is a Rabbi in the Jewish faith. He is the former Rabbi of
    Temple Beth-El in Brownsville, Texas, where Mr. Rubinstein attends. The
    basis for his opinions and his anticipated testimony includes his knowledge of
    Jewish faith, heritage, and history, and his knowledge of the insensitive and
    anti-Semitic comments made to Mr. Rubinstein by **"Bud"** Richards as stated
    to Mr. Rubinstein by both Richards and Mr. Rubinstein in separate

conversations.   Additionally, his anticipated testimony and basis for his opinions include his knowledge of Mr. Rubinstein as a fellow Jew and member of the congregation of Temple Beth-El, and the past, present and future effects of the comments made by Defendant Richards on Carlos, Judy, Jacqueline, Tiffany Leah and Jennifer Ness Rubinstein.

11.     Rabbi Frank Joseph
        2220 Deer-Run Circle
        Brownsville, Texas  78521
        Home:  (956) 544-7980

        Temple Beth-El
        24 Coveway
        Brownsville, Texas  78521
        (956) 542-5263

        Rabbi Joseph is a Rabbi in the Jewish faith.  He is the present Rabbi of Temple Beth-El in Brownsville, Texas, where Mr. Rubinstein attends. The basis for his opinions and his anticipated testimony includes his knowledge of Jewish faith, heritage, and history, and his knowledge of the insensitive and anti-Semitic comments made to Mr. Rubinstein by **"Bud"** Richards as stated to Mr. Rubinstein by both Richards and Mr. Rubinstein in separate conversations. Additionally, his anticipated testimony and basis for his opinions include his knowledge of Mr. Rubinstein as a fellow Jew and member of the congregation of Temple Beth-El, and the past, present and future effects of the comments made by Defendant Richards on Carlos, Judy, Jacqueline, Tiffany Leah and Jennifer Ness Rubinstein.

12.     Henry Gonzalez (Former Mayor)
        153 Paredes Line Road
        Brownsville, Texas  78521
        (956) 542-9511

        Mr. Gonzalez is the former Mayor of the City of Brownsville.   He has knowledge of Mr. Rubinstein's capabilities and work ethic as City Manager. He further has knowledge of the negative effects the comments by Defendants Richards and Hernandez relative to Mr. Rubinstein's Jewish faith had on Mr. Rubinstein and his family.  He further has knowledge and was a witness of the retaliatory actions that Defendant Richards undertook against Mr. Rubinstein for complaining about Defendant Richards' anti-Semitic comments. Witness to the request, by Defendant Hernandez during Mr. Rubinstein's interview for City Manager, for disclosure of his religious beliefs. He also has knowledge of Mr. Rubinstein's reaction and refusal, due to his religious conviction, to shave

6

.

off his beard, as requested by Defendants McNair and Hernandez.

13.   Commissioner John Wood
      1180 Toya Lane
      Brownsville, Texas 78520
      (956) 546-2415

      Mr. Wood has knowledge of the negative effects, the comments by Defendants
      Richards and Hernandez relative to his Jewish faith has on me and my family.
      He has knowledge and witness of the retaliatory actions that Defendant
      Richards undertook against Mr. Rubinstein for complaining about his
      (Richards) anti-Semitic comments.   Witness to the request, by Defendant
      Hernandez during his interview for City Manager, for disclosure of his religious
      beliefs.   He has further knowledge of his reaction and refusal, due to his
      religious conviction, to shave off his beard, as requested by Defendants McNair
      and Hernandez.   He has knowledge of Defendant Richards' attempts to cancel
      the purchase of a vehicle for EMS, in violation of City and State purchasing
      regulations.

14.   Jackie Lockett (Former City Commissioner)
      715 Acacia Lake Drive
      Brownsville, Texas 78521
      (956) 546-2377

      Ms. Lockett is a former City Commissioner of the City of Brownsville.   She
      has knowledge of Mr. Rubinstein's capabilities and work ethic as City
      Manager.   She is a witness to the request by Defendant Hernandez during his
      interview for City Manager, for disclosure of his religious beliefs.   She further
      has knowledge of Mr. Rubinstein's reaction and refusal due to his religious
      conviction to shave off his beard as requested by Defendants McNair and
      Hernandez.

15.   Ivan Welker (Assistant City Manager)
      c/o City of Brownsville
      City Hall
      East 12th Street & Market Square
      P. O. Box 911
      Brownsville, Texas 78520
      (956) 548-6007

      Mr. Welker witnessed repeated retaliatory actions against Mr. Rubinstein by
      Commissioners Richards and Hernandez.   He has further knowledge of the
      negative effects and comments made by Commissioner Richards and

Hernandez relative to his Jewish faith had on Mr. Rubinstein and his family. He has further direct knowledge of his work ethic, demeanor and accomplishments as City Manager. He has first hand knowledge of the inappropriate request by Commissioner Richards to cancel the purchase of the vehicle for EMS. Witness of the negative health effects the undue stress that Mr. Rubinstein was under. Mr. Welker further recommended Dr. Beller to Mr. Rubinstein for back treatment. Witnessed Commissioner McNair's threat to place Mr. Rubinstein on the agenda subject to a vote of no confidence if Mr. Rubinstein did not hold a press conference defending Commissioner Hernandez and McNair against the charges made by BPOA. Recipient of complaints from Tipton Ford staff relative to the inappropriate request by Commissioner Richards to cancel the purchase of the vehicle for EMS.

16.     Sylvia Price (Former City Manager's Executive Secretary)
        1545 Alta Mesa
        Brownsville, Texas 78521
        (956) 546-3463

Ms. Price witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards and Hernandez. She further witnessed the effects that Commissioner Richards' comments of March 30th, 1998 had on Mr. Rubinstein after the call. Knowledge of the negative effects the comments by Commissioner Richards and Hernandez relative to my Jewish faith had on Mr. Rubinstein and his family.. Witnessed, in particular, Commissioner Richards outburst and retaliatory actions against Mr. Rubinstein for simply not being able to park in his designated parking spot. Direct knowledge of his work ethic, demeanor and accomplishments as City Manager. Knowledge of inappropriate communications outside of a public and posted meeting, personal and via e-mail, by and between Commissioners Richards, Hernandez and in particular Commissioner McNair due to her support for Mr. Rubinstein as City Manager. Complained to Mayor Vela about the many retaliatory actions she witnessed and experienced from Commissioners McNair and Richards. Assisted in compiling the date relative Mr. Rubinstein's medical related leave as requested by Commissioner Richards.

17.     Rachel Figueroa (Secretary to the City Manager)
        City Hall
        East 12th Street & Market Square
        P. O. Box 911
        Brownsville, Texas 78520
        (956) 548-6007

Ms. Figueroa witnessed repeated retaliatory actions against Mr. Rubinstein by

Commissioners Richards and Hernandez. She further witnessed the effects that Commissioner Richards' comments of March 30, 1998 had on Mr. Rubinstein immediately after the call. She further has knowledge of the negative effects the comments by Commissioner Richards and Hernandez relative to Mr. Rubinstein's Jewish faith had on him and his family. She further witnessed, in particular, Commissioner Richards outburst and retaliatory actions against Mr. Rubinstein for simply not being able to park in his designated parking spot. She further has knowledge of Mr. Rubinstein's work ethic, demeanor and accomplishments as City Manager. She has further knowledge of inappropriate communications outside of a public and posted meeting, personal and via e-mail, by and between Commissioners Richards, Hernandez and in particular Commissioner McNair and Mayor Vela.

18.     Pete Gonzalez (Finance Director)
        City Hall
        East 12th Street & Market Square
        P. O. Box 911
        Brownsville, Texas  78520
        (956) 548-6007

Mr. Gonzalez witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards and Hernandez. He has direct knowledge of Mr. Rubinstein's work ethic, demeanor and accomplishments as City Manager. He further has knowledge of the negative effects the comments by Commissioner Richards and hernandez relative to Mr. Rubinstein's Jewish faith had on him and his family. Mr. Gonzalez further warned Mr. Rubinstein of Commissioner Richards, Hernandez, and McNair's inappropriate meetings while in New York in early November 1999, which he witnessed, wherein the EMS department, the contemplated cancellation of the EMS vehicle purchase as an excuse to terminate Mr. Rubinstein, were discussed. Later subjected to retaliatory actions for having warned him.

19.     Mr. Lanny Lambert (City Manager)
        City Hall
        East 12th Street & Market Square
        P. O. Box 911
        Brownsville, Texas  78520
        (956) 548-6007

Mr. Lambert is the City Manager of the City of Brownsville, Texas. His anticipated testimony and basis for his opinions include but are not limited to his knowledge, education, and experience of the job of "city manager," its duties, functions, responsibilities, roles, job description, the policies and

9   .

procedures, guidelines, protocols (and the like) regarding and relating to the "city manager" and city government, issues involving the employment, functions, job performance, complaints against, and termination of a city manager, the inappropriateness of retaliatory actions, prejudicial and discriminatory comments/action in this forum, agreements between the City and B.P.O.A., the bid and proposal process for city maintenance and management services, conflicts of interest, the interaction, involvement, delineation of authority with the City Commission, its members, public meetings process and issues, the press, and other issues related to the facts made the basis of this suit.

20.     Paul Calapa (Purchasing Agent)
        c/o City of Brownsville
        City Hall
        East 12th Street & Market Square
        P. O. Box 911
        Brownsville, Texas  78520
        (956) 548-6007

        Mr. Calapa witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards.  He has direct knowledge of his work ethic, demeanor and accomplishments as City Manager.  He has direct knowledge of Commissioner Richards involvement in attempting to cancel outside of a public meeting, the already approved purchase of the vehicle for EMS, to include receiving complaints from staff from Tipton Ford about Commissioner Richards actions, and how these were motivated by Commissioner Richards' desire to **"get the City Manager."**

21.     Ben Reyna (Chief of Police)
        Brownsville Police Department
        600 E. Jackson Street
        Brownsville, Texas  78520
        (956) 548-7000

        Chief Reyna witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards and Hernandez. He has direct knowledge of his work ethic, demeanor and accomplishments as City Manager.  He further has knowledge of the negative effects the comments by Commissioner Richards and Hernandez relative to Mr. Rubinstein's Jewish faith had on him and his family.  Also, recipient of retaliatory actions, particularly from Commissioner Richards.  He further has direct knowledge of Commissioner Richards involvement in attempting to cancel, outside of a public meeting,  the already

approved purchase of the vehicle for EMS. Recipient of written and recorded evidence relative to Commissioner Richards actions and complaints from staff from Tipton Ford which state that the cancellation of the EMS vehicle was contemplated so as to **"get back at the City Manager."** He further has knowledge of facts and evidence obtained and identified by Brownsville Police Department investigators in their investigations of Commissioner Hernandez and Richards relative to alleged illegal activities, as well as actions or inactions by the District Attorney's office in response to this evidence.

22.     Robert H. Lackner (Former Chairman of the PUB)
        2001 Palm Boulevard
        Brownsville, Texas  78520
        (956) 986-0210

Mr. Lackner witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards. He has direct knowledge of his work ethic, demeanor and accomplishments as City Manager. He further has knowledge of the negative effects the comments by Commissioner Richards and Hernandez relative to Mr. Rubinstein's Jewish faith had on him and his family. Mr. Lackner further warned Mr. Rubinstein of Commissioner Richards, Hernandez, and McNair's inappropriate meetings while in New York in early November 1999, which he witnessed, wherein the EMS department, the contemplated cancellation of the EMS vehicle purchase as an excuse to terminate him were discussed. He further witnessed Commissioner Richards statements, while in New York and in the company of Commissioners McNair and Hernandez, as well as other PUB Board members, stating that he (Richards) wold make sure that Mr. Rubinstein was terminated in retaliation for him having complained about Commissioner Richards' insensitive, anti-Semitic statements. Repeatedly subjected to retaliatory actions for supporting me and having warned about what he witnessed in New York.

23.     Efren Fernandez (Human Resources Director)
        City Hall
        East 12th Street & Market Square
        P. O. Box 911
        Brownsville, Texas  78520
        (956) 548-6007

Mr. Fernandez witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards. He has direct knowledge of Mr. Rubinstein's work ethic, demeanor and accomplishments as City Manager. He further has knowledge of the negative effects the comments by Commissioner Richards and Hernandez relative to his Jewish faith had on him and his family. Mr.

Fernandez opined that Mr. Rubinstein should not have been subjected to the harassment and questioning by Commissioner Richards and Hernandez relative to his Jewish faith. He further opined that Commissioner Richards' request for documents relative to medical related leave, to include intrusive requests was inappropriate.

24.   Bill Young (Public Information Officer)
      City Hall
      East 12th Street & Market Square
      P. O. Box 911
      Brownsville, Texas 78520
      (956) 548-6007

      Mr. Young witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards. He further has direct knowledge of his work ethic, demeanor and accomplishments as City Manager. He witnessed negative and derogatory statements made about Mr. Rubinstein, by Commissioners Richards in particular, outside of an official City Commission meeting.

25.   Geoff Warburton (City Attorney)
      City Hall
      East 12th Street & Market Square
      P. O. Box 911
      Brownsville, Texas 78520
      (956) 548-6007

      Mr. Warburton is the City Attorney of the City of Brownsville. He rendered a legal opinion that as City Manager, Mr. Rubinstein was not able to seek administrative relief through a grievance relative to Commissioner Richards and Hernandez' questioning of his religious beliefs and sensibility. He further opined that Commissioner Richards and Hernandez had not gone far enough in questioning Mr. Rubinstein's religious beliefs and sensibilities for the same to constitute harassment. He further opined that Commissioner Hernandez' involvement with the City of Brownsville relative to his towing service was not a conflict of interest. Additionally, Mr. Warburton has knowledge of the 4x4 vehicle incident involving Tipton Ford.

26.   Blanca Sanchez Vela (Mayor)
      City Hall
      East 12th Street & Market Square
      P. O. Box 911
      Brownsville, Texas 78520
      (956) 548-6007

Mayor Vela witnessed repeated retaliatory actions against Mr. Rubinstein by Commissioners Richards. He has direct knowledge of his work ethic, demeanor and accomplishments as City Manager. He further witnessed negative and derogatory statements made about Mr. Rubinstein by Commissioner Richards, in particular, outside of an official City Commission Meeting. She is further a witness of Commissioner Richards unwillingness to participate in the development of guidance documents and evaluation of the Carlos Rubinstein as City Manager. Recipient of harsh comments from Commissioner Richards for her (Mayor Vela) having promoted and championed a pay increase for the City Manager. Recipient of complaints from Sylvia Price relative to the actions of Commissioners McNair, Hernandez, and Richards.

27.    Jim Tipton
       Ray Reinhart
       Tipton Ford
       3840 North Expressway
       Brownsville, Texas  78521
       (956) 350-5600

Mr. Tipton and Mr. Reinhart have knowledge of Commissioner Richards and Hernandez' actions requesting the cancellation of an already approved purchase of a vehicle for EMS and the replacement of the same with a previously not bid 15 passenger van. Mr. Reinhart in particular - knowledge that Richards was pursuing this action to **"get the City Manager."**

28.    Michael Putegnat
       1628 Westminster
       Brownsville, Texas  78521
       (956) 546-5855

Mr. Putegnat has knowledge of repeated retaliatory actions against Mr. Rubinstein by Commissioner Richards. He further has direct knowledge of Mr. Rubinstein's work ethic, demeanor and accomplishments as City Manager. He further witnessed negative and derogatory statements made about Mr. Rubinstein, by Commissioner Richards in particular outside of an official City Commission Meeting. Also, subjected to derogatory comments from Commissioner Richards. He has further knowledge of the actions witnessed by Robert Lackner while in New York with Commissioners Richards, Hernandez, and McNair. He further has knowledge of the negative effects and comments made by Commissioners Richards and Hernandez relative to Mr. Rubinstein's Jewish faith had on him and his family.

29.     Larry Brown (Director of Planning and Community Development)
        City Hall
        East 12th Street & Market Square
        P. O. Box 911
        Brownsville, Texas 78520
        (956) 548-6007

        Mr. Brown has knowledge and/or witnessed repeated retaliatory actions
        against Mr. Rubinstein by Commissioners Richards and Hernandez. He has
        direct knowledge of his work ethic, demeanor and accomplishments as City
        Manager. He further has knowledge of the negative effects and comments
        made by Commissioners Richards and Hernandez relative to Mr. Rubinstein's
        Jewish faith had on him and his family.

30.     Carlos Ayala, Jr. (Public Works Director)
        700 Jose Colunga
        Brownsville, Texas 78521
        (956) 542-7511

        Mr. Ayala has knowledge and/or witnessed repeated retaliatory actions against
        Mr. Rubinstein by Commissioners Richards and Hernandez. He has direct
        knowledge of his work ethic, demeanor and accomplishments as City Manager.
        He further has knowledge of the negative effects and comments made by
        Commissioners Richards and Hernandez relative to Mr. Rubinstein's Jewish
        faith had on him and his family.

31.     Daniel Weber (Airport Director)
        Airport Department
        700 South Minnesota
        Brownsville, Texas 78521
        (956) 542-4373

        Mr. Weber has knowledge and/or witnessed repeated retaliatory actions
        against Mr. Rubinstein by Commissioners Richards and Hernandez. He has
        direct knowledge of his work ethic, demeanor and accomplishments as City
        Manager. He further has knowledge of the negative effects and comments
        made by Commissioners Richards and Hernandez relative to Mr. Rubinstein's
        Jewish faith had on him and his family. Mr. Weber is a recipient of comments
        from Commissioner Hernandez on December 1, 1999 promising to get even
        with Mr. Rubinstein within one week.

14

32.     Art Rodriguez (Former Director of Health and E.M.S.)
        954 E. Madison Street
        Brownsville, Texas  78520
        (956) 541-9491

        Mr. Rodriguez has knowledge of and/or witnessed repeated retaliatory actions
        against Mr. Rubinstein by Defendants Richards and Hernandez.  He also has
        direct   knowledge   of   Mr.   Rubinstein's   work   ethic,   demeanor   and
        accomplishments as City Manager.  He further has knowledge of the negative
        effects and comments made by Defendants Richards and Hernandez relative to
        Mr. Rubinstein's Jewish faith had on Mr. Rubinstein and his family.

33.     Employees, agents, servants, representatives, and/or custodian of records for
        City of Brownsville
        City Hall
        East 12th Street & Market Square
        P. O. Box 911
        Brownsville, Texas  78520
        (956) 548-6007

        These individuals (whose identity are not known at this time) have knowledge
        as to the authenticity of any documents and/or items, such as letters,
        memorandums, e-mails furnished to Plaintiff's counsel and/or Mr. Rubinstein in
        regard to Mr. Rubinstein, and his employment at the City of Brownsville.

34.     Employees, agents, servants, representatives, and custodian of records for
        Brownsville Herald
        (i.e. George Cox, Julia Lopez or Fabiola Gutierrez)
        1135 E. Van Buren
        Brownsville, Texas  78520
        (956) 542-4301

        These individuals have knowledge as to the authenticity of any newspaper
        articles, documents, and/or items furnished to Plaintiff's counsel and/or Mr.
        Rubinstein in regard to Mr. Rubinstein.

35.     Employees, agents, servants, representatives, and custodian of records for City
        of Brownsville Police Department
        (i.e. Robert Avita or any other custodian of records)
        600 E. Jackson Street
        Brownsville, Texas  78520
        (956) 548-7000

These individuals have knowledge as to the authenticity of any documents, statements, and/or items furnished to Plaintiff's counsel and/or Mr. Rubinstein in regard to Mr. Rubinstein.

36. Employees, agents, servants, representatives, and custodian of records for Brownsville Police Officers Association - "B.P.O.A."
600 E. Jackson Street
Brownsville, Texas 78520
(956) 548-7000

These individuals have knowledge as to the authenticity of any documents and/or items furnished to Plaintiff's counsel and/or Mr. Rubinstein in regard to Mr. Rubinstein.

37. Employees, agents, servants, representatives, and custodian of records for Texas Municipal League
2004 West Jefferson, Building "C"
Harlingen, Texas 78550
(956) 412-1919

These individuals have knowledge as to the authenticity of any documents and/or items furnished to Plaintiff's counsel and/or Mr. Rubinstein in regard to Mr. Rubinstein.

38. Employees, agents, servants, representatives, and custodian of records for Ryder/MLS Brownsville
700 Jose Colunga Jr. Street
Brownsville, Texas 78521
(956) 541-1314; (956) 541-1927; or (956) 542-7542

These individuals have knowledge as to the authenticity of any and all documents, items, and/or contracts, including, but not limited to the CONTRACT FOR MUNICIPAL AND TRANSIT FLEET MANAGEMENT AND MAINTENANCE SERVICES BETWEEN CITY OF BROWNSVILLE AND RYDER/MLS (09/16/97) furnished to Plaintiff's counsel and/or Mr. Rubinstein.

39. Employees, agents, servants, representatives, and custodian of records for Ernie's Wrecker Services/Express Towing
205 Paredes Line Road
Brownsville, Texas 78521
(956) 546-1722

16

These individuals have knowledge as to the authenticity of any documents and/or items furnished to Plaintiff's counsel and/or Mr. Rubinstein in regard to any towing records.

40.     Mary Valdez - Doherty
        9 Poinsettia Place
        Brownsville, Texas 78520
        (Telephone No. Unavailable)

Ms. Valdez-Doherty has knowledge of the subject matter made the basis of this lawsuit, including, but not limited to the events or course of events which took place and led to the termination of Mr. Rubinstein as City Manager of the City of Brownsville on January 6, 2000.

41.     Noe Hinojosa (City Financial Advisor)
        c/o **ESTRADA & HINOJOSA**
        (Address unknown)
        Dallas, Texas
        (Telephone No. Unavailable)

Ms. Hinojosa has knowledge of the subject matter made the basis of this lawsuit, including, but not limited to the events or course of events which took place and led to the termination of Mr. Rubinstein as City Manager of the City of Brownsville on January 6, 2000.

42.     Carlos Barrera
        c/o **LONG, CHILTON, PAYTE & HARDIN, INC.**
        745 East St. Charles
        Brownsville, Texas 78520
        (956) 546-1655

Mr. Barrera has knowledge of the subject matter made the basis of this lawsuit, including, but not limited to the events or course of events which took place and led to the termination of Mr. Rubinstein as City Manager of the City of Brownsville on January 6, 2000.

43.     Employees, agents, servants, and/or representatives of City of Brownsville Municipal Court
        600 East Jackson Street
        Brownsville, Texas 78520
        (956) 548-7181

These individuals have knowledge as to the authenticity of any documents and/or items furnished to Plaintiff's counsel and/or Mr. Rubinstein in regard to Mr. Rubinstein.

44.    Gay Greenspan
c/o Temple Beth-El
24 Coveway Drive
Brownsville, Texas 78521
(956) 542-5263

Mr. Greenspan has knowledge of the subject matter made the basis of this lawsuit, including, but not limited to the events or course of events which took place and led to the termination of Mr. Rubinstein as City Manager of the City of Brownsville on January 6, 2000.

45.    Employees, agents, servants, and/or representatives of the City of Brownsville Fire Department (Union)
1010 East Adams
Brownsville, Texas 78520
(956) 546-3195

They have knowledge of the subject matter made the basis of this lawsuit, including, but not limited to the events or course of events which took place and led to the termination of Mr. Rubinstein as City Manager of the City of Brownsville on January 6, 2000.

46.    Detective Roman Piñeda, III
c/o Brownsville Police Department
600 E. Jackson Street
Brownsville, Texas 78520
(956) 548-6007

Detective Piñeda has knowledge of an is expected to testify as to contents of the statements given by Mr. Rubinstein to the Brownsville Police Department on December 28, 1999. Detective Piñeda gathered the information and/or facts from Mr. Rubinstein in regard to Commissioner Ernie Hernandez, the 4x4 SUV, and Ernie's Wrecker Service and/or Express Towing, and composed them into an Affidavit form for Mr. Rubinstein to execute. Additionally, Detective Piñeda has knowledge of and is expected to testify as to the contents of any and all conversations between him and Mr. Rubinstein regarding the subject matter of the statements taken on December 28, 1999.

47.   Employees, servants, agents, and/or representatives of the City of Brownsville
      Purchasing Department
      12th & Market Square
      Brownsville, Texas 78520
      (956) 548-6087

      They have knowledge of the subject matter made the basis of this lawsuit,
      including, but not limited to the events or course of events which took place
      and led to the termination of Mr. Rubinstein as City Manager of the City of
      Brownsville on January 6, 2000.

48.   Employees, servants, agents, and/or representatives of the City of Brownsville
      Finance Department
      12th & Market Square
      Brownsville, Texas 78520
      (956) 548-6020

      They have knowledge of the subject matter made the basis of this lawsuit,
      including, but not limited to the events or course of events which took place
      and led to the termination of Mr. Rubinstein as City Manager of the City of
      Brownsville on January 6, 2000.

49.   Employees, servants, agents, and/or representatives of the City of Brownsville
      Human Resources Department
      12th & Market Square
      Brownsville, Texas 78520
      (956) 548-6037

      They have knowledge of the subject matter made the basis of this lawsuit,
      including, but not limited to the events or course of events which took place
      and led to the termination of Mr. Rubinstein as City Manager of the City of
      Brownsville on January 6, 2000.

50.   Nicky Arias (Investigator)
      c/o Cameron County District Attorney's Office
      974 East Harrison Street
      Brownsville, Texas 78520
      (956) 504-0066

      Ms. Arias has knowledge of the contents of any and all conversations between
      her and Mr. Rubinstein in regard to his complaints about illegal conduct on the
      part of Defendants Richards and Hernandez.

51.   Jerry Hedgecock
      c/o City Library
      2600 Central Boulevard
      Brownsville, Texas 78520
      (956) 548-1055

      Mr. Hedgecock is employed by the Library Department of the city of
      Brownsville. He has knowledge of and is expected to testify as to the contents
      of an E-Mail he sent to Mr. Rubinstein on December 14, 1999. He also has
      knowledge of and is expected to testify as to the contents of an E-Mail he
      received from Mr. Rubinstein on December 15, 1999. Additionally, Mr.
      Hedgecock has knowledge of the substance of any and all conversations which
      he had or may have had with Mr. Rubinstein in regard to the subject matter of
      this lawsuit.

52.   Melissa Dennany-Morales (Former City Secretary)
      City Hall
      East 12th Street & Market Square
      P. O. Box 911
      Brownsville, Texas 78520
      (956) 548-6007

      She has knowledge of the subject matter made the basis of this lawsuit,
      including, but not limited to the events or course of events which took place
      and led to the termination of Mr. Rubinstein as City Manager of the City of
      Brownsville on January 6, 2000.

53.   Mr. Edwin L. McAninch
      **LAW OFFICES OF
      EDWIN L. MCANINCH, P.C.**
      507 Fall River Road
      Houston, Texas 77024-5613
      Telephone No. (713) 461-8619

      Mr. McAninch is a licensed attorney. He has knowledge of the legal work that
      has been performed on behalf of **CARLOS RUBINSTEIN** and the time
      expended to complete said work. He has further knowledge of the attorney's
      fees which **CARLOS RUBINSTEIN** has incurred and will continue to incur
      in the litigation of this case. He is familiar with the hourly rate which is
      customarily charged in these types of cases in this area, and is expected to
      testify that the attorney's fees that **MR. RUBINSTEIN** has incurred are
      reasonable and customarily.

20

54.   Mr. Thomas G. Sharpe, Jr.
      Attorney at Law
      107 E. Price Road
      P. O. Box 4648
      Brownsville, Texas  78523
      Telephone No. (956) 546-3783

      Mr. Sharpe is a licensed attorney.  He has knowledge of the legal work that has
      been performed on behalf of **CARLOS RUBINSTEIN** and the time expended
      to complete said work.  He has further knowledge of the attorney's fees which
      **CARLOS RUBINSTEIN** has incurred and will continue to incur in the
      litigation of this case.  He is familiar with the hourly rate which is customarily
      charged in these types of cases in this area, and is expected to testify that the
      attorney's fees that **MR. RUBINSTEIN** has incurred are reasonable and
      customarily.

55.   Dr. Thomas Mayor (Economist)
      5555 Del Monte, Suite 1306
      Houston, Texas  77056
      (713) 552-1522

      Dr. Mayor is an economist.  HE is anticipated to testify regarding the economic
      and/or monetary damages suffered by Mr. Rubinstein and which in all
      probability, he will suffer in the future, including but not limited to damages,
      calculations of lost earnings, projections and calculations of lost earning
      capacity, loss of pecuniary support and contributions, exemplary damages, pre-
      judgment and post-judgment interest, and other economic issues and elements
      of damages, present value for past and future lost earning capacity.  The basis
      for his opinions includes U.S. Life Tables, economic data, income tax returns,
      wage information, interviews, or may be found in the depositions taken in this
      case, the exhibits attached to the depositions, expert reports, and other
      documents produced in this case.

(B)   a copy of, or a description by category and location of, all documents, data
      compilations, and tangible things in the possession, custody, or control of the party that
      are relevant to disputed facts alleged with particularity in the pleadings (subject to
      supplementation);

**RESPONSE:**

The following documents and/or items are relevant to the subject matter of this lawsuit (in no particular order):

(1)     Letter (12/04/01) from J.G. Warburton to Ernie Hernandez (Re: Wrecker Rotation List)

(2)     Letter (12/29/95) from Ernesto Gamez, Jr. to J. Geoff Warburton (Re: Wrecker Rotation Ordinance)

(3)     Letter (11/27/95) from J.G. Warburton to Mayor Henry Gonzalez (Re: Conflict of Interest)

(4)     Letter (03/30/98) from Carlos Rubinstein to Mayor Henry Gonzalez (Re: Commissioner Richards' comments)

(5)     Memorandum (05/08/98) from Gary T. Bertrand to Commander Randy Dunn (Re: Preferred Vehicle Towing Services)

(6)     Memorandum (06/08/98) from Commander Carlos Garcia to Commander Charlie Cabler, et. al. (Re: Preferred Vehicle Towing Services)

(7)     Letter (08/03/98) from J.G. Warburton to Carlos Rubinstein (Re: Vending Machines)

(8)     Inter-Departmental Memorandum (08/04/98) from Carlos Rubinstein to Mayor Henry Gonzalez (Re: R.A.H.C.)

(9)     Inter-Departmental Memorandum (08/04/98) from Carlos Rubinstein to Carlos Ayala (Re: Commendation)

(10)    Press Briefing (08/04/98)

(11)    Memorandum (08/07/98) from Ryder/MLS to Brownsville Police Department (Re: Reminder for wrecker service preference)

(12)    Memorandum (09/09/98) from Bud Richards to Ernie Hernandez (Re: Comments made by Richards)

(13)    Letter (09/09/98) from Ernie Hernandez to Carlos Rubinstein (Re: Mayor Gonzalez' comments)

(14)   Memorandum (09/16/98) from Carlos Rubinstein to Ben Reyna (Re: Commissioner Hernandez' Wrecker Services for Ryder MLS)

(15)   Letter (09/24/98) from J.G. Warburton to Mayor Henry Gonzalez (Re: Religious Beliefs)

(16)   Letter (09/24/98) from J.G. Warburton to Commissioner John Wood (Re: Grievance by the City Manager dated September 17, 1998)

(17)   Letter (09/17/98) from Carlos Rubinstein to Mayor Henry Gonzalez, et. al. (Re: Grievance)

(18)   Letter (09/24/98) from Commissioner John Wood to Ernesto Gamez, Jr. (Re: Response from J.G. Warburton)

(19)   Letter (10/16/98) from Joseph Graham to Commissioner John Wood (Re: Response to Questions submitted by Ernesto Gamez, Jr.)

(20)   Memorandum (02/18/99) from Pete Gonzalez to Commissioner John Wood (Re: IRS definition of an Employee)

(21)   Inter-Departmental Memorandum (04/22/99) from Robert Esparza to Carlos Rubinstein (Re: Wrecker Service Fees)

(22)   E-Mail (08/01/99) from Bud Richards to Carlos Rubinstein (Re: City Manager Health Related Time Off Job)

(23)   E-Mail (08/02/99) from Carlos Rubinstein to Bud Richards (Re: City Manager Health Related Time Off Job)

(24)   E-Mail (08/02/99) from Carlos Rubinstein to Bud Richards (Re: Leave Utilization)

(25)   E-Mail (08/20/99) from Bud Richards to Carlos Rubinstein (Re: Attendance and absence report of City Manager)

(26)   Memorandum (08/20/99) from Carlos Rubinstein to Mayor Blanca Vela (Re: E-Mail from Commissioner Richards)

(27)   E-Mail (08/20/99) from Bud Richards to Carlos Rubinstein (Re: Information about City employees)

(28)   Memorandum (08/23/99) from Carlos Rubinstein to Mayor Blanca Vela (Re:

Bud Richards' E-Mails)

(29)   Letter (09/08/99) from Bud Richards to Carlos Rubinstein (Re:   Mr. Rubinstein's attendance record)

(30)   E-Mail (11/08/99) from Ivan Welker to Carlos Rubinstein (Re: Draft of Memorandum regarding 4x4 Vehicle:  EMS First Response/Emergencies)

(31)   E-Mail (11/08/99) from Carlos Rubinstein to Ivan Welker (Re:   Suggested Changes to Proposed Draft of Memorandum regarding 4x4 vehicle:  EMS First Response/Emergencies)

(32)   Inter-Departmental Memorandum (11/09/99) from Ivan Welker to Bud Richards (Re:  4x4 Vehicle:  EMS First Response/Emergencies)

(33)   Draft of Letter (11/19/99) from Carlos Rubinstein to Jim Tipton (Re:  Bid on 4x4 vehicle)

(34)   E-Mail (11/19/99) from Carlos Rubinstein to Ben Reyna (Re:   11/23/99 Agenda)

(35)   Memorandum (11/24/99) from Paul J. Calapa to Carlos Rubinstein (Re: Cancellation of Ford Expedition from Tipton Motors)

(36)   Memorandum (11/29/99) from Paul J. Calapa to Carlos Rubinstein (Re: Memo from Tipton Motors, Expedition Procurement)

(37)   Memorandum (11/30/99) from Carlos Rubinstein to Mayor Vela and Members of the City Commission (Re:  Agenda Item #13)

(38)   Notes (11/30/99) from Carlos Rubinstein (Re:  City Commission Meeting)

(39)   E-Mail (12/01/99) from Dan Weber to Carlos Rubinstein (Re:  St. Louis TWA trip)

(40)   E-Mail (12/01/99) from Carlos Rubinstein to Mayor Vela and Commissioner (Re:  TWA)

(41)   Letter (12/03/99) from Carlos Rubinstein to Mayor Blanca Vela, et. al. (Re: Request for Resignation)

(42)   Letter (12/06/99) from Mayor Blanca S. Vela to Carlos Rubinstein (Re: Response to 12/03/99 Letter)

(43)   Memorandum (12/07/99) from Carlos Rubinstein to Mayor Blanca Vela (Re: Response to 12/06/99 letter)

(44)   E-Mail (12/14/99) from Jerry Hedgecock to Carlos Rubinstein (Re: Atonic Bowel)

(45)   E-Mail (12/15/99) from Carlos Rubinstein to Jerry Hedgecock (Re: Atonic Bowel)

(46)   Statement (12/28/99) from Carlos Rubinstein

(47)   Statement (12/28/99) from Carlos Rubinstein

(48)   Statement (12/28/99) from Carlos Rubinstein

(49)   Letter (01/04/00) from Carlos Rubinstein to Mayor Blanca S. Vela (Re: 12/06/99 letter)

(50)   Charge of Discrimination (09/29/00)

(51)   Contract for Municipal and Transit Fleet Management and Maintenance Services Between City of Brownsville and Ryder/MLS (09/16/97)

(52)   Notice of Public Meeting of the City Commission of the City of Brownsville (05/12/98)

(53)   Notice of Public Meeting of the City Commission of the City of Brownsville (10/05/98)

(54)   Notice of Public Meeting of the City Commission of the City of Brownsville (09/21/99)

(55)   Notice of Public Meeting of the City Commission of the City of Brownsville (12/07/99)

(56)   Notice of Public Meeting of the City Commission of the City of Brownsville (01/04/00)

(57)   Memorandums (August 1998)

(58)   Memorandums (July 1998)

(59)   Memorandums (September 1998)

(60)   Personnel Policies of the City of Brownsville, Texas (06/13/78)

(61)   Articles of Agreement between the City of Brownsville, Texas and Brownsville Police Officers' Association Charter No. 290577 (1996-1999)

(62)   Ryder/MLS Proposal (Maintenance and Management Services for Municipal and Transit Fleet)

(**NOTE:** These said documents and/or items will be made available for copying and/or inspection at Plaintiff's counsel's office. Please contact Plaintiff's counsel to coordinate a mutually convenient date and time for inspection).

(C)   a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

**RESPONSE:**

See the attached copy of Dr. Thomas Mayor's report on the total economic damages.

(D)   for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

Not applicable.

Respectfully submitted,

**LAW OFFICES OF**
**EDWIN L. MCANINCH, P.C.**


BY: *Ed McAninch*

        EDWIN L. MCANINCH
        State Bar No. 13325050
        Federal Id. No. 4892
        507 Fall River Road
        Houston, Texas  77024-5613
        Telephone No. (713) 461-8619
        Facsimile No. (713) 827-8920

**ATTORNEYS FOR PLAINTIFF,**
**CARLOS RUBINSTEIN**


## CERTIFICATE OF SERVICE

I, **EDWIN L. MCANINCH**, hereby certify that on this _30_ day of November, 2001, a true and correct copy of the above foregoing **Plaintiff's First Supplemental Disclosures** was served Via Certified Mail Return Receipt Requested in accordance with the Texas Rules of Civil Procedure to Hon. Ricardo J. Navarro, Bank of America Building, 222 E. Van Buren, Suite 405, Harlingen, Texas, 78550.

*Ed McAninch*
**EDWIN L. MCANINCH**